UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Raul SIANCAS individually and on behalf of all others similarly situated,

                                      Plaintiffs,

       -against-                             No. 14-cv-6151 (JS)(SIL)

Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Leasing, Inc., Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, Rallye Westbury, LLC, and Exclusive Detailing, Inc.

                                      Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE CERTAIN AFFIRMATIVE DEFENSES OF THE RALLYE DEFENDANTS PURSUANT TO FED. R. CIV. P. 12(f)**

STEVEN J. MOSER, P.C.
Steven John Moser (SM1133)
3 School Street, Suite 207B
Glen Cove, New York 11542
Telephone (516) 671-1150
Fax: (516) 882-5420

*Attorneys for Plaintiffs*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 3

PROCEDURAL BACKGROUND................................................................................................ 3

1. THE COURT MAY STRIKE DEFENSES THAT ARE INSUFFICIENT AS A MATTER OF LAW, OR DO NOT QUALIFY AS "AFFIRMATIVE DEFENSES." ...... 3

2. THE RALLYE DEFENDANTS' 7TH DEFENSE IS NOT AN "AFFIRMATIVE DEFENSE." ................................................................................................................... 4

3. THE RALLYE DEFENDANTS' 2ND, 3RD, 4TH, 5TH, 8TH, 20TH AND 21ST DEFENSES FAIL AS A MATTER OF LAW ........................................................................................ 5

    1.1. "Laches" (2nd Defense) is Not Available in This Case Because the FLSA and the New York Labor Law Contain a Statute of Limitations............................ 5

    1.2. Plaintiffs Cannot Waive Rights Under The FLSA or NYLL (3rd and 20th Defenses). .................................................................................................... 6

    1.3. Estoppel (4th Defense) is Inapplicable to FLSA Claims.................................. 6

    1.4. "Unclean Hands" (5th Defense) is an Equitable Defense and Therefore Immaterial to this Case. .................................................................................. 7

    1.5. "Proximate Cause" (8th Defense) is Inapplicable to Claims for Overtime under the FLSA and the NYLL. .................................................................... 7

    1.6. Plaintiffs Have No Duty To Mitigate Damages Under the FLSA (21st Defense)............................................................................................................. 8

CONCLUSION............................................................................................................................... 9

**PRELIMINARY STATEMENT**

Plaintiff submits this memorandum of law in support of his motion for an order striking certain affirmative defenses raised by the Defendants Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Leasing, Inc., Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, and Rallye Westbury, LLC ("Rallye Defendants"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.  Specifically, the Plaintiff requests that the Rallye Defendants' 2nd, 3rd, 4th, 5th, 7th, 8th, 20th, and 21st Affirmative Defenses be stricken.

**PROCEDURAL BACKGROUND**

On October 21, 2014 Plaintiff filed this action to remedy violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 et seq. and the New York Labor Law Article 19, §§ 650 et seq.  ECF Doc. 1; a copy of the Complaint is annexed as Exhibit 1 to the Declaration of James Fenton in Support of this Motion to Strike.  On February 5, 2015 the Rallye Defendants filed their answer to the complaint.  ECF Doc. 43; a copy of Answer is annexed as Exhibit 2 to the Fenton Declaration.  Included in Rallye Defendants' answer were certain affirmative defenses which should be stricken under Rule 12(f) of the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff now moves to strike such defenses.

**ARGUMENT**

1. **The Court May Strike Defenses that are Insufficient as a Matter of Law, or Do Not Qualify as "Affirmative Defenses."**

Fed. R. Civ. P. 12(f) states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." This Court, and courts in this circuit have held that a defense should be stricken, "where the defense is clearly insufficient as a matter of law," *Resolution Trust Corp. v. Gregor*, 1995 U.S. Dist. LEXIS 22032,

3

2, 1995 WL 931093 (E.D.N.Y. Sept. 29, 1995), or where defenses, "do not qualify as affirmative defenses." *Hallmark v. Cohen & Slamowitz*, LLP, 2014 U.S. Dist. LEXIS 67985, 13 (W.D.N.Y. May 16, 2014). Further, "[i]ncreased time and expense of trial may constitute sufficient prejudice to warrant striking an affirmative defense*.*" *McCaffery v. McCaffery*, 2012 U.S. Dist. LEXIS 111651, 17, 2012 WL 3260299 (E.D.N.Y. Aug. 8, 2012) (*quoting Coach, Inc. v. Kmart Corps.*, 756 F. Supp. 2d 421, 2010 WL 4720325, at *2 (S.D.N.Y. 2010)). "The Court evaluates the sufficiency of the defense based solely upon the face of the pleading." *FTC v. Instant Response Sys., LLC*, 2014 U.S. Dist. LEXIS 17148, 4, 2014-1 Trade Cas. (CCH) P78,682 (E.D.N.Y. Feb. 11, 2014)

**2.  The Rallye Defendants' 7th Defense Is Not An "Affirmative Defense."**

"An affirmative defense is defined as a defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). In *Hallmark*, the Defendants asserted affirmative defenses denying that they violated the FDCPA. The court Observed:

> Should Defendants ultimately prove any or all of these defenses as to any of Plaintiffs' claims, it would necessarily follow that Plaintiffs would be unable to prove such claims, thereby establishing these defenses are not affirmative defenses…Accordingly, these defenses do not qualify as affirmative defenses and should be stricken.

*Hallmark v. Cohen & Slamowitz, LLP*, 2014 U.S. Dist. LEXIS at 12-13.

The Rallye Defendants' 7th, 16th and 17th defenses (Exhibit 2, pages 11-13) are not "affirmative defenses," but instead "seek to negate Plaintiffs' claims, rather than seek to preclude liability should Plaintiffs prove all elements of their claims." *Hallmark* at 12.

The 7th defense is as follows:

<u>SEVENTH DEFENSE</u>

```
    114. Plaintiff and/or the putative class members were
not employees of the Rallye Defendants.¹
```

If all of the allegations in the complaint are proven as true, then each of this "defense" would fail.  Indeed proving employment is a necessary element of an FLSA claim.  Therefore, it follows that the 7th defense cannot be an "affirmative defense", and should be stricken.

3. **The Rallye Defendants' 2nd, 3rd, 4th, 5th, 8th, 20th and 21st Defenses Fail as a Matter of Law**

"Where a defense is insufficient as a matter of law, the defense should be stricken to eliminate the delay and unnecessary expense from litigating the invalid claim." *Fed. Deposit Ins. Corp. v. Eckert Seamans Cherin & Mellott*, 754 F. Supp. 22, 23 (E.D.N.Y. 1990) (finding the extra costs and delay in bringing the case to trial sufficient reason to strike a defense).

> **1.1.** **"Laches" (2nd Defense) is Not Available in This Case Because the FLSA and the New York Labor Law Contain a Statute of Limitations.**

The Rallye Defendants' 2nd defense (Exhibit 2, page 10), is as follows:

<u>SECOND DEFENSE</u>

```
    109.  The Complaint is barred, in whole or in part, by
the equitable doctrine of laches and/or acquiescence.
```

The doctrine of laches is inapplicable to a statutory claim for relief where the statute contains a statute of limitations. *Ivani Contracting Corp. v. City of New York*, 103 F.3d 257, 259 (2d Cir. 1997). Because the Fair Labor Standards Act and the New York Labor Law both contain a statute of limitations, the laches defense is unavailable to a FLSA defendant as a matter of law. *Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 276,289 (E.D.N.Y. 2007); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 464 (S.D.N.Y. 2008).

---

¹ For ease of reading, when quoting the Rallye Defendants' Answer verbatim, courier font is used.

**1.2. Plaintiffs Cannot Waive Rights Under The FLSA or NYLL (3rd and 20th Defenses).**

The Rallye Defendants' 3rd defense (Exhibit 2, page 10), as well as its 20th defense (Exhibit 2, page 13), are as follows:

<pre>
                    THIRD DEFENSE

    110. The Complaint is barred, in whole or in part, by
the equitable doctrine of waiver.

                   TWENTIETH DEFENSE

    127. The claims of Plaintiff and/or the putative class
members are barred in whole or in part because Plaintiff
and/or the putative class members consented to the pay
system that is the subject of the Complaint.
</pre>

However as a matter of law, a Plaintiff's rights under the FLSA are not waivable. *Barentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 744, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981); *see also Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 464 (S.D.N.Y.). "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barentine* at 740 (*citing Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707 (1945)).

In *Cava v. Tranquility Salon & Day Spa, Inc.,* 2014 U.S. Dist. LEXIS 21411, *14 this Court struck an affirmative defense relating to a prior contractual relationship between the parties, finding that any prior contract could not, "bar Plaintiff's claim that Defendants failed to pay her statutorily required minimums." Similarly, in this case, any acceptance of payment or other contractual relationship between the Plaintiff and Defendant cannot serve to bar the Plaintiff's claim. Therefore this defense fails as a matter of law and should be stricken.

**1.3. Estoppel (4th Defense) is Inapplicable to FLSA Claims.**

Rallye Defendants 4th defense (Exhibit 2, page 10), is as follows:

<pre>
                    FOURTH DEFENSE

     111. The Complaint is barred, in whole or in part, by
the doctrine of res judicata and the equitable doctrine of
estoppel.
</pre>

However, the Second Circuit has deemed the doctrine of estoppel inconsistent with the language and policy of the FLSA. *Torres*, at 464 (*citing Caserta v. Home Lines Agency, Inc.*, 273 F.2d 943,946 (2d Cir. 1959)).

### 1.4. "Unclean Hands" (5th Defense) is an Equitable Defense and Therefore Immaterial to this Case.

The Rallye Defendants' 5th defense (Exhibit 2, pages 10-11), is based upon the doctrine of unclean hands:

<pre>
                    FIFTH DEFENSE

     112. The Rallye Defendants allege that some or all of
the claims asserted in the Complaint may be barred by the
equitable doctrine of unclean hands and/or after-acquired
Case  evidence, or in the alternative these doctrines cut
off or reduce Plaintiff's and/or the putative class
members' damages.
</pre>

This defense also fails as a matter of law. "It is black-letter law that unclean hands is an equitable defense. As such, it can only be asserted with respect to equitable – not legal – claims." *Uto v. Job Site Servs., Inc.*, 269 F.R.D. 209, 213 (E.D.N.Y. 2010) (internal quotations and citations omitted). This defense is therefore immaterial to a claim for unpaid overtime under the FLSA and the NYLL and should be stricken.

### 1.5. "Proximate Cause" (8th Defense) is Inapplicable to Claims for Overtime under the FLSA and the NYLL.

The Rallye Defendants' 8th defense (Exhibit 2, page 11) states that "the Rallye Defendants have not proximately caused any of the damages alleged in the Complaint." Plaintiff

cannot find any case law in which proximate cause is considered relevant to an overtime claim under the FLSA or the NYLL.  Therefore, this defense should be stricken.

### 1.6. Plaintiffs Have No Duty To Mitigate Damages Under the FLSA (21st Defense).

The Rallye Defendants' 21st defense (Exhibit 2, page14) is as follows:

<u>TWENTY-FIRST DEFENSE</u>

```
128. Plaintiff and the putative class members have
failed, refused, and/or neglected to mitigate or avoid the
damages complained of in the Complaint, if any.
```

However, an employee has no duty to mitigate overtime damages.

Courts have found that as a matter of law "there is no requirement to mitigate overtime wages under the FLSA. *King v. ITT Educ. Servs., Inc.*, No. 3:09-cv-848, 2009 U.S. Dist. LEXIS 99725, 2009 WL 3583881, at *3 (M.D. Fla. Oct. 27, 2009); *see also Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CV, 2009 U.S. Dist. LEXIS 72734, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA, nor a duty to provide notice as to any alleged unlawful practice); *Lopez v. Autoserve LLC*, No. 5 C 3554, 2005 U.S. Dist. LEXIS 29161, 2005 WL 3116053,at *2 (N.D. Ill. Nov. 17, 2005) (granting a motion to strike mitigation-of-damages affirmative defense because there is no duty to mitigate damages under the FLSA); *Perez-Nunez v. North Broward Hosp. Dist.,* No. 008-61583-CIV, 2009 U.S. Dist. LEXIS 25557, 2009 WL 723873, at *2 (S.D. Fla. Mar. 13, 2009) (granting motion to strike the mitigation-of-damages affirmative defense and holding that a duty-to-mitigate-damages defense based on the plaintiff's failure to timely disclose alleged violations to her employer so that the terms of her employment could be corrected failed as a matter of law under the FLSA).

*Tran v. Thai*, 2010 U.S. Dist. LEXIS 133130, 22-23, 2010 WL 5232944 (S.D. Tex. Dec. 16, 2010).

This Court has held mitigation defenses, "wholly immaterial" in the context of an action for overtime under the FLSA, and has stated that they "suggest a duty that is not applicable to Plaintiff." *Cava v. Tranquility Salon & Day Spa, Inc.,* 2014 U.S. Dist. LEXIS 21411, *14. Because the plaintiffs in this case were under no duty to mitigate overtime damages, the defense fails as a matter of law.

8

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests an order striking the Rallye Defendants' 2nd, 3rd, 4th, 5th, 7th, 8th, 20th, and 21st Affirmative Defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

Dated: February 25, 2015
       Glen Cove, New York

                        **STEVEN J. MOSER, P.C.**

                        By:   /s/ Steven John Moser
                        Steven John Moser (SM1133)
                        3 School Street, Suite 207B
                        Glen Cove, New York 11542
                        Telephone (516) 671-1150
                        Fax: (516) 882-5420