**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RAUL SIANCAS, individually and on behalf of
all others similarly situated,

                         Plaintiffs,

           - against –

Rallye Motors, LLC, Rallye Motors Holding
LLC, Rallye Leasing, Inc., Rallye Glen Cove,
LLC, Rallye Northern, LLC, Rallye Roslyn, LLC
Rallye Roslyn Holding, LLC, Rallye Westbury
LLC, and Exclusive Detailing, Inc.
.

                       Defendants.

Steven I. Locke, USMJ

Case No. 14-CV-06151 (JS)(SIL)


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**CONDITIONAL COLLECTIVE CERTIFICATION AND FOR COURT**
**FACILITATION OF NOTICE PURSUANT TO 29 U.S.C. § 216(b)**


Steven John Moser (SM1133)
STEVEN J. MOSER, P.C.
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150
(516) 882-5420 (fax)
smoser@moseremploymentlaw.com
*Attorneys for Named Plaintiff and the FLSA Collective*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................... 1

STATEMENT OF FACTS ......................................................................................... 3

LEGAL ARGUMENT .............................................................................................. 6

   1.   COURT APPROVED NOTICE UNDER 29 U.S.C. § 216 TO ALL POTENTIAL OPT-IN PLAINTIFFS IS APPROPRIATE ............................................................... 6

      1.1.   The Plaintiffs are "Similarly Situated" .................................................. 8

      1.2.   The Court Need Not Evaluate the Underlying Merits of a Plaintiff's Claims to Determine Whether the Plaintiff has Made the Minimal Showing Necessary for Court-Authorized Notice. ............................................................... 9

      1.3.   Court Authorized Notice Will Serve the Remedial Purposes of the FLSA and the Collective Action Provisions Thereof. ................................................. 10

      1.4.   Notice to all Exclusive Detailing Employees who Washed, Cleaned or Detailed Vehicles at Rallye Motors (Rallye Mercedes Benz), Rallye Acura, Rally BMW, and Rallye Lexus is Appropriate Because There is Sufficient Evidence to Support an Inference of a Company-Wide Policy. ...................................... 10

   2.   DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY. ..................................................................................... 11

   3.   THE PROPOSED NOTICE IS FAIR AND ADEQUATE. ................................ 12

   4.   THE POSTING OF NOTICES AT WORKSITES IS APPROPRIATE .............. 12

CONCLUSION ..................................................................................................... 13

# TABLE OF AUTHORITIES

**Supreme Court Opinions**

*Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482 (1989) ........................... 7, 8

**Second Circuit Opinions**

*Bifulco v. Mortgage Zone, Inc.*, 262 F.R.D. 209 (E.D.N.Y. 2009) ............................................ 2

*Bifulco v. Mortgage Zone, Inc.* (*ETB*), No. 09-CV-00260 (JFB) (ETB), 2009 U.S. Dist. LEXIS 103979, 2009 WL 3761829 (E.D.N.Y. Nov. 9, 2009) ............................................................... 2

*Young v. Cnty. of Nassau*, Civil Action No. 09-3830, 2010 U.S. Dist. LEXIS 2471, 2010 WL 161593 (E.D.N.Y. Jan. 13, 2010) ......................................................................................... 2

*Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007) ...................................... 2

*Batres v. Valente Landscaping, Inc.*, 2014 U.S. Dist. LEXIS 69719 (E.D.N.Y. May 21, 2014) ............... 2

*Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340 (E.D.N.Y. 2012) .................... 2

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ........................... 2

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) ........................... 2, 10

*Doucoure v. Matlyn Food, Inc.*, 554 F. Supp. 2d 369 (E.D.N.Y. 2008) .................................... 6

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ................................................. 6

*Greene v. C.B. Holding Corp.*, No. 10-CV-1094, 2010 U.S. Dist. LEXIS 90795, 2010 WL 3516566 (E.D.N.Y. Aug. 11, 2010) .......................................................................................... 7

*Braunstein v. E. Photographic Labs.*, 600 F.2d 335 (2d Cir. 1978) ...................................... 7

*Levinson v. Primedia Inc.*, No. 02-CIV-2222 (CBM), 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) ...... 8

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) .............................................................. 8

*No. 10 CIV. 8820 LTS THK*, No. ?DOCKET?, 2011 WL 2693712 (S.D.N.Y. July 11, 2011) .................. 8

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ............................. 8, 9, 10, 12

*Avila v. Northport Car Wash, Inc.*, 774 F. Supp. 2d 450 (E.D.N.Y. 2011) ............................... 8

*Perez v. Allstate Ins. Co.*, 2014 U.S. Dist. LEXIS 130214, 2014 WL 4635745 (E.D.N.Y. Sept. 16, 2014) 9

*Damassia v. Duane Reade, Inc.*, No. 04 CIV. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) . 9

*Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638 (S.D.N.Y. 2010) ........................... 9

*Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011) ................... 11, 13

*Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378 (E.D.N.Y. 2010) .............................................. 11

*Ltd.*, 962 F. Supp. 2d 545 (S.D.N.Y. 2013) ......................................................................... 11

*Shajan v. Barolo, Ltd.*, No. 10 CIV. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ............... 12

*Fengler v. Crouse Health Found.*, 595 F. Supp. 2d 189 (N.D.N.Y. 2009) ................................. 12

*Iriarte v. Redwood Deli & Catering, Inc.*, No. CV-07-5062 (FB)(SMG), 2008 U.S. Dist. LEXIS 50072, 2008 WL 2622929 (E.D.N.Y. June 30, 2008) ...................................................... 12

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114 (S.D.N.Y. 2014) ....................................... 13

*Chen v. Oceanica Chinese Rest., Inc.*, 2014 U.S. Dist. LEXIS 46007, 2014 WL 1338315 (E.D.N.Y. Apr. 2, 2014) ...................................................................................................... 13

*Sherrill v. Sutherland Global Servs.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) ........................................... 13

*Hernandez v. Immortal Rise, Inc.*, No. 11 CV 4360 RRM LB, 2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012) ................................................................................................................................. 13

**United States Code**

29 U.S.C. § 216(b) (2006) ......................................................................... 1, 7, 10, 11

29 U.S.C. § 201 (2006) ............................................................................................. 1

29 U.S.C. § 216 (2006) .................................................................... 1, 2, 3, 4, 5, 6, 7, 13

29 U.S.C. § 207 (2006) ............................................................................................. 1

## PRELIMINARY STATEMENT

Plaintiff files this case in an attempt to recover unpaid overtime wages from Defendants as joint employers, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law.

Plaintiff brings this action as a hybrid action under 29 U.S.C. § 216 for FLSA violations as well as under Rule 23 for violations of the New York Labor Law.   The subject of this motion is conditional certification of the Plaintiff's federal claims and court-authorized notice to the opt-in class.

District Judges within the Eastern District have individual preferences regarding whether a Motion for Conditional  Certification should be made to the assigned Magistrate Judge or to the District Judge.  On March 6, 2015 Plaintiff's counsel enquired as to Judge Seybert's preference. *See* ECF Doc. 52.   She indicated no preference by Docket Order dated March 7, 2015.   The Plaintiff respectfully makes this motion to Magistrate Judge Steven I. Locke.

The Plaintiff Raul Siancas makes this motion to protect the interests of similarly situated workers by providing them with notice of this case. These workers are a group of laborers who were under the formal employ of Exclusive Detailing, Inc. and who cleaned, washed, and detailed cars for Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Leasing, Inc., Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, and Rallye Westbury LLC (the Rallye Defendants) within the three year period prior to the filing of the complaint (the FLSA period).

During the FLSA period, the Defendants have had common policies which have homogenously affected Plaintiff and those similarly situated.   Pursuant to a company-wide policy, the Plaintiff and the proposed collective were deprived of overtime earnings in violation of 29 U.S.C. § 207, because they were not paid the overtime premium for hours worked in

excess of 40; instead, they were paid for overtime hours at their regular rate(s) of pay.

It is well-settled that "[t]he standard for certification at this stage is a lenient one that typically results in certification." *Masson v. Ecolab, Inc.,* No. 04 Civ. 4488, 2005 WL 2000133, at *13 (S.D.N.Y. Aug. 17, 2005) ) *see also Bifulco v. Mortgage Zone, Inc., 262 F.R.D. 209, No. 09-CV-00260 (JFB) (ETB), 2009 U.S. Dist. LEXIS 103979, 2009 WL 3761829, at *3 (E.D.N.Y. Nov. 9, 2009)*("the evidentiary standard is lenient").  Plaintiffs need only make a minimal showing that they together were victims of a common policy or plan that violated the law.  *Bifulco, 262 F.R.D. 209*; *Young v. Cnty. of Nassau, Civil Action No. 09-3830, 2010 U.S. Dist. LEXIS 2471, at *4, 2010 WL 161593 (E.D.N.Y. Jan. 13, 2010)*; *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628 (S.D.N.Y. 2007).

The Plaintiff may meet this initial burden through the allegations in the complaint and declarations.  *See, e.g., Batres v. Valente Landscaping, Inc., 2014 U.S. Dist. LEXIS 69719, at *5 (E.D.N.Y. May 21, 2014)*; *Guzelgurgenli v. Prime Time Specials Inc.*, 883 F. Supp. 2d 340 (E.D.N.Y. 2012); *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007); *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007).

Here, Plaintiff's pleadings and declarations meet this standard.  Thus, Plaintiffs ask the Court for:

(1) Conditional certification of this action as a representative collective action pursuant to the FLSA, 29 U.S.C. § 216, on behalf of all Exclusive Detailing employees who cleaned, washed, or detailed cars at any location operated by the Rallye Defendants during the FLSA period (the "Covered Employees");

(2) Production of the Covered Employees in a computer readable data file containing their names, last known mailing addresses, telephone numbers, dates of birth, work locations,

and dates of employment within 10 business days of this Court's order (the "Opt-In List");

(3) Approval of the proposed FLSA notice of this action and the consent form in English and Spanish, annexed to the Notice of Motion as Exhibit A, and permission to provide notice by regular mail to all "Covered Employees";

(4) Directing plaintiffs' counsel to mail said notice to each opt-in member within 10 business days of receipt of the Opt-In List;

(5) Setting a period of 60 days following the date on which the Notice is mailed for op-in members to mail completed consent forms to Plaintiffs' Counsel (the "Opt-In Period");

(6) Setting forth procedures to be followed in the event that any Notices are returned as "undeliverable"; and

(7) Directing all Defendants to post multiple copies of the Notice, along with the consent forms, at every work site within the control of the Defendants where the Covered Employees are presently employed for the entire duration of the opt-in period.

## STATEMENT OF FACTS

The following facts are established through the declarations of Raul Siancas, Billy Joel Odria, and the Pleadings:

Rallye Motors, LLC, Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC and Rallye Westbury, LLC operate automobile dealerships.[1]  Among these are Rallye BMW (located at 1 Brush Hollow Road in Westbury, New York)[2], Rallye Motors (selling Mercedes-Benz and located at 1600 Northern Blvd. in Roslyn, New York)[3], Rallye Acura

---

[1] Answer of the Rallye Defendants, ECF Doc. 43, ¶ 8 (annexed to the Declaration of Steven John Moser as Exhibit 2)
[2] Id. ¶ 9.
[3] Id. ¶ 10.

(located at 1750 Northern Blvd in Roslyn, New York)[4], and Rallye Lexus (located at 20 Cedar Swamp Road, Glen Cove, New York).[5]  Exclusive Detailing, Inc. cleaned and detailed cars at all four Rallye dealerships.[6]

The putative collective consists of all employees who washed, cleaned or detailed cars at the Rallye Dealerships while under the formal employ of Exclusive Detailing, Inc.[7]   It is alleged that these workers were jointly employed by the Rallye Defendants.[8]   These workers were not paid an overtime premium for hours worked in excess of 40 hours per week.[9]

In support of the motion for collective action certification, the Plaintiff has submitted the declaration of two employees working at the Rallye dealership located at 1600 Northern Blvd., Roslyn, New York (Rallye Mercedes-Benz).   These declarations establish that no overtime premium was paid to Exclusive employees working at the Rallye dealership at 1600 Northern Blvd.[10]  Neither Mr. Siancas nor Mr. Odria are aware of *any* Exclusive employee who was paid the proper overtime premium.[11]  At this location alone there were at least 16 employees cleaning and detailing cars.[12]   However, the Exclusive Detailing policy of refusing to pay the overtime premium to employees was not limited only to employees working at the Roslyn Rallye dealership, but instead was applied to all Exclusive employees regardless of their job location. As stated by an Exclusive manager to Billy Joel Odria: "we don't pay overtime."[13]

---

[4] Answer of the Rallye Defendants, ECF Doc. 43, ¶ 11.
[5] Id. ¶ 12.
[6] Compl., ECF Doc. 1, ¶¶ 23-26 (annexed to the Declaration of Steven John Moser as Exhibit 1); Rallye Answer ¶¶ 23-26.
[7] Compl. ¶ 27.
[8] Id. ¶¶ 28-46.
[9] Id. ¶ 78.
[10] Siancas Decl. ¶¶ 7-10; Odria Decl. ¶¶ 5-11.
[11] Siancas Decl. ¶ 14; Odria Decl. ¶ 16.
[12] Siancas Decl. ¶ 12; Odria Decl. ¶ 14 (stating that there were 18 Exclusive employees working within Rallye Mercedes-Benz alone).
[13] Odria Decl. ¶ 8.

Exclusive is no stranger to FLSA litigation.   Exclusive's company-wide policy of refusing to pay overtime has been challenged by employees in a series of federal lawsuits.   In *Juan R. Cristomo v. Exclusive Detailing, Inc.,* No. 08-cv-01771 (D.N.J.) which was filed on April 11, 2008, Exclusive was sued for overtime violations under the FLSA and the New Jersey Wage and Hour Law. [14]   On April 15, 2010 Exclusive admitted in that lawsuit that it employed workers at various automobile dealerships.  *See Id.,* Statement of Facts Pursuant to Local Rule 56.1, ECF Doc. 57, Page 7, ¶ 1.  In *Hernandez v. Exclusive Detailing, Inc. et ano.,* No. 14-CV-03347 (ES)(JAD)(D.N.J.), filed May 24, 2014, Exclusive Detailing was again sued for company-wide overtime violations under Federal and New Jersey law.[15]   The complaint was not served within 120 days and was dismissed pursuant to Rule 4(m) on November 7, 2014.  *See* ECF Doc. 8.  In *Hernandez v. Exclusive Detailing, Inc. et ano.,* No. 14-cv-08094(SDW)(SCM) filed on December 30, 2014, Exclusive Detailing was again sued for company-wide overtime violations under Federal and New Jersey Law.[16]

Evidence also exists in the more than 50 thousand checks issued by Exclusive Detailing in the past six years.[17]   A small sampling of these checks was reviewed for the period from December 10, 2014 through December 17, 2014.[18]   An analysis of only 433 checks reveals that only 5% (or 23) were payable to businesses.  Only 7% (30) were formal paychecks, but appear to have been paid primarily to New Jersey residents.[19]

---

[14] The complaint in *Cristomo v. Exclusive Detailing, Inc.,* No. 08-cv-01771 (D.N.J.) is annexed to the Declaration of Steven John Moser as Exhibit 3.

[15] The complaint in *Hernandez v. Exclusive Detailing, Inc. et ano.,* No. 14-CV-03347 (D.N.J.) is annexed to the Declaration of Steven John Moser as Exhibit 4.

[16] The complaint in *Hernandez v. Exclusive Detailing, Inc. et ano.,* No. 14-CV-08094 (D.N.J.) is annexed to the Declaration of Steven John Moser as Exhibit 5.

[17] Moser Decl. ¶ 8.

[18] Copies of a small sampling of these checks is annexed to the Declaration of Steven John Moser as Exhibit 6.

[19] Moser Decl. ¶¶ 9-10.

88% of the checks (380) were payable to individuals, most of whom have Spanish names. These checks do not indicate that they are payment for wages.   They do not contain a regular rate, overtime rate, or hours worked.  Almost all of them are for an even dollar amount.[20]

## LEGAL ARGUMENT

To protect proposed collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all non-exempt Exclusive Detailing employees who have at any time during the three year period prior to the complaint worked in a dealership owned or operated by the Rallye Defendants.

Notice is appropriate at this stage of the case because the initial pleadings and preliminary evidence show that Covered Employees are "similarly situated employees."   They worked overtime and were not paid the overtime rate for all overtime worked.   Thus, they "together were victims of a common policy or plan that violated the law." *Doucoure v. Matlyn Food, Inc.,* 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008) *(quoting Hoffmann v. Sbarro, Inc.,* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

## 1.   COURT APPROVED NOTICE UNDER 29 U.S.C. § 216 TO ALL POTENTIAL OPT-IN PLAINTIFFS IS APPROPRIATE

An action to recover [overtime or minimum wages] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216.

---

[20] *Id.*

6

Section 216, although requiring written consent for an aggrieved employee to participate in the litigation, is silent as to the mechanism by which employees are to become aware of the pending litigation or participate therein by filing such consents. Nevertheless, it is "well settled" that "District courts have discretion under this section to direct a defendant employer to disclose the names and addresses of similarly situated potential plaintiffs and to authorize the sending of notice to these individuals, so that they may 'opt in' to the collective action." *Greene v. C.B. Holding Corp.,* No. 10-CV-1094, 2010 U.S. Dist. LEXIS 90795, at *5, 2010 WL 3516566 (E.D.N.Y. Aug. 11, 2010)

In 1978 the Second Circuit affirmed a District Court's ruling authorizing notice to potential plaintiffs under 29 U.S.C. § 216.   *Braunstein v. E. Photographic Labs.,* 600 F.2d 335, 336 (2d Cir. 1978), *cert. denied,* 441 U.S. 944 (1979).   The Second Circuit observed that "[a]lthough one might read the Act, by deliberate omission, as not providing for notice, it makes more sense, in light of the 'opt-in' provision of s 16(b) of the Act, 29 U.S.C. § 216(b), to read the statute as permitting, rather than prohibiting, notice in an appropriate case."   *Id.*  The Court found that granting notice to potential plaintiffs was consistent with "the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits."   *Id.*

In 1989 the Supreme Court endorsed the almost universally espoused practice of District Courts  to (1) permit discovery of the names and addresses of potential plaintiffs, (2) approve the form of notice and (3) facilitate notice to potential opt-in plaintiffs.  *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 110, 110 S. Ct. 482 (1989) . Indeed "[b]ecause trial court involvement in the notice process is inevitable in cases with numerous plaintiffs where written consent is

required by statute, it lies within the discretion of a district court to begin its involvement early, at the point of the initial notice, rather than at some later time." *Id.* at 171, 110 S. Ct. 482.

### 1.1.    The Plaintiffs are "Similarly Situated"

The strict requirements of Rule 23 of the Federal Rules of Civil Procedure do not apply to FLSA "collective actions," and thus no showing of numerosity, typicality, commonality and representativeness need be made. Rather, plaintiffs must meet only one threshold requirement: they must demonstrate that potential class members are "similarly situated."

*Levinson v. Primedia Inc.,* No. 02-CIV-2222 (CBM), 2003 WL 22533428 (S.D.N.Y. Nov. 6, 2003) (*citing Hoffmann v. Sbarro*, 982 F. Supp. at 262).

The Second Circuit has endorsed a two-step collective action certification method applied by the District Courts.   *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010).

The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be "similarly situated" to the named plaintiffs with respect to whether a FLSA violation has occurred. The court may send this notice after plaintiffs make a "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." …The "modest factual showing" cannot be satisfied simply by "unsupported assertions," but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* "similarly situated" plaintiffs do in fact exist.  At the second stage, the district court will, on a fuller record, determine whether a so-called "collective action" may go forward by determining whether the plaintiffs who have opted in are in fact "similarly situated" to the named plaintiffs. The action may be "de-certified" if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice.

*id.* (citations omitted)).

Because initial certification at "is merely 'preliminary' and subject to reevaluation on a fuller record, Plaintiff's burden is low."   *Vasquez v. Vitamin Shoppe*, No. 10 CIV. 8820 LTS THK, 2011 WL 2693712 (S.D.N.Y July 11, 2011)(citing *Lynch v. United Servs. Auto. Ass'n,* 491 F. Supp. 2d 357, 367-68 (S.D.N.Y. 2007) (describing plaintiff's burden as "very low")).  In *Avila v. Northport Car Wash, Inc.,* 774 F. Supp. 2d 450 (E.D.N.Y. 2011), this Court  authorized conditional certification of collective status on behalf of a group of car wash employees who

submitted affidavits showing that they and other workers routinely worked in excess of 40 hours a week without being compensated at an overtime rate.

In this case, the declarations of Billy Joel Odria and Raul Siancas, as well as the attached pay checks, show that the Plaintiffs were paid a regular hourly rate regardless of number of hours worked.  The Exclusive Detailing managers have admitted to a company-wide policy of not paying overtime, and both Mr. Odria and Mr. Siancas have identified other similarly situated employees who were subject to the  common policy or practice of failing to pay overtime. The pleadings and declarations further show that Exclusive Detailing employees worked at all Rallye Defendant's facilities.

The Plaintiffs, through their declarations and complaint, have exceeded the "modest factual showing" that the putative opt-in members were together victims of a common policy or plan that violated the law.

### 1.2.  The Court Need Not Evaluate the Underlying Merits of a Plaintiff's Claims to Determine Whether the Plaintiff has Made the Minimal Showing Necessary for Court-Authorized Notice.

A court need not evaluate the underlying merits of a plaintiff's claims to determine whether the plaintiff has made the minimal showing necessary for court-authorized notice. *Hoffmann*, 982 F. Supp. at 262 (Sotomayor, J.); *Perez v. Allstate Ins. Co.,* 2014 U.S. Dist. LEXIS 130214, at *15, 2014 WL 4635745 (E.D.N.Y. Sept. 16, 2014); *Damassia v. Duane Reade, Inc.,* No. 04 CIV. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006);  *Cunningham v. Elec. Data Sys. Corp.*, 754 F. Supp. 2d 638, 644 (S.D.N.Y. 2010).  "Indeed, a court *should not weigh the merits of the underlying claims* in determining whether potential opt-in plaintiffs may be similarly situated.  *Lynch*, *Lynch*, 491 F. Supp. 2d at 368 (emphasis supplied).

If the fruits of full discovery reveal that plaintiffs are not, in fact, "similarly situated" to defendants' other employees, or that only employees who worked at the same facility or

engaged in a particular job are "similarly situated," [the court] may later decertify the class or divide it into subclasses, if appropriate.

*Iglesias-Mendoza,* 239 F.R.D. at 369.

### 1.3.    Court Authorized Notice Will Serve the Remedial Purposes of the FLSA and the Collective Action Provisions Thereof.

Court Authorized notice will serve the remedial purposes of the FLSA and the collective action provisions thereof.   Unlike a Rule 23 "opt-out" action, which tolls the statute of limitation for all putative class members, the statute of limitations is not tolled for "opt-in" plaintiffs under 29 U.S.C. § 216(b), until they file a consent to join.   *Lynch*, *Lynch*, 491 F. Supp. 2d at 367-68. "[E]very day that passes is a day of damages each potential opt-in plaintiff will be unable to recover.  Court-facilitated notice will prevent the continued erosion of these claims."   *Id.*

"The Supreme Court has held that the benefits to the judicial system of collective actions depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Lynch*, 491 F. Supp. 2d at 367-68 (citing Hoffmann-La Roche, 493 U.S. at 170.)

Furthermore, providing notice of the suit will further goals of the collective action provisions of the FLSA by (1) lowering the individual costs of litigation and (2) promoting judicial economy by avoiding a multiplicity of duplicative suits.   *Id.* at 172.  Plaintiff and opt-in plaintiff's share claims with at other similarly situated employees. The claims of each member of the collective present identical legal and factual issues to the Court.

### 1.4.    Notice to all Exclusive Detailing Employees who Washed, Cleaned or Detailed Vehicles at Rallye Motors (Rallye Mercedes Benz), Rallye Acura, Rally BMW, and Rallye Lexus is Appropriate Because There is Sufficient Evidence to Support an Inference of a Company-Wide Policy.

"Courts in this Circuit regularly find named plaintiffs to be similarly situated to employees at locations where they did not work, provided that the plaintiffs have demonstrated

10

that they all were subject to the same allegedly unlawful policy or plan." *Rosario v. Valentine Ave. Disc. Store, Co.,* 828 F. Supp. 2d 508, 516 (E.D.N.Y. 2011).   Indeed, under 29 U.S.C. § 216(b) "parties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations…" *Summa v. Hofstra Univ.,* 715 F. Supp. 2d 378, 390 (E.D.N.Y. 2010) (citation omitted). In determining whether to conditionally certify with respect to different locations, "courts consider whether the plaintiffs have made an adequate factual showing to support an inference that ... a uniform policy or practice exists, and whether the locations share common ownership or management." *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 558 (S.D.N.Y. 2013).

As previously described in the Facts portion of this brief, the Plaintiff has set forth sufficient evidence of a company-wide policy at Exclusive Detailing to support an inference that a uniform policy of depriving employees of the overtime premium exists.   As stated by an Exclusive manager to Billy Joel Odria: "we don't pay overtime."[21]   This admission is supported by the thousands of checks obtained pursuant to subpoena, and fact that Exclusive's company-wide policy of failure to pay overtime has been the subject of prior lawsuits.

## 2.   DISCOVERY OF NAMES, ADDRESSES AND TELEPHONE NUMBERS IS PROPER AND NECESSARY.

It is appropriate in this case for the court to order the defendants to produce a list, in electronic and importable format, of all persons employed by defendants from July 24, 2008 to the present, including the individuals' name, address, telephone number and date of birth. *Rosario v. Valentine Ave. Disc. Store, Co.,* 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011)(ordering disclosure of potential opt-in plaintiffs' names, last known addresses, telephone numbers, and dates of employment); *Shajan v. Barolo, Ltd.*, No. 10 CIV. 1385 (CM), 2010 WL 2218095

---

[21] Odria Decl. ¶ 8.

(S.D.N.Y. June 2, 2010)(ordering defendant to provide a computer-readable list containing the names of all potential opt-in plaintiffs, together with last known address, alternate address (if any), all known telephone numbers, Social Security number, and dates of employment);   *Lynch,* 491 F. Supp. 2d at 371-72 (ordering defendant to produce a list, in electronic and importable format, of names, addresses, telephone numbers, date of births, and last four digits of Social Security Number for all potential opt-in plaintiffs); *Fengler v. Crouse Health Found.,* 595 F. Supp. 2d 189, 198 (N.D.N.Y. 2009)(ordering defendant to produce name, current or last known address, phone number, social security number, location of employment, dates of employment, dates of birth, and e-mail address for each potential opt-in plaintiff).

## 3.   THE PROPOSED NOTICE IS FAIR AND ADEQUATE.

Attached as Exhibit A to the Notice of Motion is Plaintiffs' proposed judicial notice in English and Spanish, along with a certificate of translation. The form of the notice mirrors the notices approved by other Courts within the Eastern District, and more specifically the court-approved notice in *Iriarte v. Redwood Deli & Catering, Inc.,* No. CV-07-5062 (FB)(SMG), 2008 U.S. Dist. LEXIS 50072, at *19, 2008 WL 2622929 (E.D.N.Y. June 30, 2008).   The proposed notice achieves the goal of providing potential opt-ins with accurate and timely notice concerning the pendency of the collective action, and should be adopted.

## 4.   THE POSTING OF NOTICES AT WORKSITES IS APPROPRIATE

Plaintiff requests that the Defendants be ordered to post notice at the Rallye Dealerships in a conspicuous location, as well as in any other location under the control of the Defendants in which putative collective action members are currently employed.   Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail.   *See, e.g., Rosario v. Valentine Ave. Disc. Store, Co.,* 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011)(Bloom, M.J.)(directing that "for the duration of

the opt-in period, defendants shall post the notice of pendency and consent forms...on the employee bulletin boards and in other common areas conspicuous to all employees in each of the Stores"); *Schear v. Food Scope Am., Inc.,* 297 F.R.D. 114, 130 (S.D.N.Y. 2014)(Torres, J.)(ordering Defendants to "post copies of the…notice and opt-in form…in a location conspicuous to all employees"); *Chen v. Oceanica Chinese Rest., Inc.,* 2014 U.S. Dist. LEXIS 46007, 2014 WL 1338315, at *11 (E.D.N.Y. Apr. 2, 2014) (Block, J.)(noting that "courts routinely require such postings, even absent a showing of necessity"); *see also Sherrill v. Sutherland Global Servs.,* 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007)(Payson, M.J.)(ordering the posting of continuous notice and opt-in forms in a conspicuous location in all work locations for a 90 day opt in period); *Hernandez v. Immortal Rise, Inc.,* No. 11 CV 4360 RRM LB, 2012 WL 4369746 (E.D.N.Y. Sept. 24, 2012)(Bloom, M.J.)(ordering posting of notice in a location "frequently visited and easily accessible to employees.").

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court grant his motion, thereby conditionally certifying this case as a FLSA class action under 29 U.S.C. § 216(b) and authorizing dissemination of notice to the prospective collective action members.

Dated: March 13, 2015
     Glen Cove New York

    STEVEN J. MOSER, P.C.

    By:_____
    Steven J. Moser (SM 6628)
    3 School Street, Suite 207B
    Glen Cove, New York  11542
    (516) 671-1150
    (516) 882-5420 (fax)
    *Attorneys for Plaintiffs*

13