LAW OFFICES OF
# MICHAEL K. CHONG LLC

**2 EXECUTIVE DRIVE, SUITE 720**
**FORT LEE, NEW JERSEY 07024**
**(201) 708-6675 FAX (201) 708-6676**
─────────────────
EMAIL: MKC5001@YAHOO.COM

| MICHAEL K. CHONG ‡ | NEW YORK: | HOBOKEN: |
|---|---|---|
| ‡ MEMBER, NJ BAR, U.S.D.C. NEW JERSEY<br>SDNY, NEW YORK<br>EDNY, NEW YORK<br>U.S.C.A 2nd CIRCUIT | 1250 BROADWAY 36TH FL. STE. 300<br>NEW YORK, NEW YORK 10001<br>(212) 726-1104 FAX (212) 726-3104<br><br>*\* Please Reply to: Fort Lee* | 300 HUDSON STREET. STE. 10<br>HOBOKEN, NEW JERSEY 07024<br>(201) 203-7476 FAX (201) 708-6676<br><br>DIRECT DIAL: (201) 947-5200 |

April 24, 2015

<u>Via ECF</u>
Honorable Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 820
Central Islip, NY 11722-9014

      Re:    Siancas v. Rallye Motors, LLC et al.
               Docket No.: 2:14-CV-06151-JS-SIL

Dear Judge Locke:

      This office represents Defendant Exclusive Detailing, Inc. ("EDI") in regard to the above referenced matter. Yesterday, Plaintiff filed a Motion for Conditional Certification as a Collective Action. In addition, Plaintiff's counsel filed a letter yesterday, addressed to Your Honor, requesting that the Motion be granted as unopposed as to Defendant, Exclusive Detailing, Inc., and that the proposed Stipulation submitted by Plaintiff's counsel be "so ordered" by the Court.

      The proposed Stipulation is the product of extended communications among counsel, including my office, with multiple drafts exchanged among counsel, commented on by counsel, and after same, an agreement reached among counsel as to revisions. There are two remaining issues to be resolved with respect to Exclusive Detailing and the proposed Stipulation: 1) the provision that EDI will provide Plaintiff's counsel with information regarding employees that are to receive Notice; and 2) the provision that EDI will post the Notice at the worksite.

      As I have advised Plaintiff's counsel, I must confer with my clients to confirm that they actually have all of the information regarding employees that the proposed Stipulation requires EDI to provide, and whether there exists a physical site where Notice can be posted, in that EDI does not have a worksite where their employees perform car detailing work.

Instead, the employees of EDI perform the auto detailing work at respective automobile dealership locations, that contract with Exclusive to provide automobile detailing services. I have advised Plaintiff's counsel that once I conferred with my clients, I would provide him with an Affidavit from one of the owners of Exclusive, addressing specifically the employee information in Exclusive's possession and available to provide to Plaintiff's counsel, and whether or not there exists a physical site where the Notice can be posted.

I believe Your Honor can appreciate that it would be professionally irresponsible for me to agree to the terms of the Stipulation, and commit my clients to providing information and posting Notices, without first verifying that my clients will be able to comply with those terms of the proposed Stipulation. I do not wish to place myself or my clients in the position of signing a Stipulation, only to subsequently determine that it is impossible to comply with the terms, and burdening the Court with a dispute due to Exclusive's inability to comply with the terms of the Stipulation.

As I advised Plaintiff's counsel, my clients have been traveling for several weeks and although I was in regular communication with them about the terms of the proposed Stipulation, the clients were not physically available to meet with me to discuss what employee information is in their possession, and the existence of a physical site to post Notice.

I have also advised Plaintiff's counsel that I am scheduled to meet with my clients on Monday, April 27, 2015. I expect that once I meet with my clients and provide an Affidavit to Plaintiff's counsel, we will be able to reach final agreement on the terms of the Stipulation, and avoid burdening the Court with further Motion practice. Alternatively, if counsel cannot reach agreement, fairness dictates that the Exclusive Defendants be permitted to file an Affidavit in response to the Motion, before the Court "so orders" a Stipulation which contains provisions that are physically impossible for Exclusive to comply with.

For these reasons, I respectfully request that the Court: 1) deny the request to grant the Motion as unopposed by Exclusive; and 2) deny the request to "so order" the proposed Stipulation. Thank you for your consideration of this matter.

Respectfully submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

MKC/ ak
*cc: All Counsel (via ECF)*