Law Offices of
# MICHAEL K. CHONG LLC

2 EXECUTIVE DRIVE, SUITE 720
FORT LEE, NEW JERSEY 07024
(201) 708-6675  FAX (201) 708-6676
_____

EMAIL: MKC5001@YAHOO.COM

MICHAEL K. CHONG ‡
_____
‡ MEMBER, NJ BAR, U.S.D.C. NEW JERSEY
   SDNY, NEW YORK
   EDNY, NEW YORK
   U.S.C.A 2nd CIRCUIT

NEW YORK:
1250 BROADWAY 36TH FL. STE. 300
NEW YORK, NEW YORK 10001
(212) 726-1104  FAX (212) 726-3104

HOBOKEN:
300 HUDSON STREET. STE. 10
HOBOKEN, NEW JERSEY 07024
(201) 203-7476  FAX (201) 708-6676

*Please Reply to: Fort Lee*

DIRECT DIAL: (201) 947-5200

July 6, 2015

*Via ECF; Total Pages: 3*
Honorable Steven I. Locke, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014
Courtroom 820

    Re:    Siancas v. Rallye Motors, LLC et al.
           Docket No.: 2:14-CV-06151-JS-SIL

Dear Judge Locke:

This office represents Defendant Exclusive Detailing, Inc. ("EDI") in regard to the above referenced matter. Pursuant to the Court's order of June 30, 2015, Defendant submits the following response to Plaintiff's letter motion for a pre motion conference Request for Tolling of Opt-in Period and Court Conference.

## I.    Extension of the Opt In Period:

By way of background, EDI is a small "Mom and Pop" type business, which provides car detailing services at car dealership locations, and had provided car detailing services at defendant "Rallye" dealership locations. Rallye was EDI's primary client.

On May 26, 2015 Defendant EDI provided Plaintiff's counsel with a list of employee names and address that was readily available. Eight (8) days later on June 3, 2015, Defendant EDI provided Plaintiff's counsel with a supplemental list with employees names, addresses, phone numbers (if available) and Social Security numbers (if available).

EDI submitted the above supplemental list to Plaintiff's counsel after locating the additional employee information. EDI has advised me that much of the employee information was lost during the hurricane Sandy flooding. In addition, the workers reported directly to

1

managers, and the managers sometimes retained the information. This had caused significant difficulty in obtaining all of the information in a timely manner. Furthermore, after losing their primary client, the "Rallye" defendants, EDI has been suffering greatly financially, and has been scrambling to stay alive and find new work from other car dealerships. As such, the EDI principal is constantly on the road travelling in search of new work for EDI. The above combination of factors caused EDI a slight eight (8) day delay in providing all of the information that EDI has for employees who worked at the Rallye locations.

It is respectfully submitted that EDI's supplemental submission was made in good faith eight (8) days after their initial list, and evidences their efforts to provide all of the requested employee information to Plaintiff's counsel. Based on the above Defendant EDI will consent to a reasonable extension of the opt in period.

## II. Unidentified Names

Plaintiff's counsel has represented in his motion letter to the court that there are alleged "employees" of EDI who are not on the list provided by EDI, but who claim to have worked for EDI at the Rallye locations during the relevant time period. As such, Plaintiff's counsel contends that his concern is that the supplemental list of employees from EDI is incomplete.

Plaintiff's counsel identified Edilberto Munguia Ortiz and Jose Alexander Rivera Rapalo as two alleged employees of EDI that have filed Consent to Sue forms. Plaintiff's counsel further identified Billy Joel Odria, as an alleged former EDI employee who worked at the Rally Mercedes Benz location, who alleges that there are three or more workers that have not been listed.

EDI has advised me that many of the workers in the car wash industry provide false or alias names and information to them, and that may be the explanation as to why certain names are not on EDI's supplemental list. In my own experience in defending car wash entities in similar FLSA lawsuits, this issue was common. In certain cases, some car wash workers were only known by a first name, which was not their actual legal first name. In addition, in certain cases there are scenarios where people are seeking to "jump on the band wagon" by seeking to join the lawsuit, without ever having worked for the employer.

It is Defendants' position that based on their best efforts, the supplemental list is a complete list of all the employee information that they have in their possession and control.

Thank you for your kind courtesies in addressing this matter.

                                                        Respectfully submitted,

*Michael K. Chong*

                                                        Michael K. Chong, Esq.

MKC/
cc:    Steven John Moser, Esq. (Plaintiff's Counsel)
        James E. McGrath, III, Esq. (Counsel for Rallye Defendants)
        Melissa M. Stannard, Esq. (Counsel for Rallye Defendants)