

# STEVEN J. MOSER, P.C.
### WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.
D. PHUONG NGUYEN, ESQ. ▲

▲ *Admitted NY & MA*

3 SCHOOL STREET, SUITE 207B
GLEN COVE, NEW YORK  11542

TEL (516) 671.1150
FAX (516) 882-5420

August 12, 2015

*VIA ECF*

Hon. Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

      Re:    *Siancas v. Rallye Motors, et al.,* 14-cv-6151 (JS) (SIL)
              Request for Leave to Serve Interrogatories

Dear Judge Locke:

      Plaintiffs hereby respond to defendant Exclusive Detailing Inc.'s letter of August 11, 2015.

      I ordinarily extend every possible courtesy to an adversary.  For example, at the inception of this case Plaintiffs consented to vacating a default and allowing defendant Exclusive to interpose an answer 2 ½ months after the answer was due.  (ECF No. 42.)  Then Plaintiffs also agreed to enter into a confidentiality agreement which retroactively protected records that had been obtained by Plaintiffs pursuant to subpoena (ECF No. 44.)

      However, Plaintiffs have serious concerns regarding Exclusive's compliance with the Court's Order to Certify the Collective Action.  (ECF No. 80).  Plaintiffs raised these concerns in a motion to toll the opt-in period.  (ECF No. 86.)

      At the Court Conference of July 9, 2015, Mr. Agolia was ordered by the Court, and agreed (through counsel) to testify on August 13, 2015 with regard to the scope of the collective-class.  On July 22, 2015, Mr. Chong advised the Court that neither he nor his client, Michael Agolia, would be available on August 13, 2015. (ECF No. 92.)  The Court specifically ordered that absent an agreement otherwise, Mr. Agolia's deposition would proceed on August 13, 2015. (Electronic Order, July 23, 2015.)

Letter Regarding Depositions of Michael Agolia
and Carl Dealmeida
August 12, 2015
Page 2 of 2

Case 3:14-cv-06151-JS-SIL   Document 94   Filed 08/12/15   Page 2 of 2 PageID #: 1584

STEVEN J. MOSER, P.C.
ATTORNEY AT LAW

Mr. Agolia has now refused to testify on August 13, claiming that he won't be available until September 10, 2015. He also now claims that he had nothing to do with the preparation of the list, and he should not have to testify at all. In light of the foregoing, I asked for the specific reason why Mr. Agolia cannot appear on August 13, 2015. <u>To date, Mr. Agolia has given no reason</u>.

Respectfully, Mr. Agolia has not shown good cause why he should be relieved from the Court's orders of July 9, 2015 and July 23, 2015.

On another note, I have not, as Mr. Chong suggests, "refused" to depose Mr. Dealmeida. On the contrary, as it appears from recent information that Mr. Dealmeida participated in the preparation of the opt-in list, Plaintiffs request that he also be directed to testify on or before August 31, 2015. As a courtesy to counsel for Rallye, I am open to taking Mr. Dealmeida's deposition o at the offices of Putney Twombly Hall & Hirson LLP if they prefer.

                    Respectfully submitted,

                    Steven John Moser

CC Via ECF:   James E. McGrath, III
                   Melissa M. Stannard
                   Michael K. Chong