# STEVEN J. MOSER, P.C.

### WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.
D. PHUONG NGUYEN, ESQ. ▲

▲ Admitted NY & MA

3 SCHOOL STREET, SUITE 207B
GLEN COVE, NEW YORK  11542

TEL (516) 671.1150
FAX (516) 882-5420

September 3, 2015

*VIA ECF*

Hon. Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

> Re: *Siancas v. Rallye Motors, et al.,* 14-cv-6151 (JS) (SIL)
> Letter Motion to Compel Defendant Exclusive Detailing, Inc. to respond to
> Plaintiffs' First Set of Interrogatories and Document Requests

Dear Judge Locke:

    I represent the Plaintiffs in the above referenced class and collective action brought under the NYLL and the FLSA.  I write to request that the Court compel the Defendant Exclusive to respond to Plaintiff's First Set of Interrogatories and First Set of Document Requests.  Plaintiff respectfully requests that Exclusive bear the costs of this motion.   Plaintiff makes this motion in the hopes that Exclusive will provide meaningful discovery responses prior to the Depositions of Mr. De Almeida and Mr. Agolia ordered for September 28 & 29, respectively.

    **Procedural History and Compliance with Local Rule 37.3(a).** On July 27, 2015 Exclusive responded to Plaintiffs' first Document Requests and Interrogatories.[1]   On Friday August 7, 2015 and Wednesday August 12, 2015 I attempted to have a good faith conference with Mr. Chong via telephone.  He indicated during both calls that he was unprepared to discuss Exclusive's  responses.   During the August 12, 2015 call he requested that Plaintiffs put all of their discovery issues in writing.

    On August 13, 2015 I emailed a five page letter to Mr. Chong outlining Plaintiffs' issues with Exclusive's responses.  (Exhibit 6.)   Plaintiffs' letter requested that Exclusive supplement its responses within 2 weeks.  As of August 26, 2014 Exclusive did not respond to Plaintiffs'

---

[1] Exclusive's Responses Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production of Documents are annexed hereto as Exhibits 1 & 2 respectively.  Exclusive's document exchange, consisting of three pages, is annexed hereto as Exhibit 3.
Plaintiff's First Set of Interrogatories to Exclusive and First Request for Production of Documents are annexed hereto as Exhibits 4 & 5 respectively.

Letter Motion to Compel Exclusive Detailing, Inc.
to respond to Plaintiffs' Frist Set of Document Requests
and Interrogatories
September 3, 2015
Page 2 of 4

STEVEN J. MOSER, P.C.
ATTORNEY AT LAW

letter of August 13. I indicated to Mr. Chong that I would seek judicial intervention after September 2, 2015 if no response was received.

**Compliance with Local Rule 37.** Plaintiffs respectfully request to be excused from strict compliance with Local Rule 37.1, requiring that the party making a discovery motion "quote or set forth verbatim in the motion papers each discovery request and response to which the motion or application is addressed." In the instant case, this would not result in any economies because the Plaintiff takes issue with virtually all of Exclusive's responses. Repeating each interrogatory or document request and the response thereto would defeat the purpose of Local Rule 37.1.

This Court has recognized that it has discretion to excuse compliance with Rule 37.1 in appropriate circumstances. *Shahzad v. County of Nassau*, No. 13-CV-2268 (SJF) (SIL), 2014 U.S. Dist. LEXIS 136575, at *9 (E.D.N.Y. Sept. 26, 2014) (finding that a party need not comply with 37.1 where the non-disclosing party fails to respond to interrogatories in their entirety). Many other courts within the Second Circuit have also reached the merits of a motion to compel despite non-compliance with Local Rule 37.1 in appropriate circumstances. *E.g.*, *In re AutoHop Litig.*, No. 12-CV-4155 (LTS)(KNF), 2014 U.S. Dist. LEXIS 155912, at *20 (S.D.N.Y. Nov. 3, 2014); *Dorchester Fin. Holdings Corp. v. Banco Brj, S.A.*, No. 11-CV-1529 (KMW) (KNF), 2014 U.S. Dist. LEXIS 96101, at *14-15, 2014 WL 3747160 (S.D.N.Y. July 3, 2014); *Distefano v. Law Offices of Barbara H. Katsos, PC*, No. CV 11-2893 (JS) (AKT), 2013 U.S. Dist. LEXIS 47031, at *4, 2013 WL 1339548 (E.D.N.Y. Mar. 29, 2013); *Burgio v. Prudential* Life Ins. Co. of Am., 253 F.R.D. 219, 233 (E.D.N.Y. 2008).

## Argument

**"Boilerplate objections."** In response to each and every interrogatory, Exclusive responds that "This interrogatory is objectionable as it is overly broad, vague and ambiguous." In response to each and every document request, Exclusive responds that "This Document Request is objectionable as it is overly broad, vague and ambiguous."

It is well settled law that the use of boilerplate objections is insufficient to relieve a party of its obligation to fully answer each discovery request. Objections, when used, must be specific and supported by a detailed explanation of why the document request is objectionable. *United States v. Nysco Labs.*, 26 F.R.D. 159, 161 (E.D.N.Y. 1960). "A party resisting discovery has the burden of showing specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [document request] is not relevant or how each question is overly broad, burdensome or oppressive." *Anderson v. Sposato*, No. CV 11-5663 (SJF) (WDW), 2014 U.S. Dist. LEXIS 25383, at *7-9 (E.D.N.Y. Feb. 26, 2014) (citations omitted); *Obiajulu v. City of Rochester, Dep't of Law*, 166 F.R.D. 293, 295 (W.D.N.Y. 1996) ("Objections must clearly set forth the specifics of each objection and how that objection relates to the discovery being demanded").

"Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy while producing no documents . . . are a paradigm of discovery abuse." *Freydl v. Meringolo*, No. 09 Civ. 07196 (BSJ)(KNF), 2011 U.S. Dist. LEXIS 67742, 2011 WL 2566087, at *3 (S.D.N.Y. June 16, 2011)).

**"Definitional Objections."** After reciting "boilerplate objections", Exclusive then objects on the basis that the Plaintiff has not defined words contained in the discovery requests. The terms Exclusive objects to on the basis of not being defined include such common English terms as "fact"[2], "name"[3], "date"[4], "description"[5] and "address"[6]. A list of the 138 terms and words that Exclusive claims it does not understand is annexed hereto as Exhibit 7.

Exclusive's Amended Answer (ECF No. 74), asserts that Exclusive acted in "good faith" (9th Aff. Defense). Now that the Plaintiff's 10th Interrogatory asks Exclusive to elaborate on its "good faith" defense, Exclusive objects, and responds that Plaintiff has not defined "good faith", the very words which were used by Exclusive in its answer. Similarly, Exclusive's Amended Answer (ECF No. 74), claims that the Plaintiff and the class members are "exempt" (10th Aff. Defense). In response to Plaintiff's 9th Interrogatory, which asks Exclusive to specify these "exemptions", Exclusive again objects on the basis that the Plaintiff has not defined the very words used by Exclusive in its answer.

"Interrogatories and requests for production should not be read or interpreted in an artificially restrictive or hyper technical manner to avoid disclosure of information fairly covered by the discovery request, and to do so is subject to appropriate sanctions under subdivision (a)." Fed. R. Civ. P. 37 advisory committee's notes (1993 amendment); *see also Nault's Auto. Sales, Inc. v. Am. Honda Motor Co., Acura Auto. Div.*, 148 F.R.D. 25, 36 (D.N.H. 1993) (chastising attorney for employing "strained, hyper-technical interpretations of common English words and phrases, in an apparent effort to slow or thwart the discovery process."); *United States ex rel. Englund v. Los Angeles*, 235 F.R.D. 675, 690 (E.D. Cal. 2006) (granting motion to compel over defendant's "hyper technical" objections to words such as "conditions" and cautioning the defendant that failure to respond may result in the imposition of sanctions.).

**Boilerplate responses.** In response to each and every interrogatory and document request, Exclusive responds:

> Defendant further submits documents attached hereto, and all pleadings, discovery exchanges, and correspondence to date, which plaintiff and codefendants also have copies of. Defendant reserves the right to amend this response as discovery may reveal.

Yet, the only documents supplied by the Exclusive are three pages of what appear to be Excel spreadsheets. (*See* Exhibit 3.) In my letter to Mr. Chong of August 13, 2015 I clearly indicated that "I do not understand what this means." (*See* Exhibit 6.)

An evasive or incomplete answer is the equivalent of a failure to answer. Fed. R. Civ. P. 37(a)(4); *Fann v. Hartford Underwriters Ins. Co.*, Civil Action No. 11-cv-03156-CMA-BNB, 2013 U.S. Dist. LEXIS 65759, at *15, 2013 WL 1858462 (D. Colo. Apr. 16, 2013).

---

[2] Exclusive's Response to Interrogatory No. 1.
[3] Exclusive's Response to Doc. Req. No. 14.
[4] Exclusive's Response to Interrogatory No. 2, Doc. Req. No. 14.
[5] Exclusive's Response to Interrogatory No. 2.
[6] Exclusive's Response to Interrogatory No. 2.

Letter Motion to Compel Exclusive Detailing, Inc.
to respond to Plaintiffs' Frist Set of Document Requests
and Interrogatories
September 3, 2015
Page 4 of 4

STEVEN J. MOSER, P.C.
ATTORNEY AT LAW

### Conclusion

The Plaintiff moves to compel responses to Plaintiffs' interrogatories and document requests pursuant to Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv), respectively.  Plaintiff further requests that in the event that this motion is granted, that Exclusive be required to pay the reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5).

        Respectfully submitted,

        Steven John Moser

CC Via ECF   James E. McGrath, III
                  Melissa M. Stannard
                  Michael K. Chong

Enclosures:

Ex. 1:  Exclusive Detailing's Response to Plaintiff's First Set of Interrogatories
Ex. 2:  Exclusive Detailing's Response to Plaintiff's First Request for Production
Ex. 3:  Exclusive Detailing's Document Exchange consisting of three pages
Ex. 4:  Plaintiff's First Set of Interrogatories to Exclusive
Ex. 5:  Plaintiff's First Set of Document Requests to Exclusive
Ex. 6:  Good Faith Letter to M. Chong dated August 13, 2015
Ex. 7:  List of 138 terms objected to by Exclusive