

# STEVEN J. MOSER, P.C.
### WORKERS' RIGHTS ATTORNEYS

STEVEN J. MOSER, ESQ.  
D. PHUONG NGUYEN, ESQ. ▲

▲ *Admitted NY & MA*

3 SCHOOL STREET, SUITE 207B  
GLEN COVE, NEW YORK  11542

TEL (516) 671.1150  
FAX (516) 882-5420

September 3, 2015

*VIA ECF*

Hon. Steven I. Locke  
United States District Court  
Eastern District of New York  
100 Federal Plaza  
Central Islip, NY  11722

      Re:    *Siancas v. Rallye Motors, et al.,* 14-cv-6151 (JS) (SIL)  
            Letter Motion to Compel Production of ESI

Dear Judge Locke:

    I represent the Plaintiffs in the above referenced class and collective action brought under the NYLL and the FLSA.  I write to request that the Court compel the Defendant Exclusive to produce ESI in native format.

    **Procedural History and Compliance with Local Rule 37.3(a).** On July 27, 2015 Exclusive responded to Plaintiffs' 36 document requests by providing three (3) pages of spreadsheets. (Exhibit 1.)   By email on August 2, 2015 Plaintiffs requested that Exclusive "provide these documents in native format with metadata intact." (Exhibit 2.)  On August 7, 2015 during a telephone conference counsel for Exclusive advised that he did not have an answer regarding the existence of ESI, but he would have an answer by August 12, 2015. At the telephone conference on August 12, 2015, he advised again that although he had spoken with his client, he did not know if the relevant ESI exists, and asked the Plaintiffs to put all of their discovery issues in writing.

    On August 13, 2015 I emailed a five page letter to Mr. Chong again requesting ESI.  Plaintiffs' letter requested that Exclusive supplement its responses within 2 weeks.  As of August 26, 2014 Exclusive did not respond to Plaintiffs' letter of August 13.  I again indicated to Mr. Chong that I would seek judicial intervention if no response was received.

### Argument

    Pursuant to Rule 34(b)(1)(C), a party seeking the production of ESI may specify the form or forms in which electronically stored information is to be produced.  Plaintiffs requested the production of the spreadsheets in native format.

Case 2:14-cv-06151-JS-SIL Document 98 Filed 09/03/15 Page 2 of 2 PageID #: 1658

Letter Motion to Compel Exclusive Detailing, Inc.
to Produce ESI in Native Format
September 3, 2015
Page 2 of 2

STEVEN J. MOSER, P.C.
ATTORNEY AT LAW

Native format is the "default format of a file," access to which is "typically provided through the software program on which it was created." *In re Priceline.com Inc.*, 233 F.R.D. 88, 89 (D. Conn. 2005). "Native files contain *metadata* that memorializes when a document was created…when it was last accessed, and when it was last modified." George L. Paul & Bruce H. Nearo, *The Discovery Revolution: E-discovery Amendments to the Federal Rules of Civil Procedure 86* (ABA 2006).

Courts have ordered Defendants in FLSA cases to produce native files with metadata in order to assure that employee records were made contemporaneously, rather than in response to litigation. *Chen v. LW Rest., Inc.*, No. 10 CV 200(ARR), 2011 U.S. Dist. LEXIS 85403, at *42-43, 2011 WL 3420433 (E.D.N.Y. Aug. 3, 2011); *see also Williams v. Sprint/United Mgmt. Co.*, 230 F.R.D. 640, 653 (D. Kan. 2005) (ordering Defendants to produce files in native format where there were allegations that spreadsheets had been "reworked.")

As the Plaintiffs contest the authenticity of the spreadsheets, there is a heightened need for native files, which contain embedded metadata. "Metadata can assist in proving the authenticity of the content of electronic documents." Appendix E to *The Sedona Guidelines: Best Practice Guidelines & Commentary for Managing Information & Records in the Electronic Age* (2d ed. 2007); *see also Ceglia v. Zuckerberg*, No. 10-CV-00569A(F), 2013 U.S. Dist. LEXIS 45500, at *4, 2013 WL 1208558 (W.D.N.Y. Mar. 26, 2013) (specifically ordering discovery of metadata to determine authenticity of document); *Aguilar v. Immigration &amp; Customs Enf't Div.*, 255 F.R.D. 350, 354 (S.D.N.Y. 2008) (finding that metadata is relevant if the authenticity of a document is questioned); *Williams*, 230 F.R.D. at 647 (citing the Sedona Principles for the proposition that "Metadata can assist in proving the authenticity of the content of electronic document", and ordering the production of native files with metadata intact).

### Conclusion

The Plaintiff requests that the Court order Exclusive to produce the spreadsheets in native format. Plaintiff further requests that in the event that this motion is granted, that Exclusive be required to pay the reasonable expenses incurred in making this motion, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5).

Respectfully submitted,

Steven John Moser

CC Via ECF  James E. McGrath, III
Melissa M. Stannard
Michael K. Chong

Enclosures:
Ex. 1: Exclusive Detailing's Document Exchange consisting of three pages
Ex. 2: Email to M. Chong requesting spreadsheets in native format