STEVEN J. MOSER, P.C.
Steven John Moser (SM1133)
3 School Street, Suite 207B
Glen Cove, New York  11542
Telephone (516) 671-1150
Fax: (516) 882-5420

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Raul Siancas, individually and on behalf of all others similarly situated

                              Plaintiffs,

-*against*-

Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, Rallye Westbury, LLC, and Exclusive Detailing, Inc.,

                              Defendants.

14-cv-4541 (JS)(SIL)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Plaintiff submits this memorandum of law in support of her motion for leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

### PROCEDURAL BACKGROUND

This action was commenced on October 21, 2014 (ECF No. 1).  The action is style as a collective under 29 U.S.C. and a Class Action under Rule 23 to recover overtime wages on behalf of Raul Siancas, and a group of workers who were formally employed by Exclusive Detailing, Inc. and washed and detailed cars at the Rallye Dealerships.   Defaults were entered against the Rallye Defendants on December 8, 2011 (ECF No. 32) and against Exclusive Detailing, Inc. on December 11, 2014 (ECF No. 34).

- 1 -

The Rallye Defendants answered on February 5, 2015 (ECF No. 43), and Exclusive Detailing, Inc. answered on February 13, 2015 (ECF No. 47).   Plaintiff moved to strike certain affirmative defenses asserted by Rallye on February 26, 2015 ( ECF No. 48), and similarly moved against Exclusive Detailing's Answer on March 6, 2015 (ECF No. 54).   The motions were resolved by stipulation.   (ECF Nos. 53 & 61).   Pursuant to this Court's April 8, 2015 Order, Exclusive filed an Amended Answer to the Complaint on April 27, 2015 (ECF No. 74), and the Rallye Defendants filed an Amended Answer to the Complaint on May 6, 2015 (ECF NO. 76).

Following conditional certification of the Plaintiffs' FLSA Claims on May 20, 2015 (ECF No. 80), six additional plaintiffs filed consents (See ECF Nos. 80-85).

At a conference before Magistrate Judge Steven I. Locke on August 24, 2015, he directed the Plaintiff to serve any proposed amended complaint for consideration on the Defendants by September 11, 2015.   To the extent that the parties were unable to agree as to the filing of the Proposed Amended Complaint, Judge Locke directed the Plaintiff to file a motion no later than September 25, 2015.

On September 11, 2015 the Plaintiff served upon Counsel for the Rallye Defendants and Exclusive Detailing a proposed First Amended Complaint.   The Proposed First Amended Complaint, a copy of which is annexed to the Notice of Motion as Exhibit 1, contains the following additional allegations:

1.   Billy Joel Odria is added individually and as a representative of the Rule 23 Class;
2.   Michael Agolia and Lisa Agolia are identified as principals of Exclusive Detailing who were signatories on the payroll account and in fact issued checks for the payment of wages to the Plaintiffs and the class;  employer liability is asserted

against them;

3. Billy Joel Odria asserts post-commencement retaliation/discrimination claims against the Rallye Defendants pursuant to 29 U.S.C. § 215 and NYLL § 215.

**1. The Rallye Defendants Do Not Oppose the Filing of the Proposed First Amended Complaint**

The Rallye Defendants have indicated that they will not be opposing the filing of the amended complaint. They do, however, reserve the right to move against the complaint.

**2. Exclusive Detailing Opposes the Filing of the Proposed First Amended Complaint, But Only to the Extent that it Alleges Individual Liability as to Lisa Agolia**

Michael Chong, attorney for Exclusive Detailing, Inc. has opposed the filing of the proposed amended complaint to the extent that it seeks to add Lisa Agolia as a Defendant. In short, Exclusive asserts that "Lisa Agolia has nothing to do with this matter."

## ARGUMENT:
## PLAINTIFFS' MOTION TO AMEND THE COMPLAINT SHOULD BE GRANTED

**1. The Standard Under Rule 15 is Liberal.**

Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires." As the Supreme Court has held, "this mandate is to be heeded:" In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.' *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly, "[i]f no prejudice is found, then leave normally will be granted." Wright & Miller, Fed. Prac. & Proc. Civ. 2d §1484 (1990 & 2000 Supp.).

"Prejudice may be found, for example, when the amendment is sought after discovery has been closed.... Undue delay [and] bad faith ... are other reasons for denying a motion to amend." *Finlay v. Simonovich*, No. 97 Civ. 1455, 1997 WL 746460, at *1 (S.D.N.Y. Dec. 2, 1997) (citations omitted) (alterations in original).

None of the Foman factors are present here. The Plaintiff makes the motion in a timely manner and within the time prescribed by the Court. Depositions have not yet been conducted. Discovery is far from closed. There is no bad faith.

**2. Plaintiff's Allegations Against Lisa Agolia are Plausible and Meritorious**

The First Amended Complaint alleges that Lisa Agolia is a shareholder, officer, and employee of Exclusive detailing. ¶¶ 33-35. She "determined the rate and method of payment of the Plaintiff Class, and maintained employment records." ¶ 59. She "was a signatory on the payroll account used to pay wages to the Plaintiff Class." ¶ 60. In fact, "[a]ll of the checks for wages issued to the Plaintiff class bear the signature of Lisa Agolia." ¶ 61. To the extent that these individual allegations are insufficient, the Plaintiffs further allege that "Lisa Agolia otherwise exercised sufficient financial and operational control over Exclusive Detailing, Inc. to be considered the employer of the Plaintiff Class" (¶ 62) and that "[u]nder the totality of the circumstances, as a matter of economic reality, Lisa Agolia was the employer of the Plaintiff Class." ¶ 63.

In the individual-liability context, "the remedial nature of the [FLSA] . . . warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.'" *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) (quoting *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999). "The statute provides an empty guarantee absent a financial incentive for individuals with control...to comply with the law." *Irizarry v. Catsimatidis*, 722 F.3d at 110. Nor are the four Carter factors (i.e. whether the alleged employer

- 4 -

had the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records) dispositive. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 10 (2d Cir. 1984); *Herman v. RSR*, 172 F.3d at 139. Instead Since economic reality is determined based upon all the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition. *Herman*, 172 F.3d at 139.

Plaintiffs have made sufficient factual allegations to raise the issue of individual employer liability with regard to Lisa Agolia above the speculative level, assuming that all of the allegations are accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file Plaintiffs' Proposed First Amended Complaint.

Dated: September 25, 2015
       Glen Cove, New York

                                      **STEVEN J. MOSER, P.C.**

                                      By:   /s/ Steven John Moser
                                      Steven John Moser (SM1133)
                                      3 School Street, Suite 207B
                                      Glen Cove, New York  11542
                                      Tel: (516) 671-1150
                                      Fax: (516) 882-5420