LAW OFFICES OF
# MICHAEL K. CHONG LLC

1250 BROADWAY 36TH FL, SUITE 300
NEW YORK, NEW YORK 10001
**(212) 726-1104  FAX (212) 726-3104**
_____

EMAIL: MKC@MKCLAWGROUP.COM

| MICHAEL K. CHONG ‡ | FORT LEE: | HOBOKEN: |
|---|---|---|
| ‡ MEMBER, NJ BAR, U.S.D.C. NEW JERSEY<br>SDNY, NEW YORK<br>EDNY, NEW YORK<br>U.S.C.A 2nd CIRCUIT | 2 EXECUTIVE DRIVE. SUITE 720<br>FORT LEE, NEW JERSEY 07024<br>(201) 708-6675  FAX (201) 708-6676 | 300 HUDSON STREET. STE. 10<br>HOBOKEN, NEW JERSEY 07030<br>(201) 203-7476  FAX (201) 708-6676 |
|  | *Please Reply to: Fort Lee* | DIRECT DIAL: (201) 947-5200 |

November 4, 2015

*Via ECF*
Honorable Steven I. Locke, U.S.M.J.
United States District Court - EDNY
100 Federal Plaza
Central Islip, NY 11722

     Re:    Siancas v. Rallye Motors, LLC et al.
             Docket No.: 2:14-CV-06151-JS-SIL

Dear Judge Locke:

This office represents defendant Exclusive Detailing, Inc. ("Defendant" or "EDI") in regard to the above referenced matter. Please accept the following letter brief, *in lieu* of a more formal brief, in opposition to Plaintiff's Motion For Leave to Amend the Complaint, along with the Affidavit of Lisa Agolia, and Affidavit of Counsel. For the reasons stated herein, it is respectfully submitted that Plaintiffs' Motion For Leave to Amend the Complaint to add Lisa Agoila as a defendant, should be denied.

### I.    PROCEDURAL HISTORY

Plaintiffs filed the initial Complaint on October 21, 2014, asserting alleged violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Defaults were entered against the Rallye defendants (hereinafter "Rallye Defendants") on December 8, 2011 (ECF No. 42), and defendant Exclusive Detailing, Inc. (hereinafter "EDI") on December 11, 2014.  (ECF No. 34).

1

On February 5, 2015, the Rallye Defendants filed an Answer. (ECF No. 43). EDI filed an Answer on February 13, 2015. (ECF No. 47). Pursuant to this Court's April 8, 2015 Order, Defendant EDI filed an Amended Answer to the Complaint on April 27, 2015. (ECF No. 74). On May 6, 2015, Defendants Rallye filed an Amended Answer to the Complaint. (ECF No. 76).

At the August 24, 2015 conference before Magistrate Judge Steven I. Locke, Judge Locke directed Plaintiff to serve any proposed amended complaint for consideration to the Defendants by September 11, 2015.

On September 11, 2015, Plaintiff served Defendants Rallye and EDI a proposed First Amended Complaint. Defendant EDI opposes the filing of the Proposed First Amended Complaint to the extent that it seeks to add Lisa Agoila, and as such, submit the following opposition to Plaintiffs' Motion to Amend.

## II.   LEGAL ARGUMENT

Federal Rule of Civil Procedure 15(a)(1) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).

As Foman "makes equally and explicitly clear, that discretion must be exercised in terms of a justifying reason or reasons consonant with the liberalizing `spirit of the Federal

2

Rules.'" United States v. Continental Illinois Nat'l Bank & Trust, 889 F.2d 1248, 1254 (2d Cir.1989) (quoting Rule 1, Fed. R. Civ. P., which states that the rules are to be construed "to secure the just, speedy, and inexpensive determination of every action.").

### A. THE COURT SHOULD DENY PLAINTIFF'S REQUEST TO ADD LISA AGOILA AS A DEFENDANT

#### 1. Lisa Agolia was merely a part time employee of EDI and Does Not Qualify as an "Employer" under FLSA

Plaintiff alleges that Lisa Agolia is a shareholder, officer and employee of EDI. (Pb 4) [1]; however, the record here establishes that this allegation is entirely without merit. On September 28, 2015 Plaintiff's counsel took the depositions of Michael Agoila, the owner of EDI and Carl Del Almeida, a manger of EDI. Copies of the relevant portions of these depositions are attached as **Exhibits A and B** to the Affidavit of Counsel submitted herewith. Michael Agolia is the owner and President of Defendant EDI. Mr. Agoila testified at his September 28, 2015 deposition that he owns all of the shares of EDI (T1-8:10 to 23; *See also* Lisa Agolia Aff.) [2]. Mr. Agoila further testified that his wife, Lisa Agolia, is not a shareholder or officer of EDI, and that she is merely a part-time employee. *Id*.

Plaintiff alleges that Lisa Agolia's involvement with EDI satisfies the criteria of an employer under the FLSA, and rely upon Carter v. Dutchess Community College, 735 F.2d 8 (2d Cir. 1984). Plaintiff asserts that Mrs. Agoila must be an employer under the FLSA because she: (1) allegedly signed payroll checks; and (2) allegedly exercised sufficient financial and operational control over EDI. (Pb 4 to 5). These two assertions are entirely false. *See* Affidavit of

---

[1] "PB" refers to Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Amend dated September 25, 2015.
[2] "T1" refers to the deposition transcript of Michael Agolia dated September 28, 2015. The relevant portions are attached as **Exhibit A** to the Affidavit of Counsel.
  "T2" refers to the deposition transcript of Carl Del Almeida (improperly transcribed as "Carl Dealmeida") dated September 28, 2015. The relevant portions are attached as **Exhibit B** to the Affidavit of Counsel.

3

Lisa Agoila.

At the beginning of this lawsuit, Plaintiff's counsel subpoenaed the bank records of EDI, and obtained copies of all the EDI employee payroll checks. Plaintiff bases their argument that Lisa Agoila should be a defendant in this matter because her name appears as the signer on certain EDI payroll checks. But as the deposition testimony has confirmed, Mrs. Agoila never signed any of the EDI payroll checks. *See* Michael Agoila transcript; *See also* Agoila Aff.

When EDI was first established, Mr. Agoila was concerned that he was not available, he needed someone to sign checks in an emergency. *See* Michael Agoila transcript; *See also* Agoila Aff. As such, Mr. Agoila added his wife to the EDI bank account, and then had a rubber stamp made of Mrs. Agoila's signature. *Id*. The deposition testimony clarified that the rubber stamp with Mrs. Agoila's signature was used by Gary Guglielmi, the person in charge of handling payroll for EDI employees. *Id*. Mr. Guglielmi would simply stamp Mrs. Agoila's name on the payroll checks. Quite frankly, Mrs. Agoila had no involvement with EDI's payroll at all. *Id.* As such, Plaintiff's contention that Mrs. Agoila should be a defendant in this lawsuit is without merit and should be denied.

The Second Circuit has held that "the New York Labor Law embodies the same standards for joint employment as the FLSA." Grenawalt v. AT&T Mobility, LLC, 937 F. Supp. 2d 438, 448 (S.D.N.Y. 2013) (quoting Paz v. Piedra, No. 09 Civ. 3977, 2012 WL 121103, at *5 (S.D.N.Y. Jan. 12, 2012)). The overarching concern is whether the alleged employer possessed the power to control the workers in question, see Carter v. Dutchess Community College, 735 F.2d 8, 12 (2d Cir. 1984), with an eye to the "economic reality" presented by the facts of each case. Under the FLSA, the factors to determine whether a party is an "employer" include whether the alleged employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *Id*. (internal quotation marks

4

omitted); Herman v. RSR Security Services Ltd., 172 F.3d 132, 139 (2d Cir. 1999). None of the four factors standing alone is dispositive. Brock v. Superior Care, Inc., 840 F.2d 1054, 1059 (2d Cir. 1988). The "economic reality test" encompasses the totality of circumstances, no one of which is exclusive. As such, because "economic reality" is determined based upon all the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition. Rutherford Food Corp v. McComb, 331 U.S. 722, 730, 67 S.Ct. 1473, 91 L.Ed. 1772 (1947) (whether an employer-employee relationship exists does not depend on isolated factor but rather "upon the circumstances of the whole activity").

Here in the instant matter, Lisa Agolia does not meet any of the above criteria to qualify as an employer under the FLSA or NYLL. Lisa Agoila is a full time stay at home mother, who had worked intermittently from home on a part-time basis for EDI, handling administrative tasks, to help her husband's business. *See* Affidavit of Lisa Agoila ("Agoila Aff.").

On September 28, 2015 Plaintiff's counsel took the depositions of Michael Agoila, the owner of EDI and Carl Del Almeida, a manger of EDI. Copies of the relevant portions of these depositions are attached as **Exhibits A and B** to the Affidavit of Counsel submitted herewith. Both depositions are replete with testimony that Lisa Agolia does not satisfy any of the criteria to be considered an "employer." Mrs. Agoila was not in charge of payroll; she did not have the ability to hire and or fire employees; she did not supervise or control employee work schedules; she did not determine employee rate of pay; and she was not involved with maintaining any employment records. (T1-25:4 to 25; T1-39:25 to 40:17; T1-54:14 to 24; T2-16:6 to 11; T2-18:23 to 25; T2-24:6 to 12; T2-28:12 to 24). As such, there is no evidence to suggest that Lisa Agolia was involved in any of the required duties to be deemed an employer.

Lisa Agoila was not involved in any hiring or firing of EDI employees. *See* Affidavit of Lisa Agolia; *See Also* Michael Agolia deposition transcript T1:34-23 to 35:6. Hiring and firing at EDI was handled by EDI's manager Lamark Santos. *Id*. Carl Del Almeida specifically testified,

5

in pertinent part as follows: *"[w]e always let the manager take care of that. You know, in this case it would be Lamark [Santos]. He was in charge of all hiring and firing."* (T2:28-12 to 24).

Lisa Agoila was not in charge of payroll for EDI employees. Michael Agoila and Carl Del Almeida specifically testified that Gary Guglielmi was in charge of payroll and had full authority to sign EDI payroll checks. *See* deposition transcripts of Michael Agoila and Carl Del Almeida. Carl Del Almeida specifically testified that, "*Gary is the guy that does payroll for us*." (T2-16:6 to 11; Agolia Aff. ¶¶ 8-10). This is further established by Michael Agoila's deposition testimony:

> Q. Who is in charge of the payroll?
> A.  Gary Guglielmi.
> Q. How long has Gary Guglielmi been in charge of payroll for Exclusive?
> A. A while. Roughly, God, I would have to say over five years or more. I can't give you an exact date.
> Q. Does Lisa Agolia have the authority to issue payroll checks for Exclusive Employees?
> A. No.
> Q. She doesn't?
> A. No, she doesn't have nothing to do with the payroll.
> (T1:29-3 to 16).

As provided above, at the beginning of this lawsuit, Plaintiff's counsel subpoenaed the bank records of EDI, and obtained copies of all the EDI employee payroll checks. Plaintiff bases their argument that Lisa Agoila should be a defendant in this matter because her name appears as the signer on certain EDI payroll checks. But as the deposition testimony has confirmed, Mrs. Agoila never signed any of the EDI payroll checks. (*See also* Agoila Aff.).

The deposition testimony has clarified that a rubber stamp with Mrs. Agoila's signature was used by Gary Guglielmi, the person in charge of handling payroll for EDI employees. *Id*.

6

Mr. Guglielmi would simply stamp Mrs. Agoila's name on the payroll checks., Mrs. Agoila had no involvement with EDI's payroll at all. *Id.*

Michael Agolia specifically testified that, "[m]y wife is not stamping them [employee checks]. It's whoever writes payroll, so if there's one with Lisa [name] on it, that means he [Gary Guglielmi] had Lisa's stamp, if there's ones with mine on it, he [used] my stamp. He had both." (T1-29:16 to 30:25; Agolia Aff. ¶¶ 8-10).  The only ties as to Lisa Agolia's connection in the production of payroll was a "rubberstamp" with her name on it, which Gary Guglielmi, used to stamp her name.  (Agolia Aff. ¶¶8 - 10).  Accordingly, this single factor alone, does not establish a basis to label Lisa Agolia as an employer under FLSA. *See* McComb, supra, 331 U.S. at 730, 67 S.Ct. 1473, (whether an employer-employee relationship exists does not depend on isolated factor but rather "upon the circumstances of the whole activity").

The depositions further establish that Lamark Santos was solely responsible for supervising employees at EDI, not Lisa Agolia as Plaintiffs allege.  (T1-45:3 to 9; T2-67:13 to 21; Agolia Aff. ¶ 6).  This is further corroborated by Michael Agolia's testimony, when asked about Lisa Agolia's knowledge of this lawsuit, he responded that, *"[m]y wife knows nothing about any of this. She knows no employees, nobody, nothing. So if anyone told you my wife knows them or anybody, they are a liar."* (T1-54:14 to 24; Agolia Aff. ¶ 6). The deposition testimony confirms that Lisa Agolia had no responsibilities relating to EDI's employees. Under the FLSA, such control of employees is central in determining whether an individual can be deemed as an employer.

In sum, Lisa Agolia does not qualify as an "Employer" under FLSA, and thus, Plaintiff should not be permitted to add her as a defendant in this matter. Adding Mrs. Agoila as a defendant would be frivolous and a form of harassment.

### 2. Joinder Will Result in Undue Delay, Prejudice and Will be Futile

Plaintiff also argues that no prejudice can be shown as to the joinder of Lisa Agolia as a

7

Defendant because: (1) none of the Forman factors are present; (2) depositions have not yet been conducted; and, (3) discovery is far from closed. (Pb3 - 4) . Plaintiff's arguments are without merit.

Joinder of Lisa Agolia as a joint employer under FLSA is without merit and will ultimately result in undue delay and prejudice to this lawsuit. The deposition testimony of Michael Agolia and Carl Del Almeida, as discussed above, clearly establish that Lisa Agolia is not a joint employer under the FLSA or NYLL as she did not have any responsibilities listed under the Carter factors.

In addition, undue delay is seemingly present as resolution of the claims will be delayed insofar as discovery has already commenced, and depositions have already been taken. Plaintiff will waste everyone's time with discovery as to Lisa Agoila, when sufficient discovery has been completed to establish that claims against Mrs. Agoila are unwarranted. Moreover, it would be of no importance to this case if Lisa Agolia was not joined as a party as she is not necessary to achieve a "merit-based resolution of the entire controversy." Lavian v. Hagnazari, 884 F. Supp. 670, 674 (E.D.N.Y. 1995).

It is well established that "leave to amend a complaint may be denied when amendment would be futile." Nielsen v. Rabin, 746 F.3d 58, 62 (2d Cir. 2014) (quoting Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006)). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b) (6). Lucente v. Intl Bus. Machs. Corp., 3120 F.3d 243, 258 (2d Cir. 2002).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to `state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In deciding whether to grant a Rule 12(b)(6) dismissal, the court "constru[es] the complaint liberally, accepting all [well-pleaded] factual allegations in the complaint as true, and

8

drawing all reasonable inferences in the plaintiff's favor." Lopez v. Jet Blue Airways, 662 F.3d 593, 596 (2d Cir.2011) (citing Twombly, 550 U.S. at 555-56). "[W]hether a complaint states a plausible claim for relief will [ultimately] . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64. When "well-pleaded factual allegations" are present, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. Thus, factual disputes do not factor into a plausibility analysis under Iqbal and its progeny.

Although all allegations contained in the complaint are assumed to be true, this tenent is "inapplicable to legal conclusions." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Pleadings that "are no more than conclusions ... are not entitled to the assumption of truth." Id. at 679.

Here, Plaintiff has insufficiently pled the required facts to establish an employer-employee relationship as to Lisa Agolia. Plaintiffs entire basis for liability as to Lisa Agolia is dependent upon the same conclusory facts which are identical to the allegations in the Amended Complaint against Defendant EDI owner Michael Agolia. Such allegations are blanket conclusions and should not be entitled to the assumptions of truth as emphasized by the findings established in Iqbal. Joining of Lisa Agolia to this action would be futile as Plaintiff has failed to state a claim upon which relief can be granted.

## **CONCLUSION**

Based on the above, it is respectfully submitted that the Court should deny Plaintiff's request to Amend the Complaint and add Lisa Agoila as a defendant in this matter.


Dated: November 4, 2015	Respectfully submitted,

*Michael K. Chong*

Michael K. Chong, Esq.
*Attorney for Defendant*

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 203-7476
Fx#: (201) 708-6676

2 Executive Drive, Ste. 720
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

1250 Broadway, 36th Floor, Ste. 300
New York, NY 10001
Ph#: (212) 726-1104
Fx#: (212) 726-3104
mkchong@mkclawgroup.com