UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAUL SIANCAS, individually and on behalf of all others similarly situated<br><br>                                        Plaintiffs,<br><br>- against -<br><br>Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Leasing, Inc., Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC Rallye Roslyn Holding, LLC, Rallye Westbury LLC, and Exclusive Detailing, Inc.<br>                                        Defendants. | Case No. 14-CV-06151 (JS)(SIL) |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Steven John Moser (SM1133)
STEVEN J. MOSER, P.C.
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150
(516) 882-5420 (fax)

*Attorneys for Named Plaintiffs and the FLSA Collective*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................ 1

ARGUMENT ........................................................................................................................ 2

1. BY SUBMITTING EVIDENCE OUTSIDE THE PLEADINGS, EXCLUSIVE ATTEMPTS TO TRANSFORM THE MOTION TO AMEND INTO A SUMMARY JUDGMENT EXERCISE. ................................................................................................ 2

2. EXCLUSIVE'S MERITS-BASED ARGUMENTS SHOULD NOT BE CONSIDERED ON THE MOTION TO AMEND. ........................................................................................ 3

3. THE PLAINTIFFS HAVE ALLEGED PLAUSIBLE CLAIMS AGAINST LISA AGOLIA. ............................................................................................................................ 3

4. IN THE EVENT THAT THE COURT DENIES THE INSTANT MOTION TO AMEND, THE PLAINTIFFS SHOULD BE GIVEN LEAVE TO REPLEAD THE ALLEGATIONS AGAINST THE AGOLIAS. ..................................................................... 5

5. THE TRUTH ABOUT LISA AGOLIA'S PARTICIPATION IN EXCLUSIVE .............. 6

6. THERE HAVE BEEN NO DEPOSITIONS ADDRESSING THE MERITS OF THIS CASE; NOR HAS THERE BEEN ANY DISCOVERY PROVIDED BY EXCLUSIVE, DESPITE THE FACT THAT THIS CASE HAS BEEN PENDING FOR OVER A YEAR. .................................................................................................................................. 6

CONCLUSION ..................................................................................................................... 7

# INTRODUCTION

The allegations against Lisa Agolia in the Proposed Amended Complaint are:

32. *Lisa Agolia is a natural person and a resident of the State of New Jersey.*

33. *Upon information and belief, Lisa Agolia was a shareholder of Exclusive Detailing, Inc. during the relevant time period.*

34. *Upon information and belief, Lisa Agolia was an officer of Exclusive Detailing, Inc. during the relevant time period.*

35. *Lisa Agolia was employed by Exclusive Detailing, Inc. during the relevant time period.*

59. *During the relevant time period Lisa Agolia determined the rate and method of payment of the Plaintiff Class, and maintained employment records.*

60. *During the relevant time period Lisa Agolia was a signatory on the payroll account used to pay wages to the Plaintiff Class.*

61. *All of the checks for wages issued to the Plaintiff class bear the signature of Lisa Agolia.*

62. *Lisa Agolia otherwise exercised sufficient financial and operational control over Exclusive Detailing, Inc. to be considered the employer of the Plaintiff Class.*

63. *Under the totality of the circumstances, as a matter of economic reality, Lisa Agolia was the employer of the Plaintiff Class.*

In its opposition to the motion for leave to amend, the Exclusive submits the affidavit of Lisa Agolia, and the Deposition Transcripts of Michael Agolia.

1

## ARGUMENT

1. **BY SUBMITTING EVIDENCE OUTSIDE THE PLEADINGS, EXCLUSIVE ATTEMPTS TO TRANSFORM THE MOTION TO AMEND INTO A SUMMARY JUDGMENT EXERCISE.**

> Here, rather than accepting all well-pleaded facts as true, Defendant[] attempt[s] to transform Plaintiff's motion for leave to amend into a summary judgment exercise.

*Joinnides v. Floral Park-Bellerose Union Sch. Dist.*, No. CV 12-5682 (JS) (AKT), 2015 U.S. Dist. LEXIS 42933, at *40 (E.D.N.Y. Mar. 31, 2015).

"A proposed amendment to a pleading is deemed to be futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis." *Yin v. N. Shore LIJ Health Sys.*, 20 F. Supp. 3d 359, 366 (E.D.N.Y. 2014) (quoting *Kirk v. Heppt*, 423 F. Supp. 2d 147, 149 (2d Cir. 2006). "The Court, therefore, reviews the proposed amendments for futility pursuant to Rule 12(b), <u>under which the Court must accept the factual allegations set forth in the pleading as true</u> and draw all reasonable inferences in favor of the Plaintiff." *Joinnides*, 2015 U.S. Dist. LEXIS 42933, at *39(citing *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006))(emphasis added).

"In conducting this motion to dismiss standard of review, the Court is bound to adjudicate the motion without resorting to any outside evidence." *Mahar v. US Xpress Enters.*, No. Civ. No. 1:06-CV-1297 (GLS/RFT), 2009 U.S. Dist. LEXIS 63441, 2009 WL 2227583, at *1 (N.D.N.Y. July 21, 2009) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)).

But here,

> Defendants have asked the Court to review documents and proof outside the contours of the [proposed amended complaint] which…contravenes the Rule 12(b)(6) standard.[1] Accordingly, Defendants' arguments concerning the sufficiency of the evidence supporting Plaintiff's [Proposed Amended Complaint] are misplaced and premature. The only issue before the Court is whether the amendments, under familiar Rule 12(b)(6) standards, allege a legally cognizable claim, not whether that claim is borne out by the facts or could possibly be dismissed on a motion for summary judgment.

*Joinnides*, 2015 U.S. Dist. LEXIS 42933, at *41.

## 2. EXCLUSIVE'S MERITS-BASED ARGUMENTS SHOULD NOT BE CONSIDERED ON THE MOTION TO AMEND.

Defendant dedicates six pages of its response brief (pages 3-8) to arguing the merits of the claims against Lisa Agolia.  For example, at page 8 Exclusive argues that "[j]oinder of Lisa Agolia as a joint employer under the FLSA is without merit" as demonstrated by "[t]he deposition testimony of Michael Agolia and Carl Del Almeida [sic]."

But "the substantive merits of a claim or defense should not be considered in a motion to amend." *Meyerson v. Wickes Cos. (In re Boesky Sec. Litig.),* 882 F. Supp. 1371, 1379 (S.D.N.Y. 1995) (quoting *Lerman v. Chuckleberry Publ'ns, Inc.,* 521 F. Supp. 228, 231 (S.D.N.Y. 1981)).

## 3. THE PLAINTIFFS HAVE ALLEGED PLAUSIBLE CLAIMS AGAINST LISA AGOLIA.

In deciding whether the amendment would be futile, Exclusive concedes that Court should "construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Lopez v. Jet Blue Airways*, 662 F.3d 593, 596 (2d Cir. 2011) (cited at pages 8-9 of Defendant's Brief).  But,

---

[1] *Mahar v. US Xpress Enters.*, No. Civ. No. 1:06-CV-1297 (GLS/RFT), 2009 U.S. Dist. LEXIS 63441, 2009 WL 2227583, at *1 (N.D.N.Y. July 21, 2009); *see Journal Pub. Co. v. Am. Home Assurance Co.*, 771 F. Supp. 632, 635 (S.D.N.Y. 1991) (stating that "it is axiomatic that a court may not look beyond the face of the complaint on a motion to dismiss for failure to state a claim" and that the court therefore "will consider only the sufficiency of the allegations contained in the Proposed Amended Complaint.")

almost immediately thereafter Exclusive suggests that the allegations against Lisa Agolia "should not be entitled to the assumptions of truth." Def. Brief, at 9. Defendant offers no legal support for this proposition.

Exclusive has dedicated a single paragraph in its brief addressing the allegations in the Proposed Amended Complaint. Def. Brief, at 9. Defendant describes the allegations, which include that Lisa Agolia is a shareholder, officer, and employee of Exclusive (¶¶ 37, 38, 39), that she determined the method of payment of the Plaintiff Class (¶ 64), that she was a signatory on the payroll account used to pay the plaintiffs (¶65), that *each and every check for wages issued to the class* bears her signature (¶66), and that she maintains financial and operational control over Exclusive (¶ 67) as "blanket conclusions."

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). "The definition of 'employer' is similarly expansive under New York law, encompassing any 'person employing any [employee].'" *Doo Nam Yang v. ACBL Corp.,* 427 F, Supp. 2d 327, 342 (S.D.N.Y. 2005). "The Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer," and because of the statute's "remedial nature," courts should apply a broad "interpretation of its provisions so . . . [as to] have 'the widest possible impact in the national economy.'" *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999) (quoting *Carter v. Dutchess Comm. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984)).

The FLSA "provides an empty guarantee absent a financial incentive for individuals with control…to comply with the law." *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013). And the "overwhelming weight of authority" is that a corporate officer, who has operational control of a corporation is an employer and along with the corporation, is jointly and severally

4

liable under the FLSA for unpaid wages. *Drozd v. Vlaval Constr., Inc.*, No. 09 CV 5122 (SJ), 2011 U.S. Dist. LEXIS 156415, at *17-18 (E.D.N.Y. Oct. 18, 2011).

4. **IN THE EVENT THAT THE COURT DENIES THE INSTANT MOTION TO AMEND, THE PLAINTIFFS SHOULD BE GIVEN LEAVE TO REPLEAD THE ALLEGATIONS AGAINST THE AGOLIAS.**

> Although courts commonly look to proposed amendments to determine futility, courts need not determine futility based only on an assessment of the proposed amendments-- that is, the complaint presented to the court for its consideration. *Cf. Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 235 (2d Cir. 2007) (directing the district court to consider "whether the proposed amendment or different amendments to the complaint should be allowed") (emphasis added). Instead, courts may consider all possible amendments when determining futility.

*Panther Partners Inc. v. Ikanos Communs., Inc.*, 347 F. App'x 617, 622 (2d Cir. 2009).

Here, we do not yet have the complete banking records of Exclusive Detailing. Copies of checks obtained indicate that Mr. Agolia and Mrs. Agolia wrote checks to themselves and even their daughter out of the Exclusive account for without treating those distributions as wages. Shortly after learning of this lawsuit Mr. Agolia wrote himself two checks out of Exclusive totaling $13,000.00, because in his words "I wanted my money back." (Agolia Dep., 33:16). Now he claims that the Exclusive checking account is empty, he is "broke" and "has nothing." (Agolia Dep. 34:21-22). This is a company which only a year ago had approximately 100 employees.

Even assuming, therefore, that the Court denies the motion to amend as futile, it is appropriate in this case to allow the Plaintiffs leave to replead claims of liability against Michael and Lisa Agolia personally, because they have disregarded the corporate entity and comingled personal and company property.

## 5. THE TRUTH ABOUT LISA AGOLIA'S PARTICIPATION IN EXCLUSIVE

It is startling that Mr. Chong argues at this point that Mrs. Agolia has nothing to do with Exclusive's business. The truth is:

1. She was identified Exclusive's initial disclosures as a person with knowledge and information regarding the subject matter of this lawsuit;

2. She appeared in Court at the last Court Conference with Michael Chong although her presence was not noted;

3. She and her husband are the original officers of Exclusive Detailing;

4. She had the authority to issue payroll checks;

5. All checks for wages to the plaintiff class bear her signature;

6. She was responsible for monitoring the checking account to make sure there were sufficient funds to make payments, including those for wages to employees;

7. She issued checks for payment of expenses;

8. Exclusive Detailing is based out of the Agolia's home;

9. Mr. Chong described Exclusive Detailing as a "mom and pop" business in a letter to the Court

If the Court deems that the instant motion should be converted to one for summary judgment, the Plaintiff will submit documents outside of the pleadings to support these statements.

## 6. THERE HAVE BEEN NO DEPOSITIONS ADDRESSING THE MERITS OF THIS CASE; NOR HAS THERE BEEN ANY DISCOVERY PROVIDED BY EXCLUSIVE, DESPITE THE FACT THAT THIS CASE HAS BEEN PENDING FOR OVER A YEAR.

The only depositions in this case have been addressed to the production of the opt-in list. Exclusive Detailing has not produced a single document prepared in the ordinary

6

course of business in this litigation. To put it simply, we are still at "square one" with discovery from Exclusive. They have not even provided a complete opt-in list, as will be addressed in a separate motion to the court.

Under these circumstances, there has been no showing of prejudice or delay.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that the motion be granted in its entirety. Plaintiffs further request that to the extent that the Court determines that individual liability against Lisa Agolia has not been sufficiently alleged, that Plaintiff be given leave to replead such allegations, as this will not be an exercise in futility. This is especially important in this case as it appears as the Agolias have left Exclusive an empty shell from which no judgment will be collectable. The FLSA "provides an empty guarantee absent a financial incentive for individuals with control…to comply with the law." *Irizarry*, 722 F.3d at 110. For years the Agolias have been living off of the fruits of the labors of the plaintiff class. They should not be able to receive the financial benefits of the Plaintiffs' labors without bearing the ultimate responsibility for making the class whole.

Dated: Glen Cove, New York
November 9, 2015

>Respectfully submitted,
>STEVEN J. MOSER, P.C.
>*Attorneys for Plaintiffs and FLSA Collective*
>
>/s/
>By: Steven John Moser (SM1133)
>3 School Street, Suite 207B
>Glen Cove, New York 11542
>(516) 671-1150
>(516) 882-5420 (fax)
>smoser@moseremploymentlaw.com

7