STEVEN J. MOSER, P.C.
ATTORNEY AT LAW

STEVEN J. MOSER
stevenjmoserpc@gmail.com

3 SCHOOL STREET, SUITE 207B
GLEN COVE, NY 11542

TEL: (516) 671-1150
FAX: (516) 882-5420

April 1, 2016

VIA ECF

Hon. Steven I. Locke
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY  11722

    Re:    *Siancas v. Rallye Motors, et al.,* 14-cv-6151 (JS) (SIL)
                Motion for Default/To Strike Defendant EDI's Answer

Dear Judge Locke:

      I represent the Plaintiffs in the above referenced FLSA matter.  I submit this letter motion for entry of a Default Judgment against Exclusive Detailing, Inc. (EDI), and for an order striking EDI's Answer for its defiance of this Court's Orders of November 12, 2015 and December 4, 2015.

## LAW

      "If a party…fails to obey an order to provide or permit discovery, the court…may issue further just orders", including "striking pleadings" and "rendering a default judgment against the disobedient party." Fed R. Civ. P. 37(b)(2)(A)(iii) & (vi).  "Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." <u>Reilly v. NatWest Mkts. Grp. Inc.</u>, 181 F.3d 253, 267 (2d Cir. 1999), (citing <u>New York State NOW v. Terry</u>, 886 F.2d 1339, 1354 (2d Cir. 1989)).

## THE NOVEMBER 12, 2015 ORDER

      On September 3, 2015, Plaintiffs moved to Compel Exclusive Detailing, Inc. (EDI) to respond to Plaintiffs' Interrogatories and Document Requests. (ECF No. 97).  EDI had previously produced payroll spreadsheets for Raul Siancas, copies of which are annexed hereto as Exhibit 1.  By separate motion on September 3, 2015, Plaintiffs moved to Compel the production of these spreadsheets in native format with metadata. (ECF No. 98).

      On November 12, 2015, following a conference at which EDI had an opportunity to be heard, the Court granted these motions (ECF Nos 97 & 98) and specifically directed:

1. "The EDI Defendants will respond to Plaintiff's Interrogatories in total and without objection on or before December 14, 2015.  With respect to Interrogatory 4, the years at issue should be 2012-2015."

2. "The EDI Defendants will…respond to Plaintiff's Request for Production of Documents without objection on or before December 14, 2015.  Each responsive document will be bates stamped and Defendants will identify by bates stamp number each document that is responsive to each request."

3. EDI will produce the payroll spreadsheets for Raul Siancas in native format on or before December 14, 2015.

Civil Conference Minute Order, ECF No. 107 (Nov. 12, 2015)(Exhibit 2 hereto).

On December 31, 2015, Michael Chong, counsel for EDI, furnished Supplemental Responses to Plaintiffs' First Set of Interrogatories and First Request for Production of Documents.  (Exhibits 3 & 4 respectively).

EDI'S COUNSEL HAS DEFIED THE COURT'S NOVEMBER 12, 2015 ORDER

**Interrogatories.**  Mr. Chong has asserted numerous objections to Plaintiffs' interrogatories, despite the specific order to answer the interrogatories "without objection."   The Supplemental Responses to Plaintiffs' Interrogatories are not verified.

The supplemental response actually begins with two pages of "general objections." *See* Exhibit 3.  Counsel for EDI again objected to Interrogatories Nos. 1, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18.   In fact, EDI has only answered two (2) of the eighteen (18) interrogatories without objection.

More concerning is that counsel for EDI continues to assert creative "definitional objections" which the Court specifically directed him not to do.  For example, counsel for EDI objects to interrogatory No. 8 on the basis that "it fails to define 'individual'; 'knowledge'; 'overtime'; 'manner of recording hours worked'; 'calculation'; 'wages'; 'compensation'; 'premium'; 'wage statements'; 'wage notices'; 'good faith'; and 'lack of willfulness.'"  On November 12, 2015 the court observed that there was no legal basis for such objections.

Also concerning is EDI's response to interrogatory No. 4.  The original interrogatory requested EDI's "gross yearly sales for the years 2002, 2003, 2004, and 2005."  The obvious typographical error was corrected by the Court on November 12, 2015 to cover the years 2012-2015.  *See* Exhibit 2.

EDIs supplemental response to interrogatory No. 4 nevertheless states:

> *The complaint in this matter was filed on October 21, 2014.  The years requested, 2002 to 2005, are irrelevant."*

Letter Motion to Hon. Steven I. Locke, USMJ
April 1, 2016
Page 3 of 4

Case 2:14-cv-06651-JS-SIL  Document 122  Filed 04/01/16  Page 3 of 4 PageID #: 1877

STEVEN J. MOSER PC.
ATTORNEY AT LAW

**Document Requests.**  Counsel for EDI, despite being instructed to respond without objection, has again objected to Document Requests Nos. 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35 and 36.  EDI has not produced a *single document* with its Supplemental Response to Plaintiff's Document Request.  In response to Document Request No. 3, EDI states that it "will provide its corporate tax returns for the relevant time period."  However, EDI has never provided these documents.  In response to Document request No. 4, EDI states that it "has provided all payroll and time records."  However, no records are attached.

**ESI.**  EDI never produced the spreadsheets containing the wage and hour information in native format for Raul Siancas as directed by the Court in its November 12, 2015 order.

### THE DECEMBER 4, 2015 DOCKET ORDER

On November 15, 2016 Plaintiff filed a second motion for production of ESI. (ECF No. 109).  EDI had previously exchanged PDF spreadsheets purportedly containing weekly payroll information for all EDI employees at Rallye Motors.  Plaintiff sought the production of these payroll spreadsheets in native format, with metadata.

On December 4, 2015, after giving EDI an opportunity to be heard, the Court issued a Docket Order as follows:

> Defendant Exclusive Detailing Inc. shall produce the Excel spreadsheets that were previously produced as PDF documents in their native form with metadata intact. The files should be copied to disk or USB flash drive and produced no later than 12/11/15.

A copy of the docket order is annexed hereto as Exhibit 5.

### EDI'S COUNSEL HAS DEFIED THE DECEMBER 4, 2015 DOCKET ORDER

Counsel for EDI produced a flash drive in December 2015 containing spreadsheets. . . However, <u>each one of these spreadsheets was modified by Mr. Chong before it was saved to the flash drive</u>.  Annexed hereto as Exhibit 6 are screenshots of the files exchanged by counsel for EDI.  The contents of each file indicate that they were last modified by Michael Chong on December 7, 2015.  *See* Exhibit 6.

### CONCLUSION

Although not required to by the rules, Plaintiff has brought the issues raised in this motion to the attention of counsel for EDI.

On December 12, 2015 I brought to Mr. Chong's attention that all of the ESI exchanged by his office had been modified by him on December 7, 2015.  To date, EDI has not complied with the order to produce ESI in native format, with metadata intact.

On January 2, 2016 I reminded counsel for EDI that "Judge Locke ordered Exclusive to answer all interrogatories and documents without objection", and asked EDI to voluntarily comply with the Court's order by January 8, 2016.  They refused.  Again, on January 4, 2016 I reminded counsel for EDI that this Court's order directed "that each interrogatory and document request is to be responded to without objection."  An email exchange is annexed hereto as Exhibit 7.

Wherefore, Plaintiffs request that a Default Judgment be entered against Exclusive Detailing, Inc. (EDI), and that EDI's Answer be stricken.

                                            Respectfully submitted,

                                            Steven John Moser

Attachment:   Exhibit 1: Payroll spreadsheets for Raul Siancas
              Exhibit 2: Civil Conference Minute Order, ECF No. 107 (Nov. 12, 2015)
              Exhibit 3: EDI's Supplemental Responses to Plaintiffs' First Set of Interrogatories
              Exhibit 4: EDI's Supplemental Responses to Plaintiff's First Request for
                    Production of Documents
              Exhibit 5: Docket order of December 4, 2016
              Exhibit 6: Screenshots of the files exchanged by counsel for EDI
              Exhibit 7: Email exchanges.