

MOSER LAW FIRM, P.C.

Steven J. Moser, Esq.
Phone 631-759-4054
smoser@moseremploymentlaw.com

August 12, 2021

VIA ECF

Hon. Steven I. Locke, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     *Siancas v. Rallye Motors,* 2:14-cv-06151-JS-SIL

Dear Judge Locke:

    I represent the Plaintiffs in the above captioned matter.  I write to request that the claims claims asserted against the Defendant Exclusive Detailing, Inc. be dismissed without prejudice pursuant to FRCP 41 and that the bankruptcy stay ordered by the Court on May 17, 2016 be lifted.

    On October 21, 2014, Plaintiffs filed this action to remedy violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 *et seq.* and the New York Labor Law Article 19, §§ 650 *et seq.*  The action was brought against Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, and Rallye Westbury, LLC (the "Rallye Defendants"), and Exclusive Detailing, Inc. ("Exclusive"). The complaint alleged that the Plaintiffs were joint employees of the defendants who washed and detailed automobiles at various Rallye dealerships. The principals of Exclusive (Michael Agolia and Lisa Agolia), were not named Defendants.  On September 25, 2015, Plaintiffs filed a motion to amend the complaint to, *inter alia,* add Michael Agolia and Lisa Agolia as individual defendants.  *See* Dkt. Nos. 99-100.

    On April 4, 2016, Exclusive advised the Court that it would be filing for bankruptcy.  *See* Docket No. 124.  On May 5, 2016, Michael Agolia and Lisa Agolia also advised the Court that they had filed a bankruptcy petition in the District of New Jersey.  *See In re Agolia,* 16-bk-13291; Dkt. No. 126.  On May 9, 2016, Exclusive filed its bankruptcy petition in the District of New Jersey.  *See In re Exclusive Detailing, Inc.,* 16-bk-19065; Docket No. 128.

    On May 17, 2016, the Court stayed the action pending resolution of the bankruptcy proceedings and denied Plaintiff's motion to amend the complaint without prejudice.  *See* Dkt. No. 129.

    On June 12, 2019, the bankruptcy case filed by Michael Agolia and Lisa Rossi (Agolia) was dismissed and any discharge was vacated.  A copy of the Order and Notice of Order Dismissing Case are annexed hereto as Exhibit 1.

The bankruptcy petition filed by Exclusive is still pending.  However, it appears that there will be no assets to distribute.  According to statements furnished by Michael Agolia to the Bankruptcy Court on August 15, 2016, Exclusive had only  $43,000 in funds in its checking account and had accounts receivable of $120,000.00, for total assets of $163,000.00.  Exclusive also owed approximately $60,000 to the US Department of Labor/Wage and Hour Division, and approximately $20,000 to the State of New Jersey.  *Not including the numerous lawsuits claiming wage violations*, Exclusive had liabilities of almost $200,000, and the cash on hand would not even satisfy Exclusive's liability to the Department of Labor.  A copy of Exclusive's bankruptcy submission is annexed hereto as Exhibit 2.

The bankruptcy petition of Exclusive is unnecessarily holding up the prosecution of this case.  It appears that there will be no benefit to waiting for the bankruptcy proceeding to resolve, as there are insufficient funds to even satisfy Exclusive's governmental obligations.   Therefore, Plaintiffs respectfully request that the claims against Exclusive Detailing, Inc. be dismissed without prejudice pursuant to FRCP 41. Upon dismissal of the claims against Exclusive, Plaintiffs will re-file a modified motion to amend the complaint.

Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

Encl.

MOSER LAW FIRM, P.C.
5 EAST MAIN STREET, HUNTINGTON, NEW YORK  11743
WWW.MOSEREMPLOYMENTLAW.COM