MOSER LAW FIRM, P.C.
Steven John Moser (SM1133)
5 East Main Street
Huntington, NY  11743
631-824-0200
steven.moser@moserlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Raul Siancas, individually and on behalf of all others similarly situated

                              Plaintiffs,

-against-

Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, Rallye Westbury, LLC, and Exclusive Detailing, Inc.,

                              Defendants.

14-cv-4541 (JS)(SIL)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Plaintiff submits this memorandum of law in support of her motion for leave to amend pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.

### PROCEDURAL BACKGROUND

This action was commenced on October 21, 2014 (ECF No. 1).  The action is style as a collective under 29 U.S.C. and a Class Action under Rule 23 to recover overtime wages on behalf of Raul Siancas, and a group of workers who were formally employed by Exclusive Detailing, Inc. ("Exclusive") and washed and detailed cars for Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, and Rallye Westbury, LLC ("Rallye Dealerships").

- 1 -

The Rallye Dealerships answered on February 5, 2015 (ECF No. 43), and Exclusive Detailing, Inc. answered on February 13, 2015 (ECF No. 47). Plaintiff moved to strike certain affirmative defenses asserted by Rallye on February 26, 2015 ( ECF No. 48), and similarly moved against Exclusive Detailing's Answer on March 6, 2015 (ECF No. 54). The motions were resolved by stipulation. (ECF Nos. 53 & 61). Pursuant to this Court's April 8, 2015 Order, Exclusive filed an Amended Answer to the Complaint on April 27, 2015 (ECF No. 74), and the Rallye Defendants filed an Amended Answer to the Complaint on May 6, 2015 (ECF NO. 76).

Following conditional certification of the Plaintiffs' FLSA Claims on May 20, 2015 (ECF No. 80), six additional plaintiffs filed consents (See ECF Nos. 80-85).

On September 25, 2015, Plaintiffs filed a motion to amend the complaint to, inter alia, add Michael Agolia and Lisa Agolia, the alleged principals of Exclusive, as individual defendants. *See* ECF Nos. 99-100. On April 4, 2016, Exclusive advised the Court that it would be filing for bankruptcy. *See* ECF No. 124. On May 5, 2016, Michael Agolia and Lisa Agolia also advised the Court that they had filed a bankruptcy petition in the District of New Jersey. *See In re Agolia,* 16-bk-13291; ECF No. 126. On May 9, 2016, Exclusive filed its bankruptcy petition in the District of New Jersey. *See In re Exclusive Detailing, Inc.,* 16-bk-19065; ECF No. 128.

On May 17, 2016, the Court stayed the action pending resolution of the bankruptcy proceedings and denied Plaintiff's motion to amend the complaint without prejudice. *See* ECF No. 129. On June 12, 2019, the bankruptcy case filed by Michael Agolia and Lisa Agolia a/k/a/ Lisa Rossi was dismissed and any discharge was vacated. A copy of the Order and Notice of Order Dismissing Case were furnished to the Court on August 12, 2021. *See* ECF No. 133-1.

On August 12, 2021 the Plaintiff moved to dismiss the claims against Exclusive without prejudice. *See* ECF No. 133.

The motion to dismiss the claims against Exclusive was granted on November 1, 2021. *See* ECF No. 134. The Court directed the Plaintiff to file the Motion to Amend the Complaint by November 24, 2022. Due to a calendaring error, the deadline to file the Motion to Amend was not entered into Plaintiffs' counsels' case management system. The calendaring clerk is no longer employed by the Moser Law Firm. Recently, as part of a routine file review of all files, the calendaring error was discovered. Plaintiffs respectfully request that the Court grant leave to file the annexed Proposed First Amended Complaint *nunc pro tunc* as of March 1, 2022.[1] There will be no prejudice to the Defendants, who have benefitted from a 6 year delay due to the bankruptcy filings.

Plaintiffs prepared a revised proposed First Amended Complaint and forwarded same to opposing counsel to find out if the Defendants would consent to the amendment. By this motion, Plaintiffs now move to amend the complaint.

1. **The Rallye Defendants Do Not Oppose the Filing of the Proposed First Amended Complaint**

The Rallye Defendants have indicated that they will not be opposing the filing of the amended complaint. They do, however, reserve the right to move against the complaint.

2. **Exclusive Detailing Opposes the Filing of the Proposed First Amended Complaint, But Only to the Extent that it Alleges Individual Liability as to Lisa Agolia**

Michael Chong, attorney for Exclusive Detailing, Inc. has opposed the filing of the proposed amended complaint to the extent that it seeks to add Lisa Agolia as a Defendant. In

---

[1] "Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness. Hence, it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control." *Rittmaster v. Painewebber Group, Inc. (In re Painewebber Ltd. P'ships Litig.),* 147 F.3d 132, 135 (2d Cir. 1998); see also *Richard v. N.Y.C. Dep't of Educ.*, No. 16 CV 957 (MKB) (CLP), 2017 U.S. Dist. LEXIS 207712, at *5 (E.D.N.Y. Dec. 14, 2017)

short, Exclusive asserts that "Lisa Agolia has nothing to do with this matter."

## ARGUMENT:
## PLAINTIFFS' MOTION TO AMEND THE COMPLAINT SHOULD BE GRANTED

1. **The Standard Under Rule 15 is Liberal.**

Fed. R. Civ. P. 15(a) states that "leave [to amend] shall be freely given when justice so requires." Rule 21 of the Federal Rules of Civil Procedure provides, in relevant part, that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." FED. R. CIV. P. 21. "The same liberal standard afforded to motions to amend pursuant to Rule 15 is applicable to motions to add a new party pursuant to Rule 21." *Zucker v. Porteck Glob. Servs.*, No. 13-CV-2674(JS)(AKT), 2015 U.S. Dist. LEXIS 144132, at *10 (E.D.N.Y. Oct. 23, 2015).

As the Supreme Court has held, "this mandate is to be heeded: In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]efusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules.'" *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d Cir. 1995) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

2. **Lisa Agolia Bears the Burden of Proving Prejudice or Futility**

As the non-moving party, Lisa Agolia bears the burden of demonstrating that the proposed amendment would be prejudicial or futile. *Blaskiewicz v. County of Suffolk*, 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998); *Zucker*, 2015 U.S. Dist. LEXIS 144132, at *10.

3. **Plaintiff's Allegations Against Lisa Agolia are Plausible and Meritorious**

The First Amended Complaint alleges that Lisa Rossi a/k/a Lisa Agolia is a shareholder,

officer, and employee of Exclusive detailing. ¶¶ 33-35. She "determined the rate and method of payment of the Plaintiff Class, and maintained employment records." ¶ 59. She "was a signatory on the payroll account used to pay wages to the Plaintiff Class." ¶ 60. In fact, "[a]ll of the checks for wages issued to the Plaintiff class bear the signature of Lisa Agolia." ¶ 61. To the extent that these individual allegations are insufficient, the Plaintiffs further allege that "Lisa Agolia otherwise exercised sufficient financial and operational control over Exclusive Detailing, Inc. to be considered the employer of the Plaintiff Class" (¶ 62) and that "[u]nder the totality of the circumstances, as a matter of economic reality, Lisa Agolia was the employer of the Plaintiff Class." ¶ 63.

In the individual-liability context, "the remedial nature of the [FLSA] . . . warrants an expansive interpretation of its provisions so that they will have 'the widest possible impact in the national economy.'" *Irizarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013) (quoting *Herman v. RSR Sec. Servs.*, 172 F.3d 132, 139 (2d Cir. 1999). "The statute provides an empty guarantee absent a financial incentive for individuals with control...to comply with the law." *Irizarry v. Catsimatidis*, 722 F.3d at 110. Nor are the four Carter factors (i.e. whether the alleged employer had the power to hire and fire the employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment, or maintained employment records) dispositive. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 10 (2d Cir. 1984); *Herman v. RSR*, 172 F.3d at 139. Instead Since economic reality is determined based upon all the circumstances, any relevant evidence may be examined so as to avoid having the test confined to a narrow legalistic definition. *Herman*, 172 F.3d at 139.

Plaintiffs have made sufficient factual allegations to raise the issue of individual employer liability with regard to Lisa Agolia above the speculative level, assuming that all of the allegations

are accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548, 127 S. Ct. 1955, 1961 (2007).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request leave to file Plaintiffs' Proposed First Amended Complaint.

Dated: Huntington, New York
March 1, 2022

MOSER LAW FIRM, P.C.

By: /s/ Steven John Moser
Steven John Moser (SM1133)
5 East Main Street
Huntington, New York 11743
Tel 631-824-0200
steven.moser@moserlawfirm.com