UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RAUL SIANCAS, *individually and on behalf of all others similarly situated*,

                        Plaintiffs,

   -against-

RALLYE MOTORS, LLC, RALLYE MOTORS HOLDING, LLC, RALLYE LEASING, INC., RALLYE GLEN COVE, LLC, RALLYE NORTHERN, LLC, RALLYE ROSLYN, LLC, RALLYE ROSLYN HOLDING, LLC, RALLYE WESTBURY, LLC, and EXCLUSIVE DETAILING, INC.,

                        Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
14-CV-6151 (JS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this wage and hour and employment discrimination action is Plaintiff Raul Siancas's ("Plaintiff" or "Siancas") Motion for Leave to File a First Amended Complaint ("Plaintiff's Motion" or "Pl. Mot."), Docket Entry ("DE") [136],[1] pursuant to Rules 15(a) and 21 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). By way of Complaint dated October 21, 2014, Plaintiff commenced this action against Defendants Rallye Motors, LLC, Rallye Motors Holding, LLC, Rallye Leasing, Inc., Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, Rallye Westbury, LLC (collectively, the "Rallye Defendants"), and Exclusive Detailing, Inc. ("EDI," and together with the

---

[1] This matter is automatically referred to this Court for a Memorandum and Order pursuant to Rule III(H)(1) of the Honorable Joanna Seybert's Individual Rules and Practices.

1

Rallye Defendants, the "Defendants") alleging, on behalf of himself and all others similarly situated: (1) violations of the FLSA's overtime pay provisions; and (2) violations of the New York Labor Law's ("NYLL") provisions concerning overtime pay, spread of hours pay, wage statement requirements, and wage notice requirements. *See* Complaint ("Compl."), DE [1]. Through Plaintiff's motion, Siancas seeks to add: (i) an individual known as Billy Joel Odria ("Odria") as a Named Plaintiff; (ii) individuals known as Michael Agolia and Lisa Agolia (together, the "Agolias") as Defendants; and (iii) to allege two additional causes of action on only Odria's behalf against the Rallye Defendants for discrimination in violation of both the FLSA and NYLL. *See generally* Pl. Mot. For the reasons set forth herein, Plaintiff's Motion is granted in its entirety, and Plaintiff may file his Amended Complaint consistent with this Memorandum and Order.

### I.  BACKGROUND

#### A. The Parties

Unless otherwise indicated, the facts set forth herein are taken from Plaintiff's proposed First Amended Complaint ("FAC"), DE [136-1], and are accepted as true for purposes of the instant motion.

The Rallye Defendants are a collective of Delaware limited liability companies, with principal places of business in Nassau County, New York, that own and operate multiple automobile dealerships across Long Island. *See* FAC ¶¶ 10-22. At times during the six year period immediately preceding the filing of the Complaint, EDI – a New Jersey Corporation with its principal place of business in Hawthorne, New Jersey that was owned and operated by the New Jersey-residing Agolias – employed

2

individuals to clean and detail cars at four of the Rallye Defendants' dealerships located in Westbury, Roslyn, and Glen Cove, New York. *See id.* at ¶¶ 23-35.

Siancas is a Nassau County resident who worked at one of the Rallye Defendants' Roslyn, New York automobile dealerships from approximately February 2013 until approximately February 2014, during which time he was paid entirely by EDI. *See id.* at ¶¶ 1, 75-76. Odria, also a Nassau County resident, worked at the same Roslyn, New York automobile dealership from approximately August 25, 2014 until approximately December 17, 2014, and from "early 2015" until approximately April 2015. *Id.* at ¶¶ 2, 86. Odria was paid exclusively by EDI during the 2014 portion of his employment and exclusively by non-party Ernie's Auto Detailing ("Ernie's") during the 2015 portion of his employment. *See id.* at ¶¶ 87-88.

### B. **Siancas's Individual Allegations**

During the period of time that EDI paid Siancas, he worked exclusively at the Rallye dealership located at 1600 Northern Boulevard, Roslyn, New York, 11576. *See id.* at ¶ 77. Siancas was allegedly paid $8 per hour for all hours worked while paid by EDI, despite the fact that he "regularly worked overtime." *Id.* at ¶¶ 78-79. For the duration of his employment of Siancas, EDI allegedly failed to pay him his earned minimum, overtime, or spread of hours wages. *See id.* at ¶¶ 80-81. Moreover, at least three times per week for the duration of his employment, EDI allegedly denied Siancas an uninterrupted meal period of at least 30 minutes, but nevertheless deducted ½ hour for lunch for each day worked, from his paycheck. *Id.* at ¶ 82. Additionally, according to Siancas, Defendants neither kept accurate records of his

3

hours worked, nor provided him with the statutorily required wage notices or wage statements. *See id.* at ¶¶ 83-85.

### C. Odria's Individual Allegations

During his employment with both EDI and Ernie's, Odria worked exclusively at the Rallye dealership located at 1600 Northern Boulevard, Roslyn, New York, 11576. *See id.* at ¶¶ 89-90. During this time, Odria was allegedly paid $9 per hour for all hours worked, despite the fact that he "regularly worked overtime." *Id.* at ¶¶ 91-92. Additionally, according to Odria, Defendants neither kept accurate records of his hours worked, nor provided him with statutorily required wage notices or wage statements. *Id.* at ¶¶ 93-95.

Odria further alleges that the Rallye Defendants "were made aware of [his] participation in this lawsuit through a declaration he submitted in support of a motion for conditional certification." *Id.* at ¶ 96. In approximately April 2015, while Odria was working at the above-mentioned Roslyn, New York automobile dealership, one of the Rallye Defendants' service and parts directors, Charles Ludemann ("Ludemann"), allegedly approached Odria's direct supervisor and expressed his (Ludemann's) displeasure that Odria's employment had not yet been terminated. *See id.* at ¶ 97. Shortly after this interaction, Odria's supervisor expressed to him that he "d[idn't] want any problems with [Ludemann]." *Id.* at ¶ 98. Approximately two weeks later, Odria's supervisor told him, "Charlie said you can't work overtime." *Id.* at ¶ 99. For the next two weeks, Odria was only permitted to work 40 hours per week, forcing him to resign because he was "unable to support his family on a 40 hour

4

workweek." *See id.* In late August 2015, Odria received a telephone call from "Junior", the valet manager at Rallye Mercedes-Benz, regarding a job application that Odria had submitted prior to his involvement in the instant lawsuit. *See id.* at ¶¶ 100-01. During this call, Junior allegedly explained to Odria that his (Odria's) involvement in the instant action "was causing problems for Rallye, and that [Junior] could only offer [Odria] a job if he agreed to drop his claims." *See id.* at ¶ 102. Odria declined to "drop his claims" and had not, as of the filling of Plaintiff's Motion, heard back from Junior regarding his job application. *See id.*

### D. **Defendants' Joint Employment Responsibility Allegations**

According to Plaintiff, the Rallye Defendants: (i) "controlled the facilities in which the Plaintiffs and others similarly situated were employed"; (ii) "supervised the activities of the Plaintiffs and those similarly situated"; (iii) exercised control over the work schedules of Siancas, Odria, and those similarly situated; and (iv) Siancas, Odria, and other similarly situated workers "reported directly to the Rallye dealerships" on a daily basis. *See id.* at ¶¶ 37-40. Siancas and Odria performed "discrete line-jobs that [were] integral to Rallye's automobile service and repair process." *Id.* at ¶ 51. At all relevant times, the Rallye Defendants represented to their clients that Siancas and Odria were employed by Rallye, not EDI. *See id.* at ¶¶ 45-46, 50. In this regard, the Agolias allegedly employed Siancas, Odria, and the approximately 60 additional similarly situated EDI employees in that the Agolias: (i) were empowered to hire and fire each employee; (ii) supervised and controlled the general conditions of employment; (iii) determined each employee's rate and method

5

of payment; and (iv) were responsible for maintaining all relevant employment records.  *See id*. at ¶¶ 54-62, 66.

### E. Procedural History

Based on the above, Siancas commenced this action against Defendants on October 21, 2014, *see* Compl., and consented to become a party in a collective action on October 23, 2014.  *See* DE [4].  On December 5, 2014, after the time for the Rallye Defendants to appear or otherwise defend this action passed, Siancas requested a Certificate of Default, *see* DE [31], and the Clerk of the Court entered defaults against the Rallye Defendants on December 8, 2014.  *See* DE [32].  Similarly, on December 11, 2014, after the time for EDI to appear or otherwise defend this action passed, Plaintiff requested, and received, a Certificate of Default against EDI.  *See* DEs [33]-[34].  The next day, Plaintiff voluntarily withdrew his claims against Rallye Leasing, Inc. without prejudice, *see* DE [35], and Rallye Leasing was dismissed from this matter on December 14, 2014.  *See* December 14, 2014 Electronic Order.

On January 7, 2015, the Siancas and the Rallye Defendants agreed to vacate the defaults entered against the Rallye Defendants, *see* DE [38], which Judge Seybert granted on January 9, 2015.  *See* DE [39].  On January 12, 2015, Plaintiff and EDI agreed to vacate the default entered against EDI, *see* DE [42], which Judge Seybert ordered the next day.  *See* January 13, 2015 Electronic Order.  The Rallye Defendants filed their Answer on February 5, 2015, *see* DE [43], while EDI filed its Answer on February 13, 2015.  *See* DE [47].  The parties appeared before this Court for an Initial Conference on April 16, 2015, after which point discovery commenced.  *See* DE [64].

EDI filed an Amended Answer on April 27, 2015, *see* DE [74], while the Rallye Defendants filed their Amended Answer on May 6, 2015. *See* DE [76]. This Court certified this matter as an FLSA collective action on May 20, 2015, and Odria consented to become a party in a collective action on June 11, 2015. *See* DEs [80]-[81]. Siancas initially moved to amend the Complaint on September 25, 2015, *see* DE [99], which only EDI opposed on November 4, 2015. *See* DEs [102]-[104]. Discovery and settlement discussions continued until May 17, 2016, *see* DEs [109]-[127], at which point this matter was stayed pending the outcome of bankruptcy proceedings initiated by EDI. *See* DEs [128]-[129].

On August 12, 2021, Siancas sought to: (i) withdraw all claims against EDI; and (ii) lift the bankruptcy stay imposed on May 17, 2016. *See* DE [133]. Judge Seybert granted Plaintiff's motion on November 1, 2021, and: (i) dismissed EDI from this action; (ii) lifted the bankruptcy stay; and (iii) directed Siancas to serve and file his motion to amend the Complaint by November 24, 2021. *See* DE [134]. Notwithstanding these instructions, Plaintiff did not file his motion to amend until March 1, 2022, *see* DE [135], which this Court denied without prejudice to refiling in accordance with its bundling rule. *See* March 10, 2022 Electronic Order. Siancas filed his fully-briefed motion for leave to file an amended Complaint on March 25, 2022, *see* Pl. Mot., which the Rallye Defendants oppose. *See* Rallye Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint ("Defendants' Opposition" or "Def. Opp."), DE [137]. Plaintiff's Motion was automatically referred to this Court on March 25, 2022. *See generally* Pl. Mot. For

the reasons set forth below, the Court grants Plaintiff's Motion in its entirety, and permits Siancas to file his First Amended Complaint to: (i) add Odria as a Named Plaintiff and the Agolias as Defendants in this matter; and assert (ii) the FAC's first five causes of action against the Agolias; and (iii) Odria's two individual causes of action against the Rallye Defendants. The First Amended Complaint shall be filed within seven days of the date of this Memorandum and Order.

## II.  LEGAL STANDARDS

### A. Legal Standard Under Fed. R. Civ. P. 15(a)

Pursuant to Fed. R. Civ. P. 15(a), courts have discretion to allow parties to amend their pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires."); *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012)) ("A court should freely give leave when justice so requires, and such leave is in the court's discretion.") (internal quotation omitted). The amendment standard is liberal so as to permit plaintiffs "to assert matters that were overlooked or were unknown at the time of the original complaint or answer." *RCX I, LLC v. Pitter-Nelson*, No. 11-cv-03513, 2014 WL 5809514, at *5 (S.D.N.Y. Nov. 6, 2014) (internal quotation marks, citation and alterations omitted).

A Rule 15 motion should be denied however, where there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment[.]"

*Amaya*, 285 F.R.D. at 253; *see also Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 310 (S.D.N.Y. 2021) (quoting *Agerbrink v. Model Serv. LLC,* 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016)) ("a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile."). The party opposing a motion to amend bears the burden of establishing that the amendment should be denied. *See Baptiste v. Suffolk Cnty.*, No. 19-cv-42, 2022 WL 1224570, at *4 (E.D.N.Y. Apr. 26, 2022) (quoting *Joinnides v. Floral Park-Bellerose Union Sch. Dist.*, No. 12-cv-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015)) ("With respect to the Rule 15(a) factors, '[t]he party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile.'").

### B. Standard for Addition of Parties Under Fed. R. Civ. P. 21

Where, as here, the plaintiff also seeks to add new parties, Fed. R. Civ. P. 21 governs, providing that "the court may at any time, on just terms, add or drop a party[.]" *Bunay Villa v. Prima Contr. Ltd.*, No. 16-cv-6266, 2020 WL 3035202, at *2 (E.D.N.Y. May 29, 2020) (quoting *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 268 F.R.D. 160, 165 (E.D.N.Y. 2010)). Rule 21 is intended to allow joinder of a person "who, through inadvertence, mistake, or some other reason has not been made a party and whose presence as a party is later found necessary or desirable." *Gale v. Smith & Nephew, Inc.*, No. 12-cv-3614, 2013 WL 9874422, at *5 (S.D.N.Y. Sept. 13, 2013) (citation omitted). In deciding whether to permit the addition of a party under Rule 21, courts apply the "same standard of liberality afforded to motions to amend

9

pleadings under Rule 15." *Jaigua v. Kayafas Contracting Co. Inc.*, No. 18-cv-1941, 2019 WL 1115025, at *2 (E.D.N.Y. Mar. 11, 2019) (internal quotation marks and citation omitted); *see also Romero v. Bestcare, Inc.*, No. 15-cv-7397, 2018 WL 1702001, at *7, n. 12 (E.D.N.Y. Feb. 28, 2018), *report and recommendation adopted*, 2018 WL 1701948 (E.D.N.Y. Mar. 31, 2018) (quoting *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 146 (E.D.N.Y. 2007)) ("It is generally accepted that no material difference exists between the standards articulated by Rules 15(a) and 21, and, as such, where parties satisfy the requirements under Rule 15(a) for leave to amend, they will generally be permitted to add parties under Rule 21.").

When evaluating a motion for leave to amend a complaint to add a defendant, courts evaluate: (1)"whether the amendment to add…a defendant would be futile. A proposed amendment is futile if the proposed claim could not withstand a Rule 12(b)(6) motion to dismiss"; (2) "whether Plaintiffs have exhibited undue delay in bringing the motion to amend"; (3) whether "the amendment would…be unfairly prejudicial"; and (4) "whether Plaintiffs have demonstrated bad faith so that an amendment to the Complaint should be prohibited." *See Khazin v. City of New York*, No. 17-cv-3779, 2020 WL 13518233, at *7 (E.D.N.Y. Jan. 29, 2020) (citing *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 303-04 (E.D.N.Y. 2013)). Accordingly, parties should be allowed to amend their pleadings to add new parties unless there is evidence of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Bryant v. Carlisle Carrier Corp.*,

10

No. 13-cv-578, 2014 WL 712592, at *1 (E.D.N.Y. Feb. 25, 2014) (quoting *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995)).

### III.  DISCUSSION

Applying the standards outlined above, and for the reasons set forth below, the Court grants Plaintiff's Motion in its entirety, and permits Siancas to file his First Amended Complaint to: (i) add Odria as a Named Plaintiff and the Agolias as Defendants in this matter; and assert (ii) the FAC's first five causes of action against the Agolias; and (iii) Odria's two individual causes of action against the Rallye Defendants.

#### A.  <u>The Rallye Defendants' Opposition to Plaintiff's Motion</u>

The Rallye Defendants initially oppose Plaintiff's Motion on two predominantly procedural grounds: (i) Siancas's motion for leave to file the FAC was not timely served and filed; and (ii) Plaintiff's request for an extension of time to seek leave to file the FAC – because of a "calendaring error" by a (former) clerk in Siancas's counsel's office – does not constitute good cause as a matter of law. *See generally* Def. Opp. The Rallye Defendants do not assert any substantive reasons, *i.e.* – prejudice or futility – for which the Court should deny Plaintiff's Motion. *See id.*

Where, as here, a scheduling order governs amendments to the complaint, a plaintiff who wishes to amend the complaint after the deadline to do so has passed, "must show good cause" in order to modify the deadline. *See BPP Illinois. LLC v. Royal Bank of Scotland Grp. PLC*, 859 F.3d 188, 195 (2d Cir. 2017) (quoting *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009)). In determining whether a movant has satisfied the "good cause" standard, "the primary consideration is whether the moving

11

party can demonstrate diligence" in filing its motion. *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007).

Diligence is not, however, the only consideration in the "good cause" analysis. Specifically, the court may also consider other relevant factors, "including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *See id.* In gauging prejudice, courts consider – among other factors – whether an amendment would require the non-moving party to "expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *See Charter Communications, Inc. v. Local Union No. 3, Intl. Bhd. of Elec. Workers, AFL-CIO*, 338 F. Supp. 3d 242, 254-55 (S.D.N.Y. 2018) (citing *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12-cv-5651, 2013 WL 3466810, at *5 (S.D.N.Y. July 8, 2013); *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)).

Based on these standards, the Court concludes that Plaintiff's Motion should be granted and Siancas may file his First Amended Complaint. Initially, the parties do not dispute that Siancas filed the instant motion on March 25, 2022, *see* Pl. Mot., approximately four months after the November 24, 2021 deadline set by Judge Seybert. *See* DE [134]. Plaintiff's Motion was thus filed after the deadline, and he must demonstrate good cause in order for that deadline to be retroactively extended. *See BPP Illinois. LLC*, 859 F.3d at 195. The first prong of the "good cause" analysis – Siancas's diligence in filing his motion to amend – cuts slightly against Plaintiff because the only excuse proffered for the four-month delay is a "calendaring error"

12

that occurred within his counsel's office.  *See* Memorandum of Law in Support of Plaintiff's Motion to Amend the Complaint ("Pl. Mem."), DE [136-2], at 3.  While the Court is sympathetic to counsel's plight, it also acknowledges that multiple courts within this Circuit have held that internal attorney-calendaring errors are insufficient to overcome a non-moving party's showing of prejudice in opposition to a motion to amend.  *See, e.g., Joseph v. Korn*, No. 19-cv-7147, 2021 WL 912163, at *2 (E.D.N.Y. Mar. 9, 2021); *Chin Yong Kim v. Napolitano*, No. 16-cv-9516, 2018 WL 5818095 (S.D.N.Y. Aug. 17, 2018) (plaintiff's counsel's staffing and calendaring problems did "not provide sufficient basis for a finding of good cause or excusable neglect" for extension of the deadline).  For these reasons, the Court next evaluates the evidence of prejudice proffered by the Rallye Defendants.

A review of the Rallye Defendants' Opposition demonstrates no prejudice from the delay.  Indeed, the Rallye Defendants make no substantive argument concerning prejudice at all.  *See generally* Def. Opp.  Moreover, they appear to have ignored Plaintiff's undisputed contention that they did not oppose Siancas's initial 2015 motion to amend the Complaint, which was filed just prior to this case being stayed because of EDI's bankruptcy filing.  *See* DE [100] at 3.  Finally, while the Rallye Defendants do argue that they were prejudiced by the passage of time directly attributable to the bankruptcy stay, Plaintiff did not cause this delay, so it cannot serve as a basis to deny the motion.  *See generally* Def. Opp; *see also Baptiste*, 2022 WL 1224570, at *4; *Joinnides*, 2015 WL 1476422, at *9.

13

Additionally, the FAC contains ample factual allegations against the Rallye Defendants, on Odria's behalf. Specifically, Odria asserts that the Rallye Defendants knew of his participation in the instant suit and, in an attempt to coerce him into "drop his claims" against them, denied him the opportunity to work overtime and rejected his application to work as a valet at one of the Rallye Defendants' dealerships. *See* FAC ¶¶ 96-102. For these reasons, the Court rejects the Rallye Defendants' arguments, and grants Plaintiff's Motion such that: (i) Siancas may add Odria as a Named Plaintiff in this action; (ii) the deadline for Siancas to seek leave to amend the Complaint is extended, *nunc pro tunc*, to and including March 25, 2022; and (iii) Plaintiff is directed to file his proposed First Amended Complaint, DE [136-1], within seven days of the date of this Memorandum and Order.

### B. The Agolias' Opposition to Plaintiff's Motion

The Court similarly permits Siancas to add the Agolias as Defendants in this action pursuant to Fed. R. Civ. P. 21. As a threshold matter, the Court notes that the Agolias have not formally opposed Plaintiff's Motion.[2] In fact, the only document evincing the Agolias' opposition is Plaintiff's memorandum of law in support of his motion to amend the Complaint. *See* Pl. Mem. at 3-4. Specifically, according to Plaintiff, EDI (which is no longer a party to this action) apparently opposes including Lisa Agolia as a Defendant in this matter because "Lisa Agolia has nothing to do with this matter." *Id.* at 4. Based on both this representation and Michael Agolia's lack

---

[2] The Court notes that as there is no indication on the docket that the Agolias were ever served with Plaintiff's Motion they retain their rights to answer or otherwise move against the First Amended Complaint.

14

of opposition to the instant motion, the Court will permit Siancas to both add Michael Agolia as a Defendant in this matter and file the FAC against him.

Lisa Agolia, on whose behalf at least some opposition to Plaintiff's Motion appears to have been raised, must establish that the FAC cannot be filed against her because: (1) the FAC cannot withstand a Rule 12(b)(6) motion to dismiss; (2) Siancas exhibited "undue delay in bringing the motion to amend"; (3) her addition to this matter as a Defendant would be "unfairly prejudicial"; or (4) Plaintiff demonstrated "bad faith" in seeking to add her to this matter as a Defendant at this juncture. *See Khazin*, 2020 WL 13518233, at \*7. Lisa Agolia's failure to substantively oppose Plaintiff's Motion, however, leaves her unable to satisfy her burden on these factors. *See id.*

Moreover, Siancas's proposed First Amended Complaint contains ample factual allegations against her, such that a Rule 12(b)(6) motion to dismiss the FAC would likely fail. Specifically, Siancas alleges that Lisa Agolia: (i) was, at all relevant times, an EDI shareholder, officer, and employee; (ii) determined the rates and methods of pay of Siancas, Odria, and all other similarly situated EDI employees, as well as maintained their relevant employment records; and (iii) appeared as a signatory on both the payroll account and individual checks used to pay wages to all Plaintiffs in this action. *See* FAC ¶¶ 33-35, 59-61. For these reasons, the Court concludes that the proposed FAC as against Lisa Agolia would be able to survive a Rule 12(b)(6) motion to dismiss, rendering it neither be futile nor prejudicial as against her. *See Monahan v. New York City Dep't. of Corrections,* 214 F.3d 275, 284

15

(2d Cir. 2000); *Henry v. Murphy*, No. M-82, 2002 WL 24307, at *2 (S.D.N.Y. Jan. 8, 2002), *aff'd.* 50 Fed. App'x 55 (2d Cir. 2002); *A.V. by Versace Inc. v. Gianni Versace, S.p.A.,* 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000). Accordingly, the Court grants Plaintiff's Motion and permits: (i) Siancas to add the Agolias as Defendants; and (ii) Siancas and Odria to file the first five causes of action of the FAC against the Agolias.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion in its entirety, and permits Siancas to file his First Amended Complaint to: (i) add Odria as a Named Plaintiff and the Agolias as Defendants in this matter; and assert (ii) the FAC's first five causes of action against the Agolias; and (iii) Odria's two individual causes of action against the Rallye Defendants. The First Amended Complaint shall be filed within seven days of the date of this Memorandum and Order.

Dated:    Central Islip, New York
          October 13, 2022

**SO ORDERED**

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

16