UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RAUL SIANCAS individually and on behalf of all others similarly situated,

CIVIL ACTION NO.: 14-cv-6151

Plaintiffs,

- against -

**FIRST AMENDED COMPLAINT**

Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, Rallye Westbury, LLC, Exclusive Detailing, Inc., Michael Agolia, and Lisa Agolia

Defendants.

Raul Siancas, ("Plaintiff") individually and on behalf of all others similarly situated as class representative, by his attorney, Steven J. Moser, P.C., as and for his First Amended Complaint against Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Leasing, Inc., Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, Rallye Westbury, LLC (collectively Referred to herein as "Rallye"), Exclusive Detailing, Inc. ("Exclusive"), Michael Agolia and Lisa Agolia, alleges as follows:

## INTRODUCTION

1.  This case is an action to remedy the failure of the Defendants to pay Plaintiff and those similarly situated overtime premium pay as required by the Fair Labor Standards Act (FLSA) 29 U.S.C. §201 et seq. and the New York Labor Law Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.

2.  The Plaintiffs also bring this case for Spread of Hours Violations, Wage Statement Violations, and Wage Notice Violations under the NYLL.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

## VENUE

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to claims in this Class Action Complaint occurred within the Eastern District.

## SUMMARY OF CAUSES OF ACTION

6. By this Complaint, the Plaintiff asserts the following causes of action against the Defendants:

   (a) A *First Cause of Action* for failure to pay overtime under the FLSA, 29 U.S.C. 201 *et seq.* and the supporting regulations;

   (b) A *Second Cause of Action* for unpaid overtime under the NYLL;

   (c) A *Third Cause of Action* for failure to pay spread of hours pay as required by the NYLL and the supporting regulations of 12 NYCRR §§142-2.4 and 142-2.18;

   (d) A *Fourth Cause of Action* for failure to provide wage notices under Section 195.1 of the NYLL; and

   (e) A *Fifth Cause of Action* for failure to provide wage statements as required by Section 195.1 of the NYLL.

## PARTIES

7. Plaintiff Raul Siancas is a natural person who resides in Nassau County, New York.

8. Defendants Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Leasing, Inc., Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, and Rallye Westbury, LLC ("Rallye") own and operate automobile dealerships on Long Island.

9. Rallye operates a dealership under the trade name Rallye BMW at 1 Brush Hollow Road, Westbury, New York 11590.

10. Rallye operates a dealership under the trade name Rallye Motors at 1600 Northern Blvd., Roslyn, New York 11576.

11. Rallye operates a dealership under the trade name Rallye Acura at 1750 Northern Blvd., Roslyn, New York 11576.

12. Rallye operates a dealership under the trade name Rallye Lexus at 20 Cedar Swamp Road, Glen Cove, New York 11542.

13. Together, the dealerships identified in paragraphs 8-11 herein (collectively "the Rallye dealerships") comprise "the largest luxury dealership group on Long Island." http://www.rallye.com (last visited 10/18/2014).

14. Defendant Rallye Motors, LLC, is a Delaware Limited Liability Corporation with a principal place of business in the County of Nassau, State of New York.

15. Rallye Motors Holding LLC, is a Delaware Limited Liability Corporation with a principal place of business in the County of Nassau, State of New York.

16. Rallye Leasing, Inc., is a Delaware Corporation with a principal place of business in the County of Nassau, State of New York.

17. Rallye Glen Cove, LLC, is a Delaware Limited Liability Corporation with a principal place of business in the County of Nassau, State of New York.

18. Rallye Northern, LLC, is a Delaware Limited Liability Corporation with a principal place of business in the County of Nassau, State of New York.

19. Rallye Roslyn, LLC, is a Delaware Limited Liability Corporation with a principal place of business in the County of Nassau, State of New York.

20. Rallye Roslyn Holding, LLC, is a Delaware Limited Liability Corporation with a principal place of business in the County of Nassau, State of New York.

21. Rallye Westbury, LLC is a Delaware Limited Liability Corporation with a principal place of business in the County of Nassau, State of New York.

22. Defendant Exclusive Detailing, Inc. is a New Jersey Corporation with a principal place of business at 485 Lafayette Ave, Hawthorne, NJ 07506.

23. At times during the six year period immediately preceding the filing of this complaint and up to the present time (the "relevant time period"), Exclusive cleaned and detailed cars at the Rallye dealership located at 1 Brush Hollow Road, Westbury, New York 11590.

24. At times during the relevant time period Exclusive cleaned and detailed cars at the Rallye dealership located at 1600 Northern Blvd., Roslyn, New York 11576.

25. At times during the relevant time period Exclusive cleaned and detailed cars at the Rallye dealership located at 1750 Northern Blvd., Roslyn, New York 11576.

26. At times during the relevant time period Exclusive cleaned and detailed cars at the Rallye dealership located at 20 Cedar Swamp Road, Glen Cove, New York 11542.

27. Michael Agolia is a natural person and a resident of the State of New Jersey.

28. Upon information and belief, Michael Agolia was a shareholder of Exclusive Detailing, Inc. during the relevant time period.

29. Upon information and belief, Michael Agolia was an officer of Exclusive Detailing, Inc. during the relevant time period.

30. Michael Agolia was employed by Exclusive Detailing, Inc. during the relevant time period.

31. Lisa Agolia is a natural person and a resident of the State of New Jersey.

32. Upon information and belief, Lisa Agolia was a shareholder of Exclusive Detailing, Inc. during the relevant time period.

33. Upon information and belief, Lisa Agolia was an officer of Exclusive Detailing, Inc. during the relevant time period.

34. Lisa Agolia was employed by Exclusive Detailing, Inc. during the relevant time period.

35. The Plaintiff Class consists of all individuals formally employed by Exclusive Detailing who were employed at the Rallye dealerships and cleaned, washed, or detailed cars.

## ALLEGATIONS REGARDING JOINT EMPLOYER LIABILITY UPON RALLYE MOTORS

36. In the view of the United States Court of Appeals for the Second Circuit, the broad language of the Fair Labor Standards Act (FLSA), 29 U.S.C.S. § 201 et seq., as interpreted by the United States Supreme Court in *Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947), demands that a district court look beyond an entity's formal right to control the physical

performance of another's work before declaring that the entity is not an employer under the FLSA. *Ling Nan Zheng v. Liberty Apparel Co.*, 355 F.3d 61, 63 (2d Cir. 2003)

37. At all relevant times, Rallye controlled the facilities in which the Plaintiff and others similarly situated were employed.

38. Rallye supervised the activities of the Plaintiff and those similarly situated.

39. Rallye exercised control over the work schedules of the Plaintiff and those similarly situated.

40. On a daily basis, the Plaintiff and other similarly situated workers reported directly to the Rallye dealerships.

41. Rallye Motors' service department's hours of operation were from Monday-Thursday, 6:30 am – 8:00 pm, Friday from 6:30 am – 6:00 pm and Saturday from 8:00 am – 4:00 pm.

42. Rallye Lexus' service department's hours of operation were from Monday-Friday, 7:30 am - 7:00 pm and on Saturday from 8:00 am - 4:00 pm.

43. Rallye BMW's service department's hours of operation were from Monday-Friday, 6:30 am – 7:00 pm and on Saturday from 8:00 am – 4:30 pm.

44. Rallye Acura's service department's hours of operation were from 7:00 am – 6:00 pm on Monday, Tuesday, Thursday, and Friday, from 7:00 am to 8:00 pm on Wednesday, and 8:00 am to 4:00 pm on Saturday.

45. Plaintiff and other similarly situated workers were issued Rallye uniforms.

46. Rallye does not represent to its clients that the Plaintiff and others similarly situated are employed by Exclusive.

47. Rallye represents to its clients that the Plaintiff and others similarly situated are employed by Rallye.

48. The Rallye Motors website states that it offers a "courtesy car wash" and "full detail center." http://www.rallyemotors.com/servicedept (last visited 10/19/2014).

49. The Rallye Motors website also features a video depicting, in part, a worker washing a car. The voiceover states: "Your service adviser will inform you when the work is complete, and you'll be back on the road, in your freshly serviced, freshly washed Mercedes-Benz."

50. Upon information and belief, Exclusive is not permitted to advertise its services to Rallye customers nor solicit business from them.

51. The Plaintiff and others similarly situated work exclusively at Rallye.

52. The Plaintiff and others similarly situated performed a discrete line-job that was integral to Rallye's automobile service and repair process.

53. The compensation agreement between Rallye and Exclusive is such that Exclusive is not paid sufficient amounts to (1) compensate employees for overtime, (2) pay the spread of hours premium (2) pay the employer's share of FICA tax (6.2%) and Medicare tax (1.45%), (3) pay the cost of New York State Unemployment Insurance or Disability Insurance, or (4) provide Worker's Compensation insurance.

54. Based upon the totality of the circumstances, as a matter of economic reality the Plaintiff and others similarly situated were employed by Rallye for purposes of the FLSA.

# ALLEGATIONS REGARDING JOINT EMPLOYER LIABILITY

# UPON MICHAEL AGOLIA AND LISA AGOLIA

55. During the relevant time period Michael Agolia had the power to hire and fire the Plaintiff Class, supervised and controlled conditions of employment, determined the rate and method of payment, and maintained employment records.

56. During the relevant time period Michael Agolia was a signatory on the payroll account used to pay wages to the Plaintiff Class.

57. Michael Agolia otherwise exercised sufficient financial and operational control over Exclusive Detailing, Inc. to be considered the employer of the Plaintiff Class.

58. Under the totality of the circumstances, as a matter of economic reality, Michael Agolia was the employer of the Plaintiff Class.

59. During the relevant time period Lisa Agolia determined the rate and method of payment of the Plaintiff Class, and maintained employment records.

60. During the relevant time period Lisa Agolia was a signatory on the payroll account used to pay wages to the Plaintiff Class.

61. All of the checks for wages issued to the Plaintiff class bear the signature of Lisa Agolia.

62. Lisa Agolia otherwise exercised sufficient financial and operational control over Exclusive Detailing, Inc. to be considered the employer of the Plaintiff Class.

63. Under the totality of the circumstances, as a matter of economic reality, Lisa Agolia was the employer of the Plaintiff Class.

# THE NEW YORK CLASS

64. The Plaintiff bring the Second, Third, Fourth and Fifth Causes of Action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class consisting of all individuals formally employed by Exclusive Detailing who worked cleaned, washed, or detailed cars at the Rallye dealerships at any time during the six year period immediately preceding the filing of this complaint and up to the present time.

65. Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

66. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable.

67. The precise number of persons in the New York Class is within the knowledge of the defendants. Upon information and belief, the size of the New York Class is at least 60 workers.

68. Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

69. The Second, Third, Fourth, and Fifth Causes of Action are properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to: (1) whether the class members were paid for all overtime hours at the overtime rate; (2) whether the class members

received wage notices in conformity with the New York Wage Theft Prevention Act; (3) whether the class members received wage statements in conformity with the New York Wage Theft Prevention Act; (4) whether the class members received spread of hours pay; and (5) whether the Defendants are liable as joint employers of the class members.

70. The claims of the Plaintiff are typical of the claims of the New York Class he seeks to represent. The Plaintiff and the New York Class Members work or have worked for Defendants and have been subjected to their uniform policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week, failing to issue wage notices as required by the Wage Theft Prevention Act, failing to provide wage statements that conform to the requirements of the Wage Theft Prevention Act, and failing to pay spread of hours pay.

71. The Plaintiff will fairly and adequately represent and protect the interests of the New York Class. The Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately. The Plaintiff recognizes that as class representative, he must represent and consider the interests of the New York Class just as he would represent and consider his own interests. The Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interest over those of the New York Class. The Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. The Plaintiff understands that in order to provide adequate representation, he must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in his possession, and testify, if required, at a deposition and at trial.

72. The Plaintiff has retained counsel competent and experienced in complex class action employment litigation.

73. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices, and the determination of joint employer liability.

## THE FLSA COLLECTIVE

74. Plaintiff brings the First Cause of Action as a Collective Action pursuant to 29 U.S.C. 216. The "FLSA Collective" consists of all individuals formally employed by Exclusive Detailing who cleaned, washed or detailed cars at the Rallye dealerships at any time during the three (3) year period immediately preceding the filing of this complaint and up to the present time.

75. Defendants, as Joint Employers are liable under the FLSA for, inter alia, failing to properly compensate Plaintiff and the FLSA Collective. The FLSA claims in this lawsuit should be adjudicated as a collective action. Upon information and belief, there are many similarly situated current and former employees of Defendants who have been underpaid in violation of

the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF'S FACTUAL ALLEGATIONS

76. Plaintiff Raul Siancas worked at the Rallye dealership located at 1600 Northern Blvd., Roslyn, New York 11576 from approximately February 2013 until approximately February 2014.

77. During the period of time that Raul Siancas worked at the aforementioned dealership, he was paid by Exclusive Detailing.

78. During the period of time that Exclusive paid Raul Siancas, he worked exclusively at the Rallye dealership located at 1600 Northern Blvd., Roslyn, New York, 11576.

79. Raul Siancas was paid $8 per hour for all hours worked.

80. Raul Siancas regularly worked overtime.

81. For instance, for the week ending April 20, 2013, Raul Siancas worked 67 hours. He was paid $536.00 ($8.00 for each hour worked). Exclusive did not withhold any amounts from Mr. Siancas paycheck, nor did Exclusive pay the employer's share of FICA (6.2%) and Medicare (1.45%) taxes.

82. During that same week he worked a spread of hours of at least ten (10) hours from Monday through Friday. Because he was not paid overtime at the proper overtime rate, his regular rate of pay fell below the minimum wage. He was therefore entitled to the spread of hours premium as required by the NYLL and the supporting regulations of 12 NYCRR §§ 142-2.4 and 142-2.18.

83. At least three times per week, Mr. Siancas did not have an uninterrupted meal period of at least ½ hour. Instead, for these days he took a brief lunch break of between 10-20 minutes. Despite the fact that Mr. Siancas did not receive a bona-fide meal period at least three times per week, the defendants deducted ½ hour for lunch for each day worked. Mr. Siancas was therefore deprived of approximately 1 ½ hours of compensable working time each week.

84. Defendants failed to keep accurate records of Mr. Siancas' hours worked.

85. Mr. Siancas never received a wage notice as required by Section 195 of the NYLL.

86. Mr. Siancas was not provided with a Wage Statement with each payment of wages as required by Section 195 of the NYLL.

## FIRST CAUSE OF ACTION

FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET SEQ. ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE

87. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

89. At all times relevant, Plaintiff and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

90. The overtime wage provisions set forth in the FLSA apply to Defendants and protect Plaintiff and the FLSA Collective.

91. Defendants were each an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

92. Defendants' employees handled, sold and otherwise worked on goods or materials that have been moved in or produced for commerce by any person, and each Defendant has at least $500,000 of annual gross volume of sales made during the relevant time period.

93. At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

94. Defendants employed the FLSA Collective as employers.

95. Defendants failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

96. Defendants failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

97. Defendants' violations of the FLSA, as described in this Class Action Complaint, have been willful and intentional.

98. Defendants did not make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiff and the members of the FLSA Collective.

99. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

100. As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, including the employer's share of FICA and Medicare taxes and liquidated damages,

prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 et seq.

## SECOND CAUSE OF ACTION

NEW YORK LABOR LAW ARTICLE 19, §§ 650 ET SEQ., AND THE SUPPORTING

NEW YORK STATE DEPARTMENT OF LABOR REGULATIONS, 12 N.Y.C.R.R. 142

ON BEHALF OF PLAINTIFF AND THE NEW YORK CLASS

101. Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

102. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

103. At all times relevant the Plaintiff and the members of the New York Class have been employees and Defendants have been joint employers within the meaning of the NYLL.

104. The Plaintiff and the members of the New York Class are covered by the NYLL.

105. Defendants failed to pay the Plaintiff and the New York Class Members overtime wages to which they are entitled under NYLL Article 19, §§ 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

106. Defendants failed to pay Plaintiff and the New York Class Members for overtime at a wage rate of one and one-half times their regular rate of pay.

107. Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Class Members.

108. Defendants' violations of the NYLL, as described in this Class Action Complaint, have been willful and intentional.

109. Due to Defendants' violations of the NYLL, the Plaintiff and the New York Class Members are entitled to recover from Defendants their unpaid overtime wages and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes, and reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION

FOR SPREAD OF HOURS PAY UNDER THE NEW YORK LABOR LAW
AND 12 NYCRR §§142-2.4 and 142-2.18 ON BEHALF OF THE PLAINTIFF
AND THE NEW YORK CLASS

110. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111. Defendants have willfully failed to pay Plaintiff and the members of the New York Class additional compensation of one hour's pay at the minimum hourly wage rate for each day during which the spread of hours exceeded 10.

112. By Defendants' failure to pay Plaintiff and the members of the Rule 23 Class spread of hours pay, Defendants have willfully violated the NYLL Article 19, §§ 650 et seq. and the supporting New York State Department of Labor regulations specifically 12 NYCRR §§142-2.4 and 142-2.18.

113. Due to Defendants' violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendants their unpaid spread of hours pay, liquidated damages, as provided for by NYLL Article 6, § 198, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

# FOURTH CAUSE OF ACTION

FOR WAGE NOTICE VIOLATIONS UNDER NYLL § 195-1

ON BEHALF OF THE PLAINTIFF AND THE NEW YORK CLASS

114. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115. The notice provisions of the Wage Theft Prevention Act, Article 6 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the New York Class.

116. The New York Labor Law, as amended by the Wage Theft Prevention Act [effective April 9, 2011] requires employers to provide to employees, at the time of hiring and on or before February 1st of each year, a notice containing the following information: "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any 'doing business as' names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary." NYLL §195-1.

117. Defendants have failed to comply with the notice provisions of the Wage Theft Prevention Act, and more specifically NYLL §195-1.

118. Due to Defendants' violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendants the sum of $50 per week, up to a total of $2,500 per employee, as provided for by NYLL Article 6, § 198-1-b.

## **FIFTH CAUSE OF ACTION**

FOR WAGE NOTICE VIOLATIONS UNDER NYLL § 195-3

ON BEHALF OF THE PLAINTIFF AND THE NEW YORK CLASS

119. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

120. The provisions of the Wage Theft Prevention Act, Article 6 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

121. The New York Labor Law, as amended by the Wage Theft Prevention Act [effective April 9, 2011] requires employers to "furnish each employee with a statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked. NYLL §195-3.

122. Defendants have failed to comply with the wage statement provisions of the Wage Theft Prevention Act, and more specifically NYLL §195-3.

123. Due to Defendants' violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendants the sum of $100 per week, up to a total of $2,500 per employee, as provided for by NYLL Article 6, § 198-1-d.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

a) That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all individuals formally employed by Exclusive Detailing who cleaned, washed or detailed cars at the Rallye dealerships at any time during the three (3) year period immediately preceding the filing of this complaint and up to the present time.

b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c) Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

d) Unpaid overtime pay and an amount equal to unpaid overtime as liquidated damages under the FLSA;

e) Unpaid overtime pay, spread of hours pay and 100% liquidated damages permitted by law pursuant to the NYLL;

f) Civil damages in the amount of $50 per week per employee for each violation of the notice provisions of the Wage Theft Prevention Act, up to a total of $2,500.00 per employee.

g) Civil damages in the amount of $100 per week per employee for each violation of the wage statement provisions of the Wage Theft Prevention Act, up to a total of $2,500.00 per employee.

h) An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

i) Reasonable attorneys' fees and costs of the action; and

j) Such other relief as this Court shall deem just and proper.

Dated: Glen Cove, New York
September 10, 2015

Respectfully Submitted,

STEVEN J. MOSER, P.C.

_____
Steven John Moser
3 School Street, Suite 207B
Glen Cove, New York 11542
(516) 671-1150 • F (516) 882-5420
smoser@moseremploymentlaw.com