UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAUL SIANCAS individually and on behalf of all others similarly situated,<br><br>                             Plaintiffs,<br><br>- against -<br><br>Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, Rallye Westbury, LLC, and Exclusive Detailing, Inc., Michael Agolia, and Lisa Agolia,<br><br>                             Defendants. | **ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Case No. 14-CV-6151 (JS) (SIL) |

Defendants, Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Leasing, Inc., Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, Rallye Westbury, LLC (collectively, the "Rallye Defendants"), by and through their attorneys, Bond, Schoeneck & King PLLC, as and for their Answer to Plaintiff's First Amended Complaint (the "Amended Complaint"), state as follows:

1. Deny each and every allegation contained in Paragraph 1 of the Amended Complaint, except admit that Plaintiff and/or the putative class members purport to proceed under the statutes cited therein.

2. Deny each and every allegation contained in Paragraph 2 of the Amended Complaint, except admit that Plaintiff and/or the putative class members purport to proceed under the statutes cited therein.

3. Admit the allegations contained in Paragraph 3 of the Amended Complaint.

4. Admit the allegations contained in Paragraph 4 of the Amended Complaint.

5. Deny each and every allegation contained in Paragraph 5 of the Amended Complaint, except admit that venue is proper.

6. Deny each and every allegation contained in Paragraph 6 of the Amended Complaint, including all subparagraphs therein, except admit that Plaintiff and/or the putative class members purport to proceed under the statutes cited therein.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8. Deny each and every allegation contained in Paragraph 8 of the Amended Complaint, except admit that Rallye Motors, LLC; Rallye Glen Cove, LLC; Rallye Northern, LLC; Rallye Roslyn, LLC; and Rallye Westbury, LLC operate automobile dealerships.

9. Deny each and every allegation contained in Paragraph 9 of the Amended Complaint, except admit that Rallye BMW is located at 1 Brush Hollow Road, Westbury, New York 11590.

10. Deny each and every allegation contained in Paragraph 10 of the Amended Complaint, except admit that Rallye Motors is located at 1600 Northern Blvd., Roslyn, New York, 11576.

11. Deny each and every allegation contained in Paragraph 11 of the Amended Complaint, except admit that Rallye Acura is located at 1750 Northern Blvd., Roslyn, New York 11576.

12. Deny each and every allegation contained in Paragraph 12 of the Amended Complaint, except admit that Rallye Lexus is located at 20 Cedar Swamp Road, Glen Cove New York 11542.

13. Deny each and every allegation contained in Paragraph 13 of the Amended Complaint, except admit that the website referenced therein, www.rallye.com, states "Rallye is the largest luxury dealership group on Long Island."

14. Admit the allegations contained in Paragraph 14 of the Amended Complaint.

15. Admit the allegations contained in Paragraph 15 of the Amended Complaint.

16. Admit the allegations contained in Paragraph 16 of the Amended Complaint.

17. Admit the allegations contained in Paragraph 17 of the Amended Complaint.

18. Admit the allegations contained in Paragraph 18 of the Amended Complaint.

19. Admit the allegations contained in Paragraph 19 of the Amended Complaint.

20. Admit the allegations contained in Paragraph 20 of the Amended Complaint.

21. Admit the allegations contained in Paragraph 21 of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23. Deny each and every allegation contained in Paragraph 23 of the Amended Complaint, except admit that Rallye Motors LLC has been party to a services contract with Exclusive Detailing Inc. ("Exclusive"), and pursuant to the services contract between Rallye Motors LLC and Exclusive, Exclusive prepared and detailed new and pre-owned vehicles for Rallye Motors LLC, and Exclusive provided such services at the 1 Brush Hollow Road, Westbury, New York 11590.

24. Deny each and every allegation contained in Paragraph 24 of the Amended Complaint, except admit that the pursuant to the services contract between Rallye Motors LLC and Exclusive, Exclusive prepared and detailed new and pre-owned vehicles for Rallye Motors LLC, and Exclusive provided such services at the 1600 Northern Blvd., Roslyn, New York 11576 location.

25. Deny each and every allegation contained in Paragraph 25 of the Amended Complaint, except admit that the pursuant to the services contract between Rallye Motors LLC and Exclusive, Exclusive prepared and detailed new and pre-owned vehicles for Rallye Motors LLC, and Exclusive provided such services at the 1750 Northern Blvd., Roslyn, New York 11576 location.

26. Deny each and every allegation contained in Paragraph 26 of the Amended Complaint, except admit that the pursuant to the services contract between Rallye Motors LLC and Exclusive, Exclusive prepared and detailed new and pre-owned vehicles for Rallye Motors LLC, and Exclusive provided such services at the 20 Cedar Swamp Road, Glen Cove, New York location.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint, and separately aver that Plaintiff and/or the putative class members were not employees of the Rallye Defendants.

36. Deny each and every allegation contained in Paragraph 36 of the Amended Complaint, and respectfully refer all questions of law to the Court.

37. Deny each and every allegation contained in Paragraph 37 of the Amended Complaint, and separately aver that Plaintiff and/or the putative class members were not employees of the Rallye Defendants.

38. Deny each and every allegation contained in Paragraph 38 of the Amended Complaint.

39. Deny each and every allegation contained in Paragraph 39 of the Amended Complaint.

40. Deny each and every allegation contained in Paragraph 40 of the Amended Complaint.

41. Admit the allegations contained in Paragraph 41 of the Amended Complaint.

42. Admit the allegations contained in Paragraph 42 of the Amended Complaint.

43. Admit the allegations contained in Paragraph 43 of the Amended Complaint.

44. Admit the allegations contained in Paragraph 44 of the Amended Complaint.

45. Deny each and every allegation contained in Paragraph 45 of the Amended Complaint.

46. Deny each and every allegation contained in Paragraph 46 of the Amended Complaint.

47. Deny each and every allegation contained in Paragraph 47 of the Amended Complaint.

48. Admit the allegations contained in Paragraph 48 of the Amended Complaint.

49. Deny each and every allegation contained in Paragraph 49 of the Amended Complaint.

50. Deny each and every allegation contained in Paragraph 50 of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint.

52. Deny each and every allegation contained in Paragraph 52 of the Amended Complaint.

53. Deny each and every allegation contained in Paragraph 53 of the Amended Complaint.

54. Deny each and every allegation contained in Paragraph 54 of the Amended Complaint, and respectfully refer all questions of law to the Court.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint, and respectfully refer all questions of law to the Court.

59. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint, and respectfully refer all questions of law to the Court.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended Complaint, except admit that Plaintiff and/or the putative class members purport to proceed under the statutes cited therein.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Complaint.

66. Deny each and every allegation contained in Paragraph 66 of the Amended Complaint, and respectfully refer all questions of law to the Court Complaint.

67. Deny each and every allegation contained in Paragraph 67 of the Amended Complaint.

68. Deny each and every allegation contained in Paragraph 68 of the Amended Complaint as alleged against the Rallye Defendants, and respectfully refer all questions of

law to the Court, and separately deny knowledge and information sufficient to form a belief as to the truth of the allegations as alleged against Exclusive, Michael Agolia, and Lisa Agolia.

69. Deny each and every allegation contained in Paragraph 69 of the Amended Complaint, and respectfully refer all questions of law to the Court.

70. Deny each and every allegation contained in Paragraph 70 of the Amended Complaint as alleged against the Rallye Defendants, and respectfully refer all questions of law to the Court, and separately deny knowledge and information sufficient to form a belief as to the truth of the allegations as alleged against Exclusive, Michael Agolia, and Lisa Agolia.

71. Deny each and every allegation contained in Paragraph 71 of the Amended Complaint, and respectfully refer all questions of law to the Court.

72. Deny each and every allegation contained in Paragraph 72 of the Amended Complaint, and respectfully refer all questions of law to the Court.

73. Deny each and every allegation contained in Paragraph 56 of the Amended Complaint as alleged against the Rallye Defendants, and respectfully refer all questions of law to the Court, and separately deny knowledge and information sufficient to form a belief as to the truth of the allegations as alleged against Exclusive, Michael Agolia, and Lisa Agolia.

74. Deny each and every allegation contained in Paragraph 74 of the Amended Complaint, except admit that, upon information and belief, Plaintiff and/or the putative class members were employed by Exclusive and/or Michael Agolia and/or Lisa Agolia, and purport to proceed on the statutes cited therein.

75. Deny each and every allegation contained in Paragraph 75 of the Amended Complaint as alleged against the Rallye Defendants, and respectfully refer all questions of law to the Court.

76. Deny each and every allegation contained in Paragraph 76 of the Amended Complaint, except admit that Plaintiff was assigned, by Exclusive, to perform services for the Rallye Defendants, and Plaintiff performed such services at the Rallye dealership located at 1600 Northern Blvd., Roslyn, New York 11576.

77. Deny each and every allegation contained in Paragraph 77 of the Amended Complaint, except admit that, during the period of time that Plaintiff was assigned, by Exclusive, to perform services for the Rallye Defendants, and Plaintiff performed such services at the Rallye dealership located at 1600 Northern Blvd., Roslyn, New York 11576.

78. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint.

79. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Amended Complaint.

80. Deny each and every allegation contained in Paragraph 80 of the Amended Complaint.

81. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint.

82. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Amended Complaint, and respectfully refer all questions of law to the Court.

83. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Amended Complaint.

84. Deny each and every allegation contained in Paragraph 84 of the Amended Complaint as alleged against the Rallye Defendants, and separately aver that the Rallye Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Amended Complaint as alleged against Exclusive, Michael Agolia, and Lisa Agolia.

85. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Amended Complaint.

86. Deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint.

87. With respect to Paragraph 87 of the Amended Complaint, the Rallye Defendants repeat and re-allege the responses provided to Paragraphs 1 through 86, inclusive, of the Amended Complaint.

88. Deny each and every allegation contained in Paragraph 88 of the Amended Complaint.

89. Deny each and every allegation contained in Paragraph 89 of the Amended Complaint.

90. Deny each and every allegation contained in Paragraph 90 of the Amended Complaint.

91. Deny each and every allegation contained in Paragraph 91 of the Amended Complaint and expressly deny that the Rallye Defendants employed Plaintiff and/or other members of the putative class.

92. Deny each and every allegation contained in Paragraph 92 of the Amended Complaint.

93. Deny each and every allegation contained in Paragraph 93 of the Amended Complaint.

94. Deny each and every allegation contained in Paragraph 94 of the Amended Complaint.

95. Deny each and every allegation contained in Paragraph 95 of the Amended Complaint.

96. Deny each and every allegation contained in Paragraph 96 of the Amended Complaint.

97. Deny each and every allegation contained in Paragraph 97 of the Amended Complaint.

98. Deny each and every allegation contained in Paragraph 98 of the Amended Complaint.

99. Deny each and every allegation contained in Paragraph 99 of the Amended Complaint.

100. Deny each and every allegation contained in Paragraph 100 of the Amended Complaint.

101. With respect to Paragraph 101 of the Amended Complaint, the Rallye Defendants repeat and re-allege the responses provided to Paragraphs 1 through 100, inclusive, of the Amended Complaint.

102. Deny each and every allegation contained in Paragraph 102 of the Amended Complaint.

103. Deny each and every allegation contained in Paragraph 103 of the Amended Complaint.

104. Deny each and every allegation contained in Paragraph 104 of the Amended Complaint.

105. Deny each and every allegation contained in Paragraph 105 of the Amended Complaint.

106. Deny each and every allegation contained in Paragraph 106 of the Amended Complaint.

107. Deny each and every allegation contained in Paragraph 107 of the Amended Complaint.

108. Deny each and every allegation contained in Paragraph 108 of the Amended Complaint.

109. Deny each and every allegation contained in Paragraph 109 of the Amended Complaint.

110. With respect to Paragraph 110 of the Amended Complaint, the Rallye Defendants repeat and re-allege the responses provided to Paragraphs 1 through 109, inclusive, of the Amended Complaint.

111. Deny each and every allegation contained in Paragraph 111 of the Amended Complaint.

112. Deny each and every allegation contained in Paragraph 112 of the Amended Complaint.

113. Deny each and every allegation contained in Paragraph 113 of the Amended Complaint.

114. With respect to Paragraph 114 of the Amended Complaint, the Rallye Defendants repeat and re-allege the responses provided to Paragraphs 1 through 113, inclusive, of the Amended Complaint.

115. Deny each and every allegation contained in Paragraph 115 of the Amended Complaint.

116. Deny each and every allegation contained in Paragraph 116 of the Amended Complaint.

117. Deny each and every allegation contained in Paragraph 117 of the Amended Complaint.

118. Deny each and every allegation contained in Paragraph 118 of the Amended Complaint.

119. With respect to Paragraph 119 of the Amended Complaint, the Rallye Defendants repeat and re-allege the responses provided to Paragraphs 1 through 118, inclusive, of the Amended Complaint.

120. Deny each and every allegation contained in Paragraph 120 of the Amended Complaint.

121. Deny each and every allegation contained in Paragraph 121 of the Amended Complaint.

122. Deny each and every allegation contained in Paragraph 122 of the Amended Complaint.

123. Deny each and every allegation contained in Paragraph 123 of the Amended Complaint.

## ANSWERING THE WHEREFORE CLAUSE

124. Deny each and every allegation contained in the "Wherefore" clause, inclusive of each and every subparagraph set forth in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on the Rallye Defendants, the Rallye Defendants asserts the following defenses:

### FIRST DEFENSE

125. The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

126. The Amended Complaint is barred, in whole or in part, by the equitable doctrine of laches and/or acquiescence.

### THIRD DEFENSE

127. The Amended Complaint in barred, in whole or in part, by the equitable doctrine of waiver.

### FOURTH DEFENSE

128. The Amended Complaint is barred, in whole or in part, by the doctrine of res judicata and the equitable doctrine of estoppel.

### FIFTH DEFENSE

129. The Rallye Defendants allege that some or all of the claims asserted in the Amended Complaint may be barred by the equitable doctrine of unclean hands and/or after-acquired evidence, or in the alternative these doctrines cut off or reduce Plaintiff's and/or other putative class members' damages.

**SIXTH DEFENSE**

130. The Amended Complaint is barred, in whole or in part, buy the applicable statute(s) of limitation.

**SEVENTH DEFENSE**

131. Plaintiff and/or the putative class members were not employees of the Rallye Defendants.

**EIGHTH DEFENSE**

132. Should it be determined that Plaintiff and/or the putative class members have been damaged, then the Rallye Defendants have not proximately caused any of the damages alleged in the Amended Complaint.

**NINTH DEFENSE**

133. Plaintiff and/or putative class members cannot satisfy the requirements for a class or collective action under federal or state law.

**TENTH DEFENSE**

134. The Amended Complaint is barred, in whole or in part, to the extent that Plaintiff lacks standing to raise some or all of the claims of the alleged classes of persons whom Plaintiff purports to represent.

**ELEVENTH DEFENSE**

135. The Court should decline to exercise supplemental jurisdiction over Plaintiff's and the putative class members' New York State Labor Law claims.

**TWELFTH DEFENSE**

136. Any act(s) and/or omission(s) on the part of the Rallye Defendants which may be found to be in violation of the rights afforded by federal law were not willful but occurred in

good faith with reasonable grounds for believing that it was in full compliance with federal law.

## **THIRTEENTH DEFENSE**

137. The Amended Complaint fails to allege facts sufficient to justify injunctive or other equitable relief because Plaintiff and/or the putative class members have an adequate remedy at law for their claims.

## **FOURTEENTH DEFENSE**

138. Adjudication of Plaintiff's claims on a class-wide basis would violate the Rallye Defendants right to due process.

## **FIFTEENTH DEFENSE**

139. Plaintiff and the putative class members lack standing to bring their claims as to all or a portion of the claims alleged in the Amended Complaint.

## **SIXTEENTH DEFENSE**

140. This suit may not be properly maintained as a class action because (1) Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate or superior method for the fair and efficient adjudication of the claims described in the Amended Complaint; (3) common issues or fact or law do not predominate, but to the contrary, individual issues predominate the Amended Complaint; (4) Plaintiff's claims and defenses are not representative or typical of the claims and defenses of the putative class; (5) Plaintiff is not a proper class representative; (6) the named plaintiff and alleged putative class counsel are not fair and adequate representatives of the alleged putative class; (7) Plaintiff cannot satisfy any of the requirements for class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the alleged putative

class members; and (9) the alleged putative class is not ascertainable, nor are its members identifiable or, in the alternative, the alleged putative class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

## SEVENTEENTH DEFENSE

141. Plaintiff has not satisfied all of the pre-requisites and conditions precedent to maintaining a class action.

## EIGHTEENTH DEFENSE

142. The Rallye Defendants were not unjustly enriched.

## NINETEENTH DEFENSE

143. Plaintiff and/or the putative class members may not recover liquidated damages because (1) the Rallye Defendants acted at all times in good faith and did not commit any willful violation of the Fair Labor Standards Act or any other applicable laws; (2) the Rallye Defendants did not authorize or ratify any such allegedly willful violation; (3) Plaintiff has failed to state facts sufficient to support an award of such alleged damages against the Rallye Defendants.

## TWENTIETH DEFENSE

144. The claims or Plaintiff and/or the putative class members are barred, in whole or in part, because Plaintiff and/or the putative class members consented to the pay system that is the subject of the Amended Complaint.

## TWENTY-FIRST DEFENSE

145. Plaintiff and the putative class members have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Amended Complaint, if any.

## TWENTY-SECOND DEFENSE

146. The Rallye Defendants have insufficient knowledge or information on which to form a belief as to whether they have any additional, as yet unstated, defenses available. Defendants reserve the right to assert additional affirmative defenses.

**WHEREFORE**, Defendants demand judgment dismissing the Amended Complaint in its entirety, with prejudice, together with costs, fees (including attorneys' fees) and disbursements incurred in defending this action and such other and further relief as the Court deems appropriate.

Dated: December 5, 2022
**BOND, SCHOENECK & KING, PLLC**

By: /s/ James E. McGrath
James E. McGrath, III
600 Third Avenue, 22nd Floor
New York, New York 10016-1915
Telephone: (646) 253-2300
jmcgrath@bsk.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the undersigned, a member of the Bar of the State of New York and of this Court, caused a true and accurate copy of the foregoing Answer to Amended Complaint to be filed with the Clerk of the District Court using the ECF system, which sent notification of such filing to the following:

>Steven John Moser, Esq.
>Steven J. Moser, P.C.
>3 School Street, Suite 207B
>Glen Cove, New York 11542
>smoser@mosteremploymentlaw.com
>
>*Attorney for Plaintiff Raul Siancas*
>
>
>Michael K. Chong, Esq.
>Law Offices of Michael K. Chong, LLC
>1250 Broadway, 36th Floor, Suite 300
>New York, New York 10001
>
>*Attorney for Defendant Exclusive Detailing, Inc.*

                         *s/ James E. McGrath, Esq.*
                         James E. McGrath, III