

**MOSER LAW FIRM, PC**

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 19, 2024

**VIA ECF**

Hon. Steven I. Locke, USMJ
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Siancas v Rallye Motors, LLC, et al,* Case No. 14-cv-06151(JS)(SIL)
             Motion for Approval of Proposed FLSA Settlement

Dear Judge Locke:

    With this letter, the Plaintiffs request that the Court evaluate the fairness of the terms of a proposed FLSA Settlement Agreement, a copy of which is annexed hereto as Exhibit 1. The Rallye Defendants join in this request.

    **Procedural History**. A detailed history of this case is found on the Court's docket, which contains 168 documents and 211 entries covering a ten year period. This action was commenced on October 21, 2014 (ECF No. 1). The action was styled as a collective under 29 U.S.C. § 216(b) and a class action under FRCP Rule 23 to recover overtime wages on behalf of Raul Siancas and a group of workers who were employed by Exclusive Detailing, Inc. ("Exclusive") and washed and detailed cars at Rallye Motors, LLC, Rallye Motors Holding LLC, Rallye Glen Cove, LLC, Rallye Northern, LLC, Rallye Roslyn, LLC, Rallye Roslyn Holding, LLC, and Rallye Westbury, LLC ("Rallye Dealerships").

    The Rallye Dealerships answered on February 5, 2015 (ECF No. 43). Exclusive Detailing, Inc. answered on February 13, 2015 (ECF No. 47). Plaintiff moved to strike certain affirmative defenses asserted by Rallye on February 26, 2015 ( ECF No. 48), and similarly moved against Exclusive Detailing's Answer on March 6, 2015 (ECF No. 54). The motions were resolved by stipulation. (ECF Nos. 53 & 61). Pursuant to this Court's April 8, 2015 Order, Exclusive filed an Amended Answer to the Complaint on April 27, 2015 (ECF No. 74), and the Rallye Defendants filed an Amended Answer to the Complaint on May 6, 2015 (ECF NO. 76).

    Following conditional certification of the Plaintiffs' FLSA Claims on May 20, 2015 (ECF No. 80), the following additional plaintiffs filed consent forms:

    Billy Odria (ECF No. 81)
    Jose Alexander Rivera Rapalo (ECF No. 82)
    Edilberto Munguia Ortiz (ECF No. 83)
    Orlin Maldonado (ECF No. 84)
    Rossebel Lobo Rivera (ECF No. 85)

Hon. Steven I. Locke, USMJ  **MOSER LAW FIRM, PC** 
Re:   Motion for Approval of FLSA Settlement, *Siancas v Rallye Motors, LLC*
July 19, 2024
Page 2

On September 25, 2015, Plaintiffs filed a motion to amend the complaint to, inter alia, add Michael Agolia and Lisa Agolia, the alleged principals of Exclusive, as individual defendants. *See* ECF Nos. 99-100. On April 4, 2016, Exclusive advised the Court that it would be filing for bankruptcy. *See* ECF No. 124. On May 5, 2016, Michael Agolia and Lisa Agolia also advised the Court that they had filed a bankruptcy petition in the District of New Jersey. *See In re Agolia,* 16-bk-13291; ECF No. 126. On May 9, 2016, Exclusive filed its bankruptcy petition in the District of New Jersey. *See In re Exclusive Detailing, Inc.,* 16-bk-19065; ECF No. 128.

On May 17, 2016, the Court stayed the action pending resolution of the bankruptcy proceedings and denied Plaintiff's motion to amend the complaint without prejudice. *See* ECF No. 129. On June 12, 2019, the bankruptcy case filed by Michael Agolia and Lisa Agolia a/k/a/ Lisa Rossi was dismissed and any discharge was vacated. A copy of the Order and Notice of Order Dismissing Case were furnished to the Court on August 12, 2021. *See* ECF No. 133-1.

On November 1, 2021 the Court dismissed the claims against Exclusive Detailing, Inc. without prejudice and lifted the bankruptcy stay. ECF No. 134. On March 28, 2022 Plaintiffs filed a motion to amend the complaint, which was granted on October 13, 2022. See ECF Nos. 136-138 & 142. The amended complaint was filed on November 14, 2022. On October 25, 2023 the Court referred the matter to mediation.

On December 18, 2023 the parties participated in a mediation with Ira Cure, Esq., a member of the EDNY mediation panel, during which the parties, with the assistance of a highly qualified mediator, reached a tentative settlement in the total amount of $160,000.00, inclusive of attorneys' fees and costs, with the Rallye Defendants.

On May 8, 2024 the Court granted Plaintiffs' counsels motion to withdraw as attorney for Orlin Maldonado (ECF No. 158), and on June 25, 2024 the Court dismissed Mr. Maldonado's claims for failure to prosecute (ECF No. 165). Also, on May 21, 2024 Plaintiff Edilberto Munguia Ortiz filed a withdrawal of his claims, with prejudice, against the Defendants. The following Plaintiffs remain in this action:

Raul Siancas (ECF No. 1)
Billy Joel Odria (ECF No. 81)
Jose Alexander Rivera Rapalo (ECF No. 82)
Rossebel Lobo Rivera (ECF No. 85)

**The Settlement Amount is Reasonable in Light of the Risks of Continued Litigation**

Damages calculations for the Plaintiffs are annexed hereto as Exhibit 2. The damage calculations, based upon the representations of the Plaintiffs and verified through a review of the records contained in the file, show that the Plaintiffs are entitled to damages as follows:

| | |
|---|---|
| Raul Siancas | $26,233.85 |
| Billy Joel Odria | $14,328.00 |

Hon. Steven I. Locke, USMJ  MOSER LAW FIRM, PC
Re:     Motion for Approval of FLSA Settlement, *Siancas v Rallye Motors, LLC*
July 19, 2024
Page 3

|  |  |
|---|---|
| Jose Alexander Rivera Rapalo | $10,200.00 |
| Rossebel Lobo Rivera | $14,250.00 |

Under the terms of the settlement the Plaintiffs will receive the above amounts. This means that Raul Siancas will receive the full amount of the damages he asserts under the NYLL and the FLSA, and the remaining plaintiffs will receive the full amount of damages they assert under the FLSA (overtime and liquidated damages). In sum, the settlement results in compensation equal to or greater than the total FLSA damages.

Exclusive Detailing, Inc. (EDI) is defunct, and there is a real risk that any judgment against the owners of EDI – Michael Agolia and Lisa Agolia – would be uncollectable. The case therefore rests upon the ability of the Plaintiffs to prove that the Rallye Defendants, who never formally employed the Plaintiffs or made any wage payments directly to them, were still "joint employers" liable under the FLSA. In sum, if the Plaintiffs do not prevail in their "joint employer" claims against the Rallye Defendants, they will likely receive nothing. The settlement resolves a case that has been bitterly contested and litigated for more than 10 years and provides full and fair compensation to the Plaintiffs.

**<u>The Attorneys' Fees and Costs are Reasonable</u>**

The attorneys' fees billed are $133,830.00, which amount is computed as follows:[1]

| Name/Biller | Rate | Hours | Total |
|---|---|---|---|
| Paralegal | $100.00 | 184.70 | $ 18,470.00 |
| Shirley Navarro-Losito | $100.00 | 15.10 | $ 1,510.00 |
| Steven Moser | $450.00 | 253.00 | <u>$113,850.00</u> |
|  |  | **Total** | **<u>$133,830.00</u>** |

Under the terms of the settlement attorneys' fees of $89,363.39 will be paid to Plaintiffs' counsel. In other words, attorneys' fees will be reduced by 33%. The effective billing rate for Steven J. Moser will be $300.00 per hour and the effective paralegal billing rate will be $67.00 per hour. These effective hourly rates are reasonable as courts within the Second Circuit have awarded FLSA counsel partner rates of $450 per hour (*Sanchez Flores v. El Bukanitas Inc.*, No. 22-CV-6751-DG-SJB, 2024 U.S. Dist. LEXIS 26206, at *33 (E.D.N.Y. Feb. 14, 2024); *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012)), and the "typical range of awarded hourly rates for legal support staff is $70 to $100." *Id.* Costs of $5,624.76 incurred by Plaintiffs' Counsel will also be reimbursed. *Id.*

Plaintiffs' counsel transitioned from the "PC Law" billing platform to another billing platform in January 2018. When we implemented the new billing platform the total hours in PC Law were inputted as line items into the new system, and a printed billing statement from PC Law

---

[1] Billing records are annexed hereto as Exhibit 3.

Hon. Steven I. Locke, USMJ 
Moser Law Firm, PC
Re:     Motion for Approval of FLSA Settlement, *Siancas v Rallye Motors, LLC*
July 19, 2024
Page 4

as of December 31, 2017 was placed in the file.  In this case, however, our office has moved twice during the pendency of this action.  We have diligently searched for the PC Law printed statement and have been unable to locate same. Considering the intensity of this litigation, especially at its early stages, the total hours invested by attorneys (202.5 hours) and paralegals (162.7 hours) as of January 2018 are fair and reasonable. Moreover, the lack of contemporaneous billing records is not a basis for not awarding fees where there is an explanation for the missing records.  For example, in *Frommert v. Conkright*, 223 F. Supp. 3d 140, 154 (W.D.N.Y. 2016), the Court awarded $641,900 in attorneys' fees based on 1604.75 hours at $400 per hour (a 50% reduction in the original amount sought), where the attorney had died and his contemporaneous billing records could not be found.

Also, it is now well settled that it is appropriate for the amount of counsel's fee award to be greater than Plaintiff's recovery of unpaid wages. "In FLSA cases, like other discrimination or civil rights cases, the attorneys' fees need not be proportional to the damages plaintiff recovers, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.,* 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011).  In *Fisher v. SD Prot. Inc.,* 948 F.3d 593, 602-03 (2d Cir. 2020) the Second Circuit explicitly stated that "[n]either the text nor the purpose of the FLSA [. . .] supports imposing a proportionality limit on recoverable attorneys' fees. . .In the context of analogous civil rights legislation, we have long held -- and we reiterate today – that a fee may not be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 604 (compiling cases; internal citations omitted). "The Supreme Court, [the Second Circuit], and district courts in [the Second] Circuit have long recognized the significance of attorneys' fees in civil rights cases and have not hesitated to award or approve disproportionate fees to counsel." *Fisher*, 948 F.3d at 604.

Under the unique circumstances of this case, the fee is reasonable.  Plaintiffs' counsel has represented the Plaintiffs for more than 10 years without any compensation whatsoever, and assumed the risk of pursuing the case on the Plaintiffs' behalf and investing resources and money without the guaranty of any payment.

### The Non-Monetary Terms of the Settlement are Fair

The proposed settlement does not contain any non-monetary provisions which the Second Circuit found objectionable in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), such as a confidentiality provision or an overbroad release.

### Conclusion

For the foregoing reasons, the Parties jointly request that the Court review the fairness of the proposed FLSA settlement. If the Court finds that the settlement is fair, the parties request that the case be dismissed with prejudice. A proposed so-ordered stipulation of dismissal with prejudice is annexed as Exhibit 4.

Hon. Steven I. Locke, USMJ                                                    MOSER LAW FIRM, PC
Re:     Motion for Approval of FLSA Settlement, *Siancas v Rallye Motors, LLC*
July 19, 2024
Page 5

                                                                      Respectfully Submitted,

                                                                      *Steven J. Moser*

                                                                      Steven J. Moser

CC:     All counsel of record via ECF

Encl.