## AGREEMENT AND RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding by, between and among **RAUL SIANCAS, BILLY ODRIA, JOSE ALEXANDER RIVERA RAPALO** and **ROSSEBEL LOBO RIVERA** (hereinafter referred to as "Plaintiffs") and **RALLYE MOTORS, LLC, RALLYE MOTORS HOLDING LLC, RALLYE GLEN COVE, LLC, RALLYE NORTHERN, LLC, RALLYE ROSYLN, LLC, RALLYE ROSLYN HOLDING, LLC and RALLYE WESTBURY, LLC** (hereinafter collectively referred to as "the Rallye Defendants"), regarding Plaintiffs' employment and the settlement of any and all wage-and-hour related claims Plaintiffs had, have or may have against the Rallye Defendants.

**WHEREAS**, Raul Siancas commenced an action against the Rallye Defendants, and others, in the United States District Court for the Eastern District of New York (the "Court") bearing Docket No. 2:14-cv-06151-JS-SIL, and other persons having opted to become plaintiffs herein, and the complaint which commenced that action having been amended, seeking and alleging wage and hour violations under the federal Fair Labor Standards Act and under the New York Labor Law (the "Action"); and

**WHEREAS,** the Rallye Defendants have denied and continue to deny that they employed Plaintiffs or are responsible for any wages that were or are due and owing to Plaintiffs; and

**WHEREAS**, the Rallye Defendants do not admit any violation of law or any liability to Plaintiffs; and

**WHEREAS,** Plaintiffs and the Rallye Defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the Rallye Defendants and Plaintiffs, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

In lieu of incurring further litigation costs associated with prosecuting and defending this action and the risks associated with such litigation, and in consideration for Plaintiff's execution of this Agreement, which includes a release, Defendants agree to the following payment terms:

a. Within 10 days after receipt of notice of the filing of the Stipulation and Order of Dismissal with Prejudice, a copy of which is appended hereto as Exhibit A, the Rallye Defendants shall cause Plaintiffs to be paid the gross sum of One Hundred Sixty Thousand Dollars and Zero Cents ($160,000.00), inclusive of attorneys' fees and costs ("Settlement Funds"), payable as follows:

i. Checks drawn to the order of Plaintiffs as follows. It is understood that there shall be no withholding from such checks but, Plaintiffs will be issued an IRS Form 1099 for the monies they receive.

      a. Raul Siancas: $26,233.85

      b. Billy Joel Odria: $14,328.00

      c. Jose Alexander Rivera Rapalo: $10,200.00

      d. Rossebel Lobo Rivera: $14,250.00

ii. A check in the amount of ($94,985.27) payable to the Moser Law Firm, PC, representing full satisfaction of any and all claims asserted in the Action or related to attorneys' fees and costs. An IRS Form 1099 shall be issued to the Moser Law Firm, P.C. in such amount.

**2.   Stipulation of Dismissal**

Plaintiffs shall file a fully-executed Stipulation and Order of Dismissal With Prejudice ("Stipulation of Dismissal") of the Action, in the form appended hereto as exhibit A upon the Court's approval of this Settlement Agreement.

**3.   Settlement of Claims**

Except as otherwise stated, upon execution of this Agreement, all claims brought under the Complaint (SDNY **Docket No.: 21-CV-6383**) by Plaintiffs against the Rallye Defendants, including claims for wages, liquidated damages, retaliation and attorneys' fees and without admission that Plaintiffs have established that any such claims have any merit or that Plaintiffs have incurred any damages, shall be deemed settled, satisfied and resolved.

**4.   Non-Admission**

This Agreement does not constitute an admission that the Rallye Defendants have violated any law, committed any tort, or breached or committed any wrongdoing whatsoever, and Plaintiffs expressly acknowledge that the Rallye Defendants continue to deny any wrongdoing arising out of Plaintiffs' employment, compensation and/or separation from employment.

**5.   Representations**

Plaintiffs warrant and represent that they have been advised to consult, and has consulted, with his attorney before signing this Agreement. Plaintiffs represent that they have not, in the six-year period immediately preceding their execution of this Agreement, performed work for or on the premises of the Rallye Defendants.

**6.   Release**

In consideration of the payments to be provided by the Rallye Defendants as described in the Agreement, Plaintiffs, for themselves, and for their executors, administrators, successors, and assigns, **HEREBY RELEASE AND FOREVER DISCHARGE**, to the maximum extent permitted by law, the Rallye Defendants, any insurers of the Rallye Defendants, and its and their respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors, and

assigns; the current and former officers, owners, directors, employees, trustees, and agents of each, whether as individuals or in their official capacity; and the successors, assigns, attorneys, and current and former officers, owners, directors, employees, trustees, and agents of each, whether as individuals or in their official capacity, from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, expenses (including attorneys' fees and costs), executions, claims, and demands whatsoever at law or in equity ("Claims"), that were alleged in the Action, specifically including without limitation the federal Fair Labor Standards Act and the New York Labor Law, and the regulations promulgated under each of them, concerning unpaid wages, record-keeping violations, and failure to provide proper wage statements and/or wage notices, which Plaintiffs ever had or now has against the Rallye Defendants.

### 7. Attorneys' Fees

Except as otherwise stated, the parties expressly agree to bear their own attorneys' fees, costs, and disbursements incurred in this litigation.  Further, no party shall be responsible or liable for the payment of any attorneys' fees for the other party.

### 8. Jurisdiction

The parties respectfully request the Court to retain jurisdiction to enforce the terms of this settlement until payment of the Settlement Funds identified in Paragraph 1 is made in its entirety or in the event of a default of this Agreement by either party.

### 9. Oral Modifications Prohibited

This Agreement represents the entire agreement between Plaintiffs and the Rallye Defendants with respect to Plaintiffs employment on the premises of the Rallye Defendants.  This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

### 10. Enforcement of the Agreement

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

### 11. Effective Date

This Agreement and Release shall become effective immediately upon execution.

### 12. Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement.

**PLAINTIFFS:**

| | |
|---|---|
| _[signature]_ **ID 719uVM8JmdvxHU134DxYG4Dg** | 7/11/2024 |
| RAUL SIANCAS | Date |
| _Billy odria_ **ID AD3sb4natDCGhjhqsbUnvPLv** | 7/11/2024 |
| BILLY JOEL ODRIA | Date |
| _[signature]_ **ID i2du9Vi9guDzyRb6vhj6VBes** | 7/11/2024 |
| ROSSEBEL LOBO RIVERA | Date |
| _Jose A Rivera_ **ID rPzFcvNqFyUm6TeheDCsd1KG** | 7/11/2024 |
| JOSE ALEXANDER RIVERA RAPALO | Date |

**THE RALLYE DEFENDANTS:**

**RALLYE MOTORS, LLC**
**RALLYE MOTORS HOLDING, LLC**
**RALLYE GLEN COVE, LLC**
**RALLYE NORTHERN, LLC**
**RALLYE ROSLYN, LLC**
**RALLYE ROSLYN HOLDING, LLC**
**RALLYE WESTBURY, LLC**

**By:**

_____

**Title:**

_____

**Date:**

_____

## eSignature Details

| | |
|---|---|
| **Signer ID:** | rPzFcvNqFyUm6TeheDCsd1KG |
| Signed by: | Jose Alexander Rivera Rapalo |
| Sent to email: | josealexanderrivera68@gmail.com |
| IP Address: | 172.58.230.213 |
| Signed at: | Jul 11 2024, 1:16 pm EDT |

| | |
|---|---|
| **Signer ID:** | 719uVM8JmdvxHU134DxYG4Dg |
| Signed by: | Raul Siancas |
| Sent to email: | tauro_raul_26@hotmail.com |
| IP Address: | 166.198.21.72 |
| Signed at: | Jul 11 2024, 3:22 pm EDT |

| | |
|---|---|
| **Signer ID:** | i2du9Vi9guDzyRb6vhj6VBes |
| Signed by: | Rossebel Lobo Rivera |
| Sent to email: | roosevelt539@icloud.com |
| IP Address: | 172.59.211.232 |
| Signed at: | Jul 11 2024, 3:44 pm EDT |

| | |
|---|---|
| **Signer ID:** | AD3sb4natDCGhjhqsbUnvPLv |
| Signed by: | Billy Joel Odria |
| Sent to email: | billyodria@gmail.com |
| IP Address: | 96.239.54.225 |
| Signed at: | Jul 11 2024, 4:33 pm EDT |